# **EXHIBIT 1**

**NEWMARK VALUATION & ADVISORY**

# Mississippi Vacant Land

7051 Interstate 10
Diamondhead, Hancock County, MS 39525

Newmark Job No.: 23-0196873-1
Client Reference: N/A

**Appraisal Report Prepared For:**

Deborah Vitale
President
Mississippi Gaming Corporation
1013 Princess Street
Alexandria, VA  22314

**Prepared By:**

**Newmark Valuation & Advisory**
2015 2nd Ave N, Ste 300
Birmingham, AL 35203





**NEWMARK**

**NEWMARK VALUATION & ADVISORY**

January 5, 2024

Deborah Vitale
*President*
Mississippi Gaming Corporation
1013 Princess Street
Alexandria, VA  22314

RE:   Appraisal of a 397.000-acre tract of vacant Land located at 7051 Interstate 10, in Diamondhead, Hancock County, MS 39525, Prepared By Newmark Valuation & Advisory, LLC (herein "Firm" or "Newmark")

Newmark Job No.: 23-0196873-1
Client Reference:  N/A

Dear Ms. Vitale:

The "Subject Property" is a 397.000-acre tract of vacant land located at 7051 Interstate 10, in Diamondhead, Hancock County, MS 39525, in south side of Interstate 10 and east side of Yacht Club Drive.  The tract is composed of four contiguous parcels and is zoned C-2 (Interstate Commercial/Gaming/Resort), which permits gaming, resort and mixed-uses.

## Key Value Considerations

**Strengths**

- The subject is located along Interstate 10 with adequate visibility and an average traffic count of 51,000 vehicles per day as of 2022 per Mississippi DOT.
- Diamondhead has its own interchange at Exit 16 which is accessible whether traveling east or west on Interstate 10. The Property is located immediately southeast of the interchange at Exit 16.
- A 50-acre portion of the subject is entitled by the Mississippi Gaming Commission for the development of a gaming and resort property.
- The subject tract is the only approved gaming site in Diamondhead and along the interstate between Louisiana and Biloxi, MS, with sufficient area to develop a gaming resort with all modern gambling features.



Newmark Valuation & Advisory
2015 2nd Ave N, Ste 300
Birmingham, AL 35203
www.nmrk.com/valuation

**January 5, 2024**
**DEBORAH VITALE**

---

**Risk Factors**

- To develop the subject's land, the Mississippi Gaming Commission requires proof of financial solvency and the ability to develop and operate a gaming and resort operation.
- The subject is coastal and subject to the threat of hurricanes.
- Topography is mixed with woodland areas, marshland and coastal terrain.

Based on the analysis contained in the following report, the opinion of value for the subject is:

| Value Conclusions | | | | |
|---|---|---|---|---|
| **Appraisal Premise** | | **Interest Appraised** | **Date of Value** | **Value Conclusion** |
| Market Value "As Is" | | Fee Simple | 1/1/2024 | $55,200,000 |
| **Market Value "As Is" of Individual Land Parcels** | | | | |
| Gaming Site 1 | 50.00 Ac | Fee Simple | 1/1/2024 | $50,000,000 |
| Mixed-Use Site 2 | 347.00 Ac | Fee Simple | 1/1/2024 | $5,200,000 |

Compiled by Newmark

**Extraordinary Assumptions**

An extraordinary assumption is defined in USPAP as an assignment-specific assumption as of the effective date regarding uncertain information used in an analysis which, if found to be false, could alter the appraiser's opinions or conclusions. The value conclusions are subject to the following extraordinary assumptions that may affect the assignment results.

1. The property owner provided a Phase I Environmental Site Assessment, prepared by Morgan, Seymour & Associates, in June 1996. The Phase I ESA predates Hurricane Katrina, which was a catastrophic hurricane that devastated the Gulf Coast in August 2005. Specifically, areas of Mississippi were physically changed. As such, the provided Phase I ESA is dated and does not adequately reflect the subject's land condition today. However, we are not qualified to detect the existence of any potentially hazardous materials such as lead paint, asbestos, urea formaldehyde foam insulation, or other potentially hazardous construction materials on or in the subject property. The existence of such substances may affect the value of the property. For the purpose of this assignment, we have specifically assumed that any hazardous materials that would cause a loss in value do not affect the subject.
2. The subject property was inspected on December 9, 2023, however the effective date of valuation is January 1, 2024. The condition of the property as of the effective date is assumed to be similar to that as of the date of the inspection.

The use of these extraordinary assumptions might have affected assignment results.



**January 5, 2024**
**DEBORAH VITALE**

**Hypothetical Conditions**

A hypothetical condition is defined in USPAP as a condition, directly related to a specific assignment, which is contrary to what is known by the appraiser to exist on the effective date of the assignment results, but is used for the purpose of analysis. The value conclusions are based on the following hypothetical conditions that may affect the assignment results.

1. None

The appraisal was developed based on, and this report has been prepared in conformance with the Client's appraisal requirements, the guidelines and recommendations set forth in the Uniform Standards of Professional Appraisal Practice (USPAP), and the requirements of the Code of Professional Ethics and Standards of Professional Appraisal Practice of the Appraisal Institute.



Mississippi Vacant Land

# Certification

We certify that, to the best of our knowledge and belief:

1. The statements of fact contained in this report are true and correct.
2. The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are our personal, impartial and unbiased professional analyses, opinions, and conclusions.
3. We have no present or prospective interest in the property that is the subject of this report and no personal interest with respect to the parties involved.
4. We have no bias with respect to the property that is the subject of this report or to the parties involved with this assignment.
5. Our engagement in this assignment was not contingent upon developing or reporting predetermined results.
6. Our compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
7. This appraisal assignment was not based upon a requested minimum valuation, a specific valuation, or the approval of a loan.
8. Our analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice, as well as the requirements of the State of
9. The reported analyses, opinions, and conclusions were developed, and this report has been prepared, in conformity with the Code of Professional Ethics and Standards of Professional Appraisal Practice of the Appraisal Institute.
10. The use of this report is subject to the requirements of the Appraisal Institute relating to review by its duly authorized representatives.
11. As of the date of this report, Franck Malissen, MAI, AI-GRS and Chris Johnson, MAI, SRA, AI-GRS, ASA have completed the continuing education program for Designated Members of the Appraisal Institute.
12. Franck Malissen, MAI, AI-GRS made a personal inspection of the property that is the subject of this report. Chris Johnson, MAI, SRA, AI-GRS, ASA has not personally inspected the subject.
13. No one provided significant real property appraisal assistance to the person(s) signing this certification.
14. The Firm operates as an independent economic entity. Although employees of other service lines or affiliates of the Firm may be contacted as a part of our routine market research investigations, absolute client confidentiality and privacy were maintained at all times with regard to this assignment without conflict of interest.
15. Within this report, "Newmark", "Newmark Valuation & Advisory", "Newmark, Inc.", and similar forms of reference refer only to the appraiser(s) who have signed this certification and any persons noted above as having provided significant real property appraisal assistance to the persons signing this report.



## CERTIFICATION

6

16. Franck Malissen, MAI, AI-GRS has not performed any services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding the agreement to perform this assignment. Chris Johnson, MAI, SRA, AI-GRS, ASA has not performed any services, as an appraiser or in any other capacity, regarding the property that is the subject of this report within the three-year period immediately preceding the agreement to perform this assignment.

*[signature]*

Franck Malissen, MAI, AI-GRS
*Senior Vice President*
State Certified General Appraiser
Mississippi # TG-4603
Telephone: 910-644-3557
Email: franck.malissen@nmrk.com

*[signature]*

Chris Johnson, MAI, SRA, AI-GRS, ASA
*Senior Managing Director*
State Certified General Appraiser
Mississippi # GA-1461
Telephone: 704-299-8250
Email: christopher.johnson@nmrk.com

