# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF DELAWARE

_____

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| DIAMONDHEAD CASINO | ) | |
| CORPORATION, | ) | C. A. No. 24-11354-JKS |
| | ) | |
| ALLEGED DEBTOR. | ) | Chapter 7 |

_____

**BRIEF IN SUPPORT OF MOTION OF THE ALLEGED DEBTOR, DIAMONDHEAD CASINO CORPORATION, TO VACATE THE COURT'S OPINION AND ORDER DATED JULY 30, 2025 AND ORDER DATED JULY 31, 2025 AND DISMISS THE INVOLUNTARY PETITION OR, ALTERNATIVELY, TO ALTER AND AMEND THE OPINION AND ORDERS**

BIGGS & BATTAGLIA

/s/ Robert D. Goldberg
Robert D. Goldberg (Delaware Bar ID #631)
921 N. Orange Street
Wilmington, DE  19899-1489
Telephone: (302) 655-9677
email: Goldberg@batlaw.com
Attorney for Diamondhead Casino
Corporation

Dated: August 13, 2025

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** …………………………………………  1

**NATURE AND STAGE OF PROCEEDINGS** ……………………..  2

**FACTS** ………………………………………………………………...  3

**ARGUMENT** …………………………………………………………..  14

    I.     THE DEBENTURES WERE NON-ASSIGNABLE
           AND NON-TRANSFERABLE ABSENT REGISTRATION
           OR AN OPINION OF COUNSEL ACCEPTABLE TO THE
           COMPANY ……………………………………………………  14

    II.    THIS COURT LACKS JURISDICTION OVER THE
           LARGEST CLAIM FILED BY PETITIONERS HEREIN..    18

    III.   ANY ATTEMPED ASSIGNMENT OF DEBENTURES
           WOULD BE INVALID IN THIS CASE …………………  19

    IV.   THE DEBENTURE REGISTER IS CONTROLLING …….  19

    V.    THE STATUTE OF LIMITATIONS ON THE
           MILLENIUM TRUST COMPANY LLC'S DEBENTURES
           HAS EXPIRED, THUS ANY ASSIGNMENT WOULD BE
           UNENFORCEABLE ………………………………………..  20

    VI.   THE AMOUNT DUE TO PETITIONERS IS SIGNIFICANTLY
           LESS THAN THE AMOUNT CLAIMED …………………  20

    VIII.   REQUEST FOR EVIDENTIARY HEARING …………….  23

**CONCLUSION …**……………………………………………………...  23

# TABLE OF AUTHORITIES

*In re Forever Green Athletic Fields, Inc.*, 500 B.R. 413, 424
    (Bankr. E.D. Pa. 2013) ………………………………………..  18

*Steel Co. v. Citizens for a Better Environment*,
    523 U.S. 83, 94-95 (1998) ………………………………………  18

## **Statutes**

11 U.S.C. §303(b) ………………………………………………..  18

11 U.S. C.§303(i) ………………………………………………….  19

*10 Del. C. § 8106* ……………………………………………….  20

## PRELIMINARY STATEMENT

Diamondhead Casino Corporation ("Debtor"), by and through undersigned counsel, submits this brief in support of its motion to vacate the Opinion (D.I. 42) and Order (D.I. 43) dated July 30, 2025 and Order for Relief dated July 31, 2025 (D.I. 45) and to dismiss the Petition filed against the Debtor pursuant to 11 U.S.C. §§303(b)(1), 303(i) and 305; or, alternatively, to alter and amend the Opinion (D.I. 42) and Order (D.I. 43) dated July 30, 2025, pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9023.

The largest Petitioner herein, J. Steven Emerson as Successor to Steven Emerson Roth IRA, lacks standing under §303(b)(1), is not a Debenture Holder, has never sued the Debtor, is not a judgment creditor, is not a creditor of the Debtor, and had no valid claim when the Petition herein was filed. The Petition was filed in bad faith, warranting dismissal and appropriate relief.

Counsel for the Petitioners and at least four of the Petitioners knew or should have known that the largest Petitioner is not a Debenture Holder, has never sued the Debtor, is not a judgment creditor, is not a creditor of the Debtor, and had no valid claim when the Petition herein was filed. The Debtor seeks to alter and amend this Court's Opinion (D.I. 42) and Order (D.I. 43) dated July 30, 2025 to comport with the foregoing and to correct a manifest error of fact and the resulting conclusions of law on which it rests.

## NATURE AND STAGE OF PROCEEDINGS

On June 12, 2024, the Petitioners filed a Chapter 7 Involuntary Petition against a Non-Individual (Diamondhead Casino Corporation). The Petitioners claimed that they were owed a total of $2,422,500.

On July 18, 2024, the Company filed a Motion of the Alleged Debtor, Diamondhead Casino Corporation, to Dismiss the Involuntary Bankruptcy Petition or, in the Alternative, to Convert the Case to Chapter 11 (hereinafter "Diamondhead's Motion to Dismiss"). The Debtor moved: (i) that the Involuntary Petition for Bankruptcy under Chapter 7 filed herein be dismissed pursuant to Section 303 of the Bankruptcy Code, (ii) to recover fees, costs and damages under Section 303(i) of the Bankruptcy Code; (iii) that the Court abstain from exercising jurisdiction in this matter pursuant to Section 305(a)(1) of the Bankruptcy Code; or, alternatively, (iv) that the case be converted to a Chapter 11. (D.I. 9, p.1)

On September 3, 2024, the Petitioners filed an Answering Brief in Opposition to Diamondhead's Motion to Dismiss. On December 4, 2024 and January 16, 2025, the Court held an evidentiary hearing on Diamondhead's Motion to Dismiss. On February 11, 2025, the Company filed a post-hearing brief in support of its Motion to Dismiss. On March 4, 2025, the Petitioners filed their Answering Brief in opposition to the Motion to Dismiss. On March 14, 2025, the Company filed its Reply Brief.

2

On July 30, 2025, the Court issued its Opinion (D.I. 42) and Order (D.I. 43) denying the Company's Motion to Dismiss the Involuntary Bankruptcy Petition, or in the Alternative, to Convert the Case to Chapter 11.  On July 31, 2025, the Court entered an Order for Relief in an Involuntary Case under Chapter 7 of the Bankruptcy Code granting the Chapter 7 Involuntary Petition. (D.I. 45).

## FACTS

**The Largest Petitioner is Not a Debenture Holder and Has No Valid Claim Against Debtor Herein**

In 2014, the Debtor issued Debentures to thirteen persons and entities pursuant to a Private Placement Memorandum dated February 14, 2014. The Debentures were issued on March 31, 2014 and December 31, 2014 to the following eight Debenture Holders pertinent to this case (Vitale Declaration, ¶8):

1. Edson R. Arneault
2. Kathleen Devlin and James Devlin
3. J. Steven Emerson
4. Emerson Partners
5. **Millenium Trust Company, LLC, Custodian FBO: J. Steven Emerson Roth IRA**
6. Barry Stark and Irene Stark
7. Steven Rothstein
8. Argonaut 2000 Partners, L.P.

No Debentures were issued to the Petitioner herein**,** J. Steven Emerson as Successor to Steven Emerson Roth IRA. (Vitale Declaration ¶11). Two separate Debentures for $230,000 each were issued to the Millenium Trust Company, LLC,

Custodian FBO: J. Steven Emerson Roth IRA (hereinafter the "Millenium Trust Company, **LLC**"). (Vitale Declaration ¶9). These were:

> i) Diamondhead Casino Corporation Amended and Restated First Tranche Collateralized Convertible Senior Debenture in the amount of $230,000 (Exhibit C); and
>
> ii) Diamondhead Casino Corporation Second Tranche Collateralized Convertible Senior Debenture in the amount of $230,000. (Exhibit D)

On August 17, 2016, Jeffrey A. Wurst, who is an attorney for the Petitioners, sent a demand for payment to Diamondhead Casino Corporation. Each of the Debenture Holders on the list above, including the Millenium Trust Company, LLC, was named in the demand. (Vitale Declaration ¶14)(See Exhibit A).

All Debentures issued, including the two issued to Millenium Trust Company, LLC contain restrictive transfer language. The Debentures could "not be offered, sold, **transferred, assigned**, pledged, hypothecated or otherwise disposed of except (1) pursuant to a registration statement with respect to such securities which is effective under the Act or (2) upon receipt from counsel satisfactory to the Company of an opinion, which opinion is satisfactory in form and substance to the Company, to the effect that such securities may be offered, sold, transferred, assigned, pledged, hypothecated or otherwise disposed of (a) pursuant to an available exemption from registration under the Act and (b) in accordance with all applicable state securities and so-called "blue sky laws." (See Exhibits C and D). Millenium Trust Company,

LLC agreed to be bound by these restrictions.(See Exhibits C and D)(Vitale Declaration ¶15, ¶16).

There are two Debentures in the Company's Notes and Debentures Register issued to Millenium Trust Company, LLC. These debentures were never validly assigned to either the J. Steven Emerson Roth IRA or J. Steven Emerson as Successor to Steven Emerson Roth IRA. To this day, the registered record owner is Millenium Trust Company, LLC as Custodian FBO J. Steven Emerson Roth IRA. (Vitale Declaration ¶19, ¶20).

The Company has never received any legal opinion regarding the transfer or assignment of the Millenium Trust Company, LLC Debentures. There is nothing in the Notes and Debentures Register relating to any alleged assignment of the LLC's Debentures. (Vitale Declaration ¶20). There is no Debenture in the Notes and Debentures Register for the Petitioner, "**J. Steven Emerson as Successor to Steven Emerson Roth IRA."** (Vitale Declaration ¶23).  There is no assignment in the Notes and Debentures Register to the Petitioner, "J**. Steven Emerson as Successor to Steven Emerson Roth IRA."**. (Vitale Declaration ¶24). The Petitioner, **J. Steven Emerson as Successor to Steven Emerson Roth IRA,** is not a Debenture Holder and has no valid claim against the Debtor. (Vitale Declaration ¶25).

On April 15, 2025, after discovering that the Debenture Holders in the Company's Notes and Debentures Register did not match up with the identities of

5

the Petitioners named in this case, the Company emailed counsel for the Petitioners and asked for a copy of the Assignment from the Millenium Company, LLC to the Petitioner, J. Steven Emerson as Successor to Steven Emerson Roth IRA**.** (See Exhibit E). The Company received no response to this request.

On May 1, 2025, the Company again requested a copy of the Assignment to the Petitioner, J. Steven Emerson as Successor to Steven Emerson Roth IRA. (See Exhibit F). Yet, again, the Company received no response. (Vitale Declaration ¶¶27, 28, 29, 30, 31).

If there had been a valid Assignment of any debenture, the Company would have received and reviewed an opinion letter from securities counsel attesting to the legality of the assignment. This opinion letter would have been filed with the original Debenture to which it related, together with a copy of any assignment. (Vitale Declaration ¶33).

After receiving no response from counsel for the Petitioners and after discovering that a non-Holder of Debentures had been named as a Petitioner in *this* bankruptcy case, the Debtor then went back to review the federal case filed by certain alleged Debenture Holders in 2016. In doing so, it discovered yet another entity that had no Debenture, the J. Steven Emerson Roth IRA, which had been named as a Plaintiff in that case. (Vitale Declaration ¶34).

**The United States District Court Case**

A federal case was filed on October 25, 2016 to collect the amounts allegedly due under the Debentures. (*Arneault, et al. v. Diamondhead Casino Corporation* (In the United States District Court for the District of Delaware)(C.A. No. 1:16-cv-00989-LPS)(hereinafter "the federal case"). (Vitale Declaration ¶¶36, 37, 38). The court record confirms that the following parties were named as Plaintiffs in the federal case (at D.I. 1, p.1):

1. Edson R. Arneault
2. Kathleen Devlin and James Devlin
3. J. Steven Emerson
4. Emerson Partners
5. **J. Steven Emerson Roth IRA**
6. Barry Stark and Irene Stark
7. Steven Rothstein

The Millenium Trust Company, LLC was <u>not</u> named as a Plaintiff in the federal case. Instead, the **J. Steven Emerson Roth IRA,** was named as a Plaintiff in the federal case. (D.I. 1) (Vitale Declaration ¶38, 39).

On February 12, 2018, long after the federal case had been filed, Mr. Wurst sent a second demand for payment on behalf of the same Debenture Holders named in his August 17, 2016 demand letter. He again named the Millenium Trust Company, LLC as a Debenture Holder**.** He made no reference to the named Plaintiff in the federal case, the **J**. Steven Emerson Roth IRA or to the Petitioner herein, J. Steven Emerson as Successor to Steven Emerson Roth IRA. (See Exhibit B).

7

There is no Debenture in the Company's Notes and Debentures Register for the Plaintiff named as the "J. Steven Emerson Roth **IRA**)(Vitale Declaration ¶41). There is no assignment of a Debenture in the Company's Notes and Debentures Register for the Plaintiff named as the "J. Steven Emerson Roth **IRA.**)(Vitale Declaration ¶43). There is no opinion letter relating to any alleged assignment from the Millenium Trust Company, LLC to the J. Steven Emerson Roth **IRA** in the Company's Notes and Debentures Register. (Vitale Declaration ¶44). This entity, an IRA, is not a Petitioner named in *this* bankruptcy case.

In the federal case, counsel for Plaintiffs made the mistake of pleading "residency" instead of citizenship when filing the case. To cure this failure, Plaintiffs filed an Amended Complaint (Fed. D.I. 2) on September 26, 2017 and a Second Amended Complaint on October 2, 2017. (Fed. D.I. 23) This Court may take judicial notice of the record in that case. The Plaintiffs filed Declarations attesting to their citizenship. As to Millenium Trust Company, LLC, the attorneys quoted the Declaration of J. Steven Emerson in their Answering Brief as follows:

> Prior to the commencement of this action and pursuant to that certain Assignment of Interest ("Assignment") dated **April 19, 2016** the ("Assignment Date"), Millenium assigned and transferred to me all of its right, title and interest in and to the Roth IRA. **A copy of the Assignment is annexed to the Emerson Declaration as Exhibit "A"**. Emphasis added). (Plaintiffs' Answering Brief in Opposition to Defendant's Motion to Dismiss the Complaint)(Fed. D.I. 10, p. 9).

8

Contrary to the above representation made in Plaintiff's Answering Brief, no Assignment was annexed to the Emerson Declaration.

The Emerson Declaration appears in the federal record at D.I. 13. (Declaration of Citizenship in Opposition to Defendant's Motion to Dismiss). The Declarant, J. Steven Emerson, repeats the statement quoted above and states that "[a] copy of the Assignment is annexed hereto as Exhibit "A"." (Fed. D.I. 13, p. 2, ¶10) Yet, again, contrary to the Declarant's representation, a review of the court record will confirm that no copy of an alleged Assignment was annexed to the Emerson Declaration as Exhibit A.

In their Second Amended Complaint, filed on October 2, 2017, the Plaintiffs state:

> Prior to the commencement of this action and pursuant to that certain Assignment of Interest ("Assignment") dated April 19, 2016 the ("Assignment Date"), Millenium assigned and transferred to **J. Steven Emerson**[1] all of its right, title and interest in and to the Roth IRA. Since the Assignment Date, J. Steven Emerson is the sole Assignee and beneficial holder of the Roth IRA and its assets. (Emphasis added.)(Fed. D.I. 23, p. 3, ¶13).

In its Answer, the Defendant stated that the Defendant was without information sufficient to admit or deny the allegations of Paragraph 13. (D.I. 25, p.3, ¶13).

---

[1] This statement suggesting that there was an assignment to an *individual* is internally inconsistent with the identity of the party listed as the Plaintiff, the J. Steven Emerson Roth **IRA** and is inconsistent with the demand letter sent by Mr. Wurst dated February 12, 2018.

In the federal case, counsel for Plaintiffs allegedly attached copies of all of the Plaintiff's Debentures as exhibits to the Complaint filed therein with one notable exception. There was no Debenture attached for the Plaintiff, the J. Steven Emerson Roth **IRA.** (See Fed. D.I. 1, pp. 6-139 and D.I. 3, pp. 2-23). This is understandable since it does not exist. On the other hand, however, counsel did attach the two Debentures issued to Millenium Trust Company, **LLC** to the Complaint (Fed. D.I., pp. 95-116).

Likewise, counsel for Plaintiffs allegedly attached copies of all of the Plaintiff's Debentures as exhibits to the Second Amended Complaint filed on October 2, 2017. Again, there was no Debenture attached for the named Plaintiff, the J. Steven Emerson Roth **IRA** (See Fed. D.I. 23).  Yet again, however, counsel did attach the two Debentures issued to Millenium Trust Company, **LLC**. (See Fed. D.I. 23, pp. 351-372.)

**The Petitioner Herein Has No Judgment Against the Debtor**

a) **The Millenium Trust Company**

The Millenium Trust Company, LLC was <u>not</u> named as a party in the federal case. The Millenium Trust Company, LLC has never sued the Debtor. The Millenium Trust Company, LLC has no judgment against the Debtor. The Millenium Trust Company, LLC is not named as a Petitioner in *this* bankruptcy case.

b) **The J. Steven Emerson Roth IRA**

An alleged assignee of Millenium Trust Company, LLC, the J. Steven Emerson Roth **IRA**, *was* named as a Plaintiff in the federal case. (Fed. D.I. 1) The Debtor consented to entry of a Consent Judgment in the federal case (Fed. D.I. 75, pp. 1-11)(Joint Exhibit 53) with the named Plaintiffs therein, which included the J. Steven Emerson Roth **IRA.** Thus, this entity, an **IRA,** *does* have a judgment against the Debtor. However, this <u>entity</u>, an ***IRA***, is <u>not</u> a Petitioner in *this* bankruptcy case. In addition, this entity has no valid assignment from Millenium Trust Company, **LLC.**

c)  **J. Steven Emerson as Successor to Steven Emerson Roth IRA**

The Petitioner named in this bankruptcy case, identified as *J. Steven Emerson as Successor to Steven Emerson Roth IRA***,** was <u>not</u> named as a party in the federal case. This Petitioner has no Debenture and no valid assignment of any debenture. This Petitioner has never sued the Debtor, is not a judgment creditor of the Debtor and has no claim against the Debtor.

Counsel for the Plaintiff knew or should have known that the named Plaintiff in the federal case did not have a Debenture and lacked a valid assignment from the Millenium Trust Company, **LLC.** Likewise, counsel for the Petitioners knew or should have known that the largest named Petitioner in *this* bankruptcy case, *J. Steven Emerson as Successor to Steven Emerson Roth IRA*, did not have a Debenture and lacked a valid assignment from the Millenium Trust Company, **LLC**.

**Bad Faith of the Emerson-Related Petitioners**

The filing of the Petition herein on behalf of the Petitioner, *J. Steven Emerson as Successor to Steven Emerson Roth IRA*, was in bad faith. Mr. Emerson's name appears in three Debentures that were issued. Mr. Emerson is a sophisticated, accredited investor. He was allegedly represented by experienced securities counsel. They knew, or should have known, and Mr. Emerson knew, or should have known, that there was no valid assignment to the Petitioner named herein.

Based on the Petition filed herein, the three Petitioners, *J. Steven Emerson*, *Emerson Partners*, and *J. Steven Emerson as Successor to Steven Emerson Roth IRA*, share an identical address and a common principal, namely, Mr. Emerson. (D.I., pp. 5-6). Therefore, all three of these Petitioners should have known, given Mr. Emerson's knowledge and position with each of these Petitioners, that the Petitioner, J. Steven Emerson as Successor to Steven Emerson Roth IRA, had no valid claim.

**Bad Faith of the Petitioner Arneault**

The Petitioners filed only one Declaration, that of the Petitioner, Arneault, in support of Petitioners' brief filed in opposition to the Company's motion to dismiss. (D.I. 12). In his Declaration, the Petitioner, Arneault, states that the "Petitioning Creditors are **each holders** of collateralized convertible senior debentures… (D.I. 12, ¶6). The statement was false. Mr. Arneault knew, or should have known, from attached Exhibit B to his own Declaration that the statement was not true. In his

12

Declaration, he also states that "[c]opies of the Petitioning Creditors' Debentures are attached hereto as **Exhibit B**.")(D.I. 12, ¶6). There is no Debenture attached to Exhibit B for the Petitioner, J. Steven Emerson as Successor to Steven Emerson Roth IRA. (See D.I. 12, Exhibit B). Mr. Arneault knew or should have known, based on his own Exhibit, that the statement was false.

In his Declaration, the Petitioner Arneault also states that the "Petitioning Creditors … filed an action against the Debtor in the United States District Court for the District of Delaware under … Case No. 1:16-cv-00989 (the "District Court case"). Again, the statement was false. The Petitioning creditor, J. Steven Emerson as Successor to Steven Emerson Roth IRA, was <u>not</u> named as a plaintiff in the District Court case.  Mr. Arneault's own Exhibit F, attached to his own Declaration in *this* case, is a copy of the Consent Judgment which does <u>not</u> list Petitioner, *J. Steven Emerson as Successor to Steven Emerson Roth IRA*, as a plaintiff in the federal case. (D.I. 12-6, p.2).

The Petitioner Arneault is a sophisticated, accredited investor, and a CPA. He knows the difference between a Debenture issued to an LLC, a Debenture issued to an IRA and a Debenture issued to an individual. (Vitale Declaration, ¶65). He is litigation savvy and has been involved in multiple lawsuits and legal proceedings. He knows what a Declaration is. (Vitale Declaration, ¶70).

13

Thus, at least four Petitioners knew, or should have known, when they filed this Petition that *J. Steven Emerson as Successor to Steven Emerson Roth IRA*, was not a Debenture Holder, had never sued the Debtor, was not a judgment creditor, was not a creditor of the Debtor and had no valid Assignment on which to base any claim. The Petition was filed in bad faith. There can be no presumption of good faith in this case. This is a case where counsel and, at the very least, four sophisticated, accredited investor/Petitioners knowingly filed an invalid claim in support of a Chapter 7 Involuntary Petition. Therefore, the Petition should be dismissed in its entirety.

## ARGUMENT

### I.    THE DEBENTURES WERE NON-ASSIGNABLE AND NON-TRANSFERABLE ABSENT REGISTRATION OR AN OPINION OF COUNSEL ACCEPTABLE TO THE COMPANY

All of the Debentures issued are restricted, unregistered securities under federal law. They all contain identical, important language, common to such private placements which prohibits the transfer of the securities. The language in the Debentures expressly states as follows:

> SECTION 4.2.  Restrictions on Transferability.  This Debenture, the Conversion Shares, the Conversion Shares as Adjusted, if any, and any shares of Common Stock issued with respect to interest payments, computed in accordance with the provisions of this Debenture, have not been registered under the Securities Act of 1933, as amended (the "Act"), or under any state securities or so-called "blue sky laws," and **may not be offered, sold, transferred, assigned**, pledged, hypothecated or otherwise disposed of except (1) pursuant to a

14

registration statement with respect to such securities which is effective under the Act or (2) upon receipt from counsel satisfactory to the Company of an opinion, which opinion is satisfactory in form and substance to the Company, to the effect that such securities may be offered, sold, transferred, assigned, pledged, hypothecated or otherwise disposed of (a) pursuant to an available exemption from registration under the Act and (b) in accordance with all applicable state securities and so-called "blue sky laws." **The Holder agrees to be bound by such restrictions on transfer.** The Holder further consents that the certificates representing the Conversion Shares may bear a restrictive legend to such effect. (Emphasis added.)(Bankruptcy Case Joint Exhibits 6 and 7, p.7)(Exhibits C and D hereto, pp.7-8).

The securities were not registered under the Securities Act of 1933, as amended, or under any state securities laws and there was no opinion letter from counsel satisfactory to the Company relating to any proposed assignment of any Debentures issued. The securities herein could not be transferred or assigned absent compliance with the foregoing requirements. Any assignment, absent the foregoing, was illegal under the securities Act and void *ab initio.*

Any alleged assignment to the J. Emerson Roth **IRA** was void *ab initio* inasmuch as it was made without an opinion of counsel acceptable to the Issuer as required pursuant to the Debenture agreements. Therefore, the **Millenium Trust Company, LLC** remains the registered Holder of the two Debentures. [2]  However,

---

[2] Unlike a corporation, an LLC's citizenship is based on the citizenship of each of its members, not the LLC itself. It is difficult or impossible to establish complete diversity where a large LLC is involved in a case since the federal courts require specific disclosure of each member's citizenship. The inclusion of the Millenium Trust Company, LLC would have destroyed diversity of citizenship. The alleged assignment was calculated to obtain federal court jurisdiction.

this **LLC** was <u>not</u> named as a plaintiff in the federal case. Therefore, it has no judgment against the Debtor.

      **J. Steven Emerson Roth IRA** is the named plaintiff in the federal case. However, this entity, an IRA, is <u>not</u> a Petitioner in *this* bankruptcy case.[3] Instead, yet a third party, named "***J. Steven Emerson as Successor to Steven Emerson Roth IRA***" is a named Petitioner in this bankruptcy case. This *person* is not an IRA. It is an individual. This individual is not even alleged to be an assignee of the Millenium Company Trust, LLC's Debentures. This Petitioner is not a Holder of the Debentures in Exhibits C and D, is not a valid assignee of any debentures, has never sued the Debtor, has no Judgment from the federal court, and is not a judgment creditor as claimed. Therefore, this Petitioner must be dismissed from this case.

      Neither the "J. Steven Emerson Roth **IRA"** or "***J. Steven Emerson as Successor to Steven Emerson Roth IRA***" is a Debenture Holder. Neither appears in Diamondhead Casino Corporation's Notes and Debentures Register, the company's bible when it comes to identifying and paying Creditors. A publicly-traded Company is not required to guess as to whether it is paying the correct Holder of a substantial financial instrument.  A Company has an obligation to pay the person

---

[3] The Debtor intends to move to reopen the federal case to have the judgment vacated.

whose name appears in the Notes and Debentures Register. Indeed, all of the Debentures contain the following language:

> SECTION 2.5.  <u>Who Deemed Absolute Owner</u>.  The Company shall deem the Person or Persons in whose name the Debentures shall be registered in the Notes and Debenture Register of the Company to be, and shall treat such Person or Persons as, **the absolute owner of the Debentures** (whether or not the Debentures shall be overdue) for the purpose of receiving payment of or on account of the principal of the Debentures, for the conversion of the Debentures and for all other purposes, and the Company shall not be required to give effect to any notice to the contrary. All such payments and such conversion shall be valid and effectual to satisfy and discharge the liability upon the Debentures to the extent of the sum or sums so paid or the conversion so made. (Emphasis added.)(See Joint Exhibits 6 and 7, p. 4).

On April 16, 2025 and, again, on May 1, 2025, after failing to locate any documents in the Notes and Debentures Register relating to any assignment of the Millenium Trust Company, LLC Debentures, the Debtor emailed counsel for the Petitioners, and requested a copy of the Millenium assignment to the Petitioner, **J. Steven Emerson, as Successor to J. Steven Emerson Roth IRA.** (See Exhibits E and F). No copy of any alleged assignment was provided.

The fact that the alleged Assignment is not in the federal court document where it was allegedly "annexed" to a Declaration is difficult to understand given the number of lawyers who represented Plaintiffs in the federal case.  Insofar as this case is concerned, counsel for the Petitioners knew or should have known when they filed the Petition herein that **J. Steven Emerson, as Successor to J. Steven**

**Emerson Roth IRA,** was not a Debenture Holder, was not a Plaintiff in the federal case, had never sued the Debtor, was not a judgment creditor, was not a creditor of the Debtor, had no valid assignment and no valid claim against the Debtor. Otherwise put, the Petitioners filed a false claim.

## II.    THIS COURT LACKS JURISDICTION OVER THE LARGEST CLAIM FILED BY PETITIONERS HEREIN

Jurisdiction is always in issue, even on appeal. It must exist at the time of filing and cannot be conferred by agreement or oversight. See *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception.")("Without jurisdiction the court cannot proceed. Jurisdiction is power to declare the law and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") Jurisdiction cannot be waived or conferred on a court by the parties.

To file an Involuntary Petition under §303(b)(1), a Petitioner must hold a bona fide, non-contingent, undisputed claim. See *In re Forever Green Athletic Fields, Inc.,* 500 B.R. 413, 424 (Bankr. E.D. Pa. 2013) Here, the largest Petitioner is not a bona fide creditor or the holder of a non-contingent, undisputed claim. Petitioners who lack standing render the Petition fatally defective.

18

This Court lacked jurisdiction over the largest named Petitioner in this Bankruptcy case, *J. Steven Emerson as Successor to Steven Emerson Roth IRA.* This Petitioner is not a Debenture Holder, has never sued the Debtor, was not a party to the federal case, is not a judgment creditor, is not a creditor, and lacks standing under 11 U.S.C. §303(b)(1). Counsel for the Petitioners and at least four of the Petitioners herein were fully aware of this fact when they filed this Petitioner's invalid claim.[4] Courts may dismiss such petitions and award damages under §303(i).

## III.   ANY ATTEMPED ASSIGNMENT OF DEBENTURES WOULD BE INVALID IN THIS CASE

The Debentures issued in 2014 contain restrictive transfer language requiring either registration under the Securities Act of 1933 or a legal opinion satisfactory to the Issuer. The securities were not registered and no legal opinion was provided. Assignments violating contractual provisions are unenforceable. Any purported assignment of the Millenium Debentures was void *ab initio.*

## IV.   THE DEBENTURE REGISTER IS CONTROLLING

The Debenture agreements expressly state as follows:

"The Company shall deem the Person or Persons in whose name the Debentures shall be registered in the Notes and Debenture Register of the Company to be... the absolute owner of the Debentures..." (Joint Exhibits 6 and 7, p. 4).

---

[4] Given the fact that the largest Petitioner herein had no Debenture and that no such Debenture ever existed, any claim that the Petitioners made a reasonable inquiry into the facts is untenable.

Ironically, the Moscou law firm drafted the language requiring that the Debtor set up a Notes and Debentures Register. This provision is enforceable. An issuer of securities may rely on its Notes and Debenture Register to determine ownership of Notes and Debentures. The absolute owner of the Debentures at issue is Millenium Trust Company, LLC, Custodian FBO: J. Steven Emerson Roth IRA**.** The Petitioner herein is not even listed in the Debtor's Notes and Debentures Register and, therefore, has no valid claim.

## V.    THE STATUTE OF LIMITATIONS ON THE MILLENIUM TRUST COMPANY LLC'S DEBENTURES HAS EXPIRED, THUS ANY ASSIGNMENT WOULD BE UNENFORCEABLE

Under Delaware law, the statute of limitations for breach of contract or enforcement of a debenture is three years. See *10 Del. C. § 8106*. Millenium Trust Company, LLC did not file suit within the limitations period and is now time-barred. Thus, the two Debentures issued to Millenium Trust Company, LLC are uncollectible.

## VI.    THE AMOUNT DUE TO PETITIONERS IS SIGNIFICANTLY LESS THAN THE AMOUNT CLAIMED

The filing of an invalid claim herein substantially inflated the amount that had to be paid to the Petitioners to resolve this case. While Debtor maintains that the Petition should be dismissed in its entirety inasmuch as it was filed in bad faith, at

the very least, the Petitions of the Emerson-related Petitioners and Mr. Arneault should be dismissed.

The two Millenium Trust Company, LLC Debentures were issued for $230,000 each or a total of $460,000. These were the largest debentures issued. The principal amount due to all eight Petitioners under their Debentures is $1.5 million (Arneault Declaration, D.I. 12, ¶5). Thus, the dismissal of the largest Petitioner, **J. Steven Emerson as Successor to Steven Emerson Roth IRA** alone, would dramatically reduce by approximately one-third the amount the Debtor owes the Petitioners herein. This substantial reduction in the amount due would have made it much easier for the Debtor to pay these Petitioners and resolve this matter previously.

The dismissal of the remaining Emerson-related claims would remove another $460,00 from the principal due. The two *J. Steven Emerson* Debentures are for $120,000 each, for a total $240,000 in principal. The two *Emerson Partners* Debentures are for $130,000 each, for a total of $260,000. In short, the principal amount due to the three Emerson-related Petitioners, who knew or should have known that this Petition was filed in bad faith, totals $920,000. This leaves the principal due to the remaining Petitioners of only $580,000. The Arneault claim, for two debentures in the amount of $50,000 each, for a total principal of $100,000,

should also be dismissed. This would leave a principal due to the remaining Petitioners of only $480,000.

The Millenium Trust Company, LLC, J. Steven Emerson, Emerson Partners , and Mr. Arneault, represented and warranted to the Company that they were sophisticated, accredited investors, familiar with the types of investment made here. They knew that the Debentures purchased in the private placement were not only high risk and had to be held for an indefinite period of time, but that they came with common, but significant, transfer restrictions. They clearly knew or should have known that any alleged assignment of the Millenium Trust Company, LLC Debentures to any other person or entity was invalid absent compliance with the transfer restrictions.

The name of the Debenture Holder changed from courthouse to courthouse and from an LLC, to an IRA, and then to an individual.  The substitution of a non-holder of a debenture in place of the actual holder of the debenture cannot be attributed to mere negligence, mistake, or inadvertence because it occurred in the related federal case as well. The purpose of including a non-holder in this case was to preserve the claim of the largest Petitioner and the substantial attorneys' fees associated with that claim. The Petition filed herein is based, in large part, on an invalid claim. A bankruptcy court cannot simply ignore this fact.  Any presumption of good faith in this case is untenable.

## VII.    REQUEST FOR EVIDENTIARY HEARING

The Debtor respectfully requests that the Court conduct an evidentiary hearing to establish the factual record regarding the improper filing of this Petition and the misrepresentation of the status of the largest Petitioner herein.

## CONCLUSION

An involuntary petition is an extreme remedy with serious consequences which may be dismissed for bad faith. Given the foregoing facts, this Court's Opinion, to the effect that the Petition was not filed in bad faith and that the Petitioning Creditors made a reasonable inquiry into the facts and law, cannot stand.

Respectfully submitted,

BIGGS & BATTAGLIA

/s/ Robert D. Goldberg
Robert D. Goldberg (Delaware Bar ID #631)
921 N. Orange Street
Wilmington, DE  19899-1489
Telephone: (302) 655-9677
email: Goldberg@batlaw.com
Attorney for Diamondhead Casino
Corporation

Dated: August 13, 2025

23