# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | |
| ) | |
| DIAMONDHEAD CASINO ) | |
| CORPORATION, ) | C. A. No. 24-11354-JKS |
| ) | |
| ALLEGED DEBTOR. ) | Chapter 7 |

### DIAMONDHEAD CASINO CORPORATION'S
### STATEMENT OF ISSUES TO BE PRESENTED ON APPEAL

Diamondhead Casino Corporation ("Appellant"), pursuant to Federal Rule of Bankruptcy Procedure 8009 and Local Rule 8009-1, hereby submits the following Statement of the Issues to be Presented on Appeal of the lower Court's: (i) Opinion (D.I. 42) entered on July 30, 2025; (ii) Order (D.I. 43) entered on July 30, 2025; and Order (D.I. 45) entered on July 31, 2025.

Appellant reserves the right to supplement this Statement of the Issues to be Presented on Appeal as additional transcripts or filings become available.

1. Whether the trial court clearly erred in finding that the Debtor's September 2024 Form 10-Q "lists the value of its land holdings at $4,691,430," when the Form 10-Q explicitly states that this number represents the "cost of land held for development," not the value of its land holdings.

2. Whether the trial court clearly erred in relying on the book value of the Debtor's land holdings in conducting an insolvency analysis.

3. Whether the trial court clearly erred in relying on the book value of the Company's land holdings, instead of the uncontradicted testimony and exhibits introduced by both parties, in determining fair market value of the Company's land holdings.

1

4. Whether the trial court clearly erred in failing to find that the Bankruptcy Court was used by Petitioners for an improper purpose, namely, to circumvent a Land Deed of Trust, which expressly provided for a judicial foreclosure action in Mississippi in the event of a default, identified the procedures to be followed in the event of a default, and specifically named a Mississippi Trustee, to handle any sale in the event of a default.

5. Whether the trial court clearly erred in finding that the Debtor, in its post-trial Opening Brief, abandoned its argument-that the Petition was filed in bad faith because the Petitioning creditors breached the Land Deed of Trust, when the Debtor's post-trial Opening Brief proves otherwise.

6. Whether the trial court clearly erred in finding that "no evidence was presented regarding the Land Deed of Trust" when the Land Deed of Trust was admitted in evidence as a Joint Exhibit of the parties.

7. Whether the trial court clearly erred in failing to dismiss the Petition, inasmuch as state law remedies were available for Petitioners to collect their debt, including one in Mississippi, which Petitioners previously agreed to use in the event of any default.

8. Whether the Petition should have been dismissed inasmuch as Petitioners admitted it had been filed to collect a debt, an improper bankruptcy purpose, constituting bad faith.

9. Whether the trial court clearly erred in granting Chapter 7 Relief, which would not serve to maximize the value of any assets of the estate for the Debtor's creditors, but would serve only to diminish them.

10. Whether the trial court clearly erred in finding that a Chapter 7 was in the best interest of all stakeholders, including the Petitioners, the Debtor, its creditors, its former employees, and its shareholders.

11. Whether the trial court clearly erred in finding that the payment or accrual of salary, rent, or interest, or the reimbursement of business expenses, was a dissipation of assets.

12. Whether the trial court clearly erred in finding that there was a dissipation of assets of the Debtor, based on a subsidiary's payment of $20,000 to each of two unrelated third-parties, who loaned money to the subsidiary upon condition that they be immediately repaid from the proceeds of an eminent domain settlement.

13. Whether the trial court clearly erred in finding that this case involves a corporation with depleting assets when there was no evidence of any depletion of assets and the Debtor was not insolvent.

14. Whether the trial court clearly erred in finding there was some evidence of dissipation of assets based on entries in three of the Company's Form 10-Q's from December 31, 2023 through September 30, 2024, to show assets decreasing and liabilities increasing.

15. Whether the trial court clearly erred in finding that a Chapter 7 was necessary in this case.

16. Whether the trial court clearly erred in finding that the Petition was filed in good faith when it was filed in retaliation for the Debtor's refusal to comply with Petitioners' demands for eminent domain funds which had been awarded to a subsidiary of the Debtor in an eminent domain proceeding.

17. Whether the Petitioners' admission that they would <u>not</u> have filed the Petition had the Debtor agreed to pay $50,000 in additional attorneys' fees, after the Debtor had already agreed to pay $175,000 in attorneys' fees only sixty-two days earlier, proves that the Petitioners were not concerned about any payment of preferences or dissipation of assets, that the Petition was not filed in good faith, and that it was filed in retaliation for the Company's refusal to pay even more attorneys' fees.

18. Whether the court clearly erred in finding that the Company did not argue that the timing of the Involuntary Petition was suspicious, when the record proves otherwise.

19. Whether the trial court clearly erred, after denying Debtor' motion to dismiss the Petition, in also denying Debtor the right to convert the case to a Chapter 11, inasmuch as the case had not previously been converted.

20. Whether the trial court should have dismissed the Petition or permitted the Company to convert to Chapter 11 to resolve important, unsettled issues with respect to two permanent eminent domain easements.

21. Whether the Petitioners admitted disregard for the impact the filing of the Petition would have on the publicly traded Company, its stock price, the shareholders, the other creditors, and the Company's former employees, constitutes bad faith.

22. Whether, as a matter of law, given the evidence of record, the Involuntary Chapter 7 Petition was filed in bad faith, warranting *de novo* review.

23. Whether the totality of circumstances warranted a finding of bad faith and dismissal under 11 U.S.C. §303(a)(1) and 11 U.S.C. §303(i).

Dated:  August 27, 2025                    BIGGS & BATTAGLIA

<u>/s/ Robert D. Goldberg</u>
Robert D. Goldberg (Delaware Bar ID #631)
921 N. Orange Street
Wilmington, DE  19899-1489
Telephone: (302) 655-9677
email: Goldberg@batlaw.com
*Attorney for Appellant Diamondhead Casino Corporation*

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Designation of the Items to be Included in the Record on Appeal, was served electronically, via CM/ECF, this 27th day of August, 2025, on the following:

Jonathan M. Stemerman, Esquire
Armstrong Teasdale, LLP
1007 N. Market Street, 3rd Floor
Wilmington, DE 19801

Bradford J. Sandler
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801

                                            /s/ Robert D. Goldberg