ROBERT D. GOLDBERG
VICTOR F. BATTAGLIA, JR.

**BIGGS AND BATTAGLIA**
**ATTORNEYS AT LAW**
**921 NORTH ORANGE STREET**
**P.O. BOX 1489**
**WILMINGTON, DELAWARE 19899**
**(302) 655-9677**

*TELECOPIER (302) 655-7924*
*Writer's Direct E-mail: Goldberg@batlaw.com*

VICTOR F. BATTAGLIA, SR.
1931-2025

S. BERNARD ABLEMAN
1922-2015

JOHN BIGGS III
1927-2009

August 28, 2025

The Honorable J. Kate Stickles
824 North Market Street
5th Floor, Courtroom 6
Wilmington, DE 19801

     Re:    In Re: Diamondhead Casino Corporation C. A. No. 24-11354-JKS
              Jurisdiction of the Court

Dear Judge Stickles:

At the status conference on August 22, 2025 in the above matter, Your Honor asked that I address the issue of jurisdiction with respect to Diamondhead Casino Corporation's ("Diamondhead") pending motions. As the Court is aware, on August 13, 2025 Diamondhead filed an appeal of the Court's decision of July 30, 2025 (D.I. 42) and the two orders issued pursuant to that decision on July 30th (D.I 43) and July 31st (D.I. 45).

Immediately prior to filing its appeal, Diamondhead filed two motions in the Bankruptcy Court. The first motion seeks a Stay of the Court's Opinion (D.I. 42) and its two related orders dated July 30, 2025 (D.I. 43) and July 31, 2025 (D.I. 45). The Motion to Stay is scheduled to be heard on September 3, 2025 at 3:00 p.m.

The second motion was to vacate the Court's Opinion and Order dated July 30, 2025 and Dismiss the Involuntary Petition or, Alternatively to Alter and Amend the Opinion and Order (D.I. 48) (This motion was subsequently withdrawn due to a filing error (D.I. 61) and immediately refiled (D.I. 63).

Because the appeal is pending, a preliminary issue – as the Court has noted - is whether the Bankruptcy Court still retains jurisdiction to hear and rule on these pending motions. We believe that it does.

The Honorable J. Kate Stickles
August 28, 2025
Page 2

Under 28 U.S.C. § 158(c) (2), bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." Generally, once an appeal is filed the bankruptcy court no longer has jurisdiction to enter orders that would affect or modify any issue or matter on appeal. In other words, the court to which the appeal is taken has exclusive jurisdiction over the matters raised in the appeal. See, *Bialac v. Harsh Inv. Co. (In re Bialac)*, 694 F.2d 625 (9th Cir. 1982) and *Hyman v. Iowa State Bank (In re Health Care Prods.)*, 169 B.R. 753, 755 (M.D. Fla. 1994)

However, if a party makes a timely motion, such as Diamondhead's two motions, the time to appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. Moreover, the appeal itself is suspended until the motions are resolved by the lower court. Among the criteria for motions which toll the appeal so that the Court below may decide them - as set forth in 11 U.S.C. App § 8002 (b) – are the following:

> (1) to amend or make additional findings of fact under Rule 7052, whether or not granting the motion would alter the judgment;
>
> (2) to alter or amend the judgment under Rule 9023;

11 U.S.C. App § 8002 (b)

Both of Diamondhead's motions clearly request that the Court make additional findings of fact and the motion to vacate also seeks alteration or amendment of the Court's July 30, 2025 Order. Thus, both motions fall within the parameters of the Rule.

As set forth in the Rule:

> ….. A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding.

11 U.S.C. App § 8002 (b)(4)

Here, the motions referred to above both seek the type of relief set forth in 11 U.S.C. App § 8002 and therefore the Bankruptcy Court has jurisdiction to decide them.

The Honorable J. Kate Stickles
August 28, 2025
Page 2

Respectfully Submitted,

/s/Robert D. Goldberg
Robert D. Goldberg  (ID#631)

RDG/slh
CC:  Jonathan M. Stemerman, Esq. /via CM/ECF

CC:  Bradford J. Sandler, Esq. /via CM/ECF