**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DIAMONDHEAD CASINO CORPORATION,<br><br>             Debtor. | Chapter 7<br><br>Case No. 24-11354 (JKS)<br><br>**Hearing Date: Oct. 7, 2025, at 11:00 a.m. (ET)**<br>**Objection Deadline: Sept. 26, 2025, at 4:00 p.m. (ET)** |

**MOTION OF GEORGE L. MILLER CHAPTER 7 TRUSTEE FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO PREPARE AND FILE DEBTOR'S SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS, EXTENDING TIME FOR FILING SCHEDULES AND STATEMENT OF FINANCIAL AFFAIRS, AND APPROVING REIMBURSEMENT OF EXPENSES INCURRED AS AN <u>ADMINISTRATIVE EXPENSE</u>**

George L. Miller, chapter 7 trustee (the "<u>Trustee</u>") to the estate of the above-captioned debtor (the "<u>Debtor</u>") hereby files this motion (the "<u>Motion</u>") to request the entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**, authorizing the Trustee to prepare and file the Debtor's Schedules and Statement of Financial Affairs (as defined below), extending the time for filing the Schedules and Statement of Financial Affairs, and approving reimbursement of fees and costs incurred in the preparation and filing of the Schedules and Statement of Financial Affairs, (as defined below), as an administrative expense.  In support of this Motion, the Trustee respectfully represents as follows:

**<u>Jurisdiction and Venue</u>**

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C.

§ 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory predicates for the relief sought herein are Section 521 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(k) of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

4.     On June 12, 2024 (the "Petition Date"), creditors Edson Arneault, Kathleen and James Devlin, Emerson Partners, J. Steven Emerson as Successor to Steven Emerson Roth IRA, J. Steven Emerson, John Hawley as Servicing Agent for Argonaut 2000 Partners, L.P., Steven Rothstein, and Barry and Irene Stark (collectively, the "Petitioning Creditors") filed an involuntary petition against the Debtor.

5.     On July 18, 2024, the Debtor filed the *Motion of the Alleged Debtor, Diamondhead Casino Corporation, to Dismiss the Involuntary Bankruptcy Petition or, in the Alternative, to Convert the Case to a Chapter 11* [Docket No. 9] (the "Motion to Dismiss").

6.     On July 30, 2025, the Court entered an opinion [Docket No. 42] and order [Docket No. 43] (the "MTD Order") denying the Debtor's Motion to Dismiss.  On July 31, 2025, the Court entered the *Order for Relief in an Involuntary Case* [Docket No. 45].

7.     The Trustee was appointed in these cases on August 1, 2025 [Docket No. 46] and is so qualified and acting.

8.     A meeting of creditors pursuant to section 341 of the Bankruptcy Code has not yet been scheduled.

9.     Although the Petition Date was on June 12, 2024, the Debtor's Motion to Dismiss has been litigated since then and the Court rendered an opinion and order on July 30, 2025.  The Debtor has not filed its: (i) Statement of Financial Affairs with Declaration; (ii) Schedules A, B, D, E, F, G, and H; (iii) Summary of Schedules; and (iv) Declaration Concerning Debtors' Schedules (collectively, the "Schedules and Statement of Financial Affairs").

10.     To date the Schedules and Statement of Financial Affairs have not been drafted or filed.  The Debtor has appealed the MTD Order.  The Debtor provided the Trustee with some documentation relating to the Debtor's business; however, the Trustee has not received sufficient information, nor has he had ample time, necessary to complete the Schedules and Statement of Financial Affairs.  The Trustee has also filed a motion for turnover of the Debtor's books and records that is scheduled for a hearing on September 15, 2025, and the Trustee is in informal discussions with the Debtor's counsel and the Debtor's principal to coordinate turnover of the books and records.

11.     The Trustee's efforts up until this point have been primarily focused on (i) gaining an understanding the Debtor's business, (ii) conducting preliminary discussions with the Debtor and the Petitioning Creditors, and (iii) preparing for a sale process.

12.     The Trustee, based upon information provided to him to date, believes the Debtor's case will have assets that will require administration for the benefit of the creditors of the estate.

**Relief Requested**

13.     In light of the foregoing facts, the Trustee by this Motion respectfully requests an order authorizing the Trustee to prepare and file the Schedules and Statement of Financial Affairs for the Debtor, extending the deadline for filing the Schedules and Statement of Financial Affairs in these cases to 30 days following entry of the order granting this Motion, and allowing, the professional fees and reimbursement of any and all costs incurred by the Trustee and his professionals (upon approval of fee applications) in the preparation, finalization and filing of the Schedules and Statement of Financial Affairs as an administrative expense pursuant to Section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(h).

14.     The Trustee and his professionals will diligently work to complete the Schedules and Statement of Financial Affairs and intends to utilize the Debtor's records in connection with the preparation and filing of the Schedules and Statement of Financial Affairs; however, additional time is required to allow the Schedules and Statement of Financial Affairs of the Debtor to be prepared given that the Debtor has no business operations since 2000 and there are no employees  available to assist the Trustee.

15.     Accordingly, the Trustee is requesting an extension of time through and including to 30 days following entry of the order granting this Motion  in which to prepare and file the Schedules and Statement of Financial Affairs pursuant to Bankruptcy Rule 1007(c), without prejudice to the Trustee's right to seek further extensions.

**Notice**

16.     The Trustee will provide notice of this Motion to the following parties, or their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware;

(b) counsel to the Debtor; and (c) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee respectfully submits that no further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (a) granting the Trustee an extension of time to file the Schedules and Statement of Financial Affairs, subject to and without prejudice to the Trustee's right to seek further extensions of time; and (b) granting such other and further relief as is just and proper.

Dated:  September 12, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      bsandler@pszjlaw.com
            pkeane@pszjlaw.com
            ecorma@pszjlaw.com

*Proposed Counsel to George L. Miller,*
*Chapter 7 Trustee*