### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | **Re: Docket No. 65, 81** |

**Hearing Date: October 7, 2025 at 11:00 a.m. (ET)**

**REPLY IN SUPPORT OF APPLICATION OF CHAPTER 7 TRUSTEE GEORGE L. MILLER TO EMPLOY MILLER COFFEY TATE LLP AS ACCOUNTANTS AND BANKRUPTCY CONSULTANTS, EFFECTIVE AS OF AUGUST 1, 2025**

George L. Miller, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), submits this reply (the "Reply") in further support of the *Application of Chapter 7 Trustee George L. Miller to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants, Effective as of August 1, 2025* [Docket No. 65] (the "Application")[1] and in response to the *Objection of Deborah A. Vitale to Trustee's Application to Employ Miller Coffey Tate LLP as Accountants and Bankruptcy Consultants* [Docket No. 81] (the "Objection") filed by Deborah A. Vitale, the Debtor's former President and Chief Executive Officer.

#### **Preliminary Statement**

1.      Ms. Vitale's Objection is filled with speculation and conjecture about the Trustee's motivations and incentives while acting as the appointed independent estate fiduciary in this case. The Objection seeks to usurp the wide latitude given to a trustee to hire professionals of his own choosing and makes a number of unpersuasive arguments that reveal a misunderstanding about the bankruptcy process.  The Objection makes the following somewhat overlapping arguments: (a) by hiring MCT, the Trustee is incentivized to inflate fees to the detriment of the estate's creditors:

---

[1]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

(b) hiring MCT will create the appearance of impropriety and self-dealing; (c) the Trustee's affiliation with MCT creates an actual conflict of interest and MCT is not disinterested; and (d) alternative firms are available to hire.  None of these arguments have merit, and none are backed by any evidence.  The Court should overrule the Objection and grant the Application for the reasons set forth below.

### Reply

A.    **Legal standard for retention of MCT under section 327(a).**

2.      The Trustee seeks to hire MCT under section 327(a).  Section 327(a) authorizes the trustee, with court approval, to employ professionals, including accountants or financial advisors, if they (1) "do not hold or represent an interest adverse to the estate" and are (2) "disinterested persons." 11 U.S.C. § 327(a); *see also In re BH & P, Inc.*, 949 F.2d 1300, 1314 (3d Cir. 1991). "Disinterested persons" are those who do "not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." 11 U.S.C. § 101(14)(C).

3.      While the two prongs – i.e., not holding an adverse interest and being disinterested – are formally distinct, in many cases they effectively collapse into a single test. *In re Boy Scouts of Am.*, 35 F.4th 149, 157 (3d Cir. 2022); *see* 1 Collier on Bankruptcy ¶ 8.03[9] (16th ed. 2022) (noting that "[t]hese two tests invoke the same consideration of whether the professional holds or represents an adverse interest to the interests of the debtor and its estate"); *see also BH & P*, 949 F.2d at 1314 ("There is, indisputably, some overlap between the [§] 327(a) standard and [§] 101(14)[C] disinterest requirement.").

4.      Section 327 conflicts can be sorted into three subcategories: (1) actual conflicts of interest, (2) potential conflicts of interest, and (3) appearances of conflict. *In re Marvel Ent. Grp.,*

*Inc.*, 140 F.3d 463, 470 (3d Cir. 1998).  The implications of an apparent conflict depend on which category it fits.  Attorneys with actual conflicts face *per se* disqualification, but disqualification is at the court's discretion for attorneys with potential conflicts.  *Id.*  And a court "may not disqualify an attorney on the appearance of conflict alone." *Id.*; *see also In re Boy Scouts of Am.*, 35 F.4th at 157-158.

5.      Though not unfettered, bankruptcy courts have considerable discretion in evaluating whether professionals suffer from conflicts.  *Id.* (quoting *In re Pillowtex, Inc.*, 304 F.3d 246, 254 (3d Cir. 2002)).  Indeed, actual conflicts of interests in the § 327 context do not have a strict definition.  *Id.* at 251. Courts thus proceed on a case-by-case basis.  "Pragmatically, a conflict is actual when the specific facts before the bankruptcy court suggest that it is likely that a professional will be placed in a position permitting it to favor one interest over an impermissibly conflicting interest."  *In re Boy Scouts of Am.*, 35 F. 4th at 158.

## Argument

### A.      There is no actual conflict of interest and MCT is disinterested.

6.      First, MCT has no actual conflict of interest.  Nothing in the Objection raises any true issues with respect to MCT having an actual conflict of interest.  To the contrary, the supporting declaration of William A. Homony, attached to the Application, properly discloses that: (a) neither Mr. Homony, nor any member of MCT, holds or represents any interest adverse to the Trustee or the Debtor's estate, and (b) the Trustee is a partner and employed as an accountant at MCT and the Trustee will not provide any accounting or consulting services through MCT on or related to this case.  *See* Declaration of William A. Homony [Docket No. 65-2], at ¶¶ 2-3 (the "Homony Declaration").  These statements are unrebutted.  The Homony Declaration also includes any disclosures of connections and meets the requirements of Bankruptcy Rule 2014.  No further information is required at this time.

7.      Because the Objection does not identify any *actual* conflict, nor does it attempt to rebut the Homony Declaration, the Court should not disqualify MCT from being retained by the Trustee.  In addition, the Court has discretion to disqualify for *potential* conflicts, but, again, the Objection fails to identify any potential conflicts with specificity beyond conjecture.  Finally, any appearances of a conflict (or "impropriety") are unfounded and would not permit disqualification in any event.  *In re Boy Scouts of Am.*, 35 F.4th at 157-158; *In re Marvel Ent. Grp., Inc.*, 140 F.3d at 470.

**B.      Trustees routinely hire their own firms in chapter 7 cases and can even act as their own attorney.**

8.      Next, aside from meeting the statutory standards in this case, the practice of trustees hiring their own firms is wide-spread and has been utilized and permitted by bankruptcy courts for decades.  The Court need only take judicial notice of the chapter 7 trustee final reports available on the Court's website that reflect trustees that have hired their own law firms or accounting firms in innumerable cases.[2]  *Werner v. Werner*, 267 F.3d 288, 295 (3d Cir. 2001) (courts can take judicial notice of public records).  To drive this point home as it relates to the Trustee hiring MCT, attached as **__Exhibit A__** is a list of cases since 2022 where Mr. Miller's engagement of MCT was approved by this Court.

9.      Indeed, to go one step beyond this concept, the Bankruptcy Code itself expressly authorizes trustees to wear two hats at once while administering the estate.  Section 327(d) of the Bankruptcy Code provides that the "court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate."  11 U.S.C. § 327(d).  Section 327(d) is an exception to the general rule that an estate professional must be "a disinterested

---

[2] *See* http://deb.uscourts.gov/trustees-final-reports.

person" pursuant to § 327(a). *In re Andover Togs, Inc.*, 2001 U.S. Dist. LEXIS 2690, * 11 (S.D.N.Y. 2001). While MCT will be the accountant in this case and not Mr. Miller individually, the point remains the same: courts have recognized that section 327(d) can help create efficiencies in administering estates. *See In re Interamericas, Ltd.*, 321 B.R. 830, 833 (Bankr. S.D. Tex. 2005) ("Overall, retention of the trustee's own firm has been a very effective method of providing quality representation of the bankruptcy estates....") (quoting *In re Kusler*, 224 B.R. 180, 193 (Bankr. N.D. Okla. 1998)).

10.     Here, the Trustee has made the best interest showing through the Application and the Homony Declaration. The Objection fails to rebut – with actual evidence and verifiable facts – that the best interest has not been satisfied.

**C.     The Trustee is entitled to deference for his choice of professionals.**

11.     Finally, aside from meeting the statutory standard under section 327, bankruptcy courts have long recognized that bankruptcy trustees are "afforded wide latitude in their decision on how best to manage the estate, including the propriety of employing a professional." *In re Great Lakes Factors, Inc.*, 337 B.R. 657, 660 (Bankr. N.D. Ohio 2005). "Hence, a trustee is generally entitled to select his or her own attorney, without interference from individual creditors and other parties in interest." *Id.* (citing *In re Immenhausen Corp.*, 159 B.R. 45, 47 (M.D. Fla. 1993). "Only in the rarest cases" will the trustee be deprived of the ability to select qualified counsel, for "[t]he relationship between attorney and client is highly confidential, demanding personal faith and confidence in order that they may work together harmoniously." Collier on Bankruptcy ¶ 327.04 [1] (16th ed. 2016) (quoting *In re Smith*, 507 F.3d 64 (2d Cir. 2007) (courts should interfere only in the rarest of circumstances). The reason courts recognize and enforce this wide latitude is because it guards against self-interested objections from recalcitrant creditors seeking to disrupt administration of a bankruptcy estate to leverage their own goals.

12.     Here, the fact that other firms might be available does not displace the Trustee's discretion to hire the professionals of his choosing.  In any event, Ms. Vitale's preferred firm – EMC Consulting Services, LLC – doesn't appear to have any advertised bankruptcy experience.  As the Court is aware, accounting and financial advisory services for bankruptcy cases are different: administering bankruptcy estates requires a unique set of skills, and there is different reporting, different oversight obligations from the U.S. Trustee, and different considerations at play.  MCT serves as accountant and financial advisor in dozens of large, corporate chapter 7 cases every year, and it does so in an independent, professional manner that minimizes costs and maximizes value for debtor estates.

WHEREFORE, the Trustee respectfully requests that the Court grant the relief requested in the Application, overrule the Objection, and grant and such other and further relief as the Court deems just and proper.

Dated:  October 2, 2025          **PACHULSKI STANG ZIEHL & JONES LLP**

_/s/ Peter J. Keane_
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:   bsandler@pszjlaw.com
          pkeane@pszjlaw.com
          ecorma@pszjlaw.com

_Counsel to George L. Miller, Chapter 7 Trustee_

**Exhibit A**

| Case Number: | Petition Date: | Case Name: | Judge: | Date MCT Hired: |
|---|---|---|---|---|
| 25-11187 | 6/20/2025 | CaaStle Inc. | Shannon | 7/05/2025 |
| 25-10901 | 5/19/2025 | Paravel, Inc. | Stickles | 6/24/2025 |
| 25-10316 | 2/27/2025 | CQC Impact Investors LLC | Stickles | 4/16/2025 |
| 24-12307 | 10/10/2024 | HDC Holdings II, LLC | Horan | 2/1/2025 |
| 24-11841 | 8/13/2024 | AllHere Education, Inc. | Silverstein | 1/13/2025 |
| 24-11599 | 7/26/2024 | Cytometix Inc. | Stickles | 10/25/2024 |
| 24-11442 | 6/28/2024 | Chicken Soup for the Soul Entertainment, Inc | Walrath | 9/4/2025 |
| 24-11384 | 6/18/2024 | Frank H. Stiles | Silverstein | 1/13/2025 |
| 24-11144 | 6/3/2024 | iSun, Inc. | Horan | 3/17/2025 |
| 24-11130 | 5/31/2024 | Common Living, Inc. | Silverstein | 8/2/2024 |
| 24-10826 | 4/18/2024 | Essential Associates Holdings LLC | Silverstein | 7/8/2024 |
| 24-10717 | 4/5/2024 | GoGoTech II, LLC | Stickles | 5/31/2024 |
| 24-10353 | 3/7/2024 | Polished.com | Horan | 5/29/2024 |
| 24-10306 | 2/28/2024 | Elyptol Inc. | Silverstein | 3/11/2025 |
| 24-10078 | 1/24/2024 | IPwe, Inc. | Goldblatt | 4/19/2024 |
| 23-12118 | 12/31/2023 | Orox Capital Management, LLC | Shannon | 4/8/2024 |
| 23-11943 | 12/4/2023 | ContraFect Corporation | Silverstein | 1/29/2024 |
| 23-11906 | 11/22/2023 | X-Vax Technology | Goldblatt | 1/26/2024 |
| 23-11899 | 11/21/2023 | HC Properties | Owens | 2/12/2024 |
| 23-11834 | 11/8/2023 | Erus Builders, LLC | Goldblatt | 12/27/2023 |
| 23-11788 | 10/30/2023 | Gelesis, Inc. | Shannon | 1/18/2024 |
| 23-11572 | 9/19/2023 | Highland View LLC | Stickles | 7/18/2024 |
| 23-11462 | 9/15/2023 | TraffK, LLC | Stickles | 1/8/2024 |
| 23-11385 | 9/6/2023 | The Mitchell Gold Co., LLC | Silverstein | 12/8/2023 |
| 23-10935 | 7/16/2023 | ViewRay, Inc. | Owens | 12/4/2023 |
| 23-10786 | 6/16/2023 | KDC Agribusiness LLC | Goldblatt | 1/22/2024 |
| 23-10481 | 4/18/2023 | Nu Flow America | Walrath | 8/23/2023 |
| 23-10253 | 2/23/2023 | Akorn Holding Company LLC | Owens | 4/11/2023 |
| 23-10245 | 2/22/2023 | CBCRC Liquidating Corp | Owens | 2/26/2025 |
| 23-10114 | 1/29/2023 | Nova Wildcat Shur-Line Holdings, Inc. | Goldblatt | 11/13/2023 |
| 22-11193 | 11/15/2022 | DNAtric, Inc. | Shannon | 6/22/2023 |
| 22-11035 | 11/2/2022 | HealthQuarters Inc. | Silverstein | 2/24/2024 |
| 22-10892 | 9/21/2022 | GLOBAL3PL Inc. | Stickles | 2/14/2024 |

| Case Number: | Petition Date: | Case Name: | Judge: | Date MCT Hired: |
|---|---|---|---|---|
| 22-10716 | 8/5/2022 | American PPE & Coating Services Inc. | Shannon | 12/8/2022 |
| 22-10564 | 6/25/2022 | Denise M. Hay | Silverstein | 12/6/2022 |
| 22-10294 | 4/6/2022 | EXL 40 Meadow Lane LLC | Shannon | 6/6/2022 |
| 22-10275 | 3/31/2022 | Sigfox USA LLC | Walrath | 6/6/2022 |
| 22-10066 | 1/18/2022 | Team Systems International, LLC | Goldblatt | 5/12/2022 |