IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIAMONDHEAD CASINO CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11354 (JKS) |

Hearing Date: Nov. 3, 2025 at 3:00 p.m. (ET)
Objection Deadline: Oct. 27, 2025 at 4:00 p.m. (ET)

**APPLICATION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR AUTHORITY TO EMPLOY AND RETAIN COLLIERS LOUISIANA, LLC AS REAL ESTATE BROKER TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF SEPTEMBER 15, 2025**

George L. Miller, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), states as follows in support of this application (the "Application"):

**Relief Requested**

1.      By this Application, The Trustee seeks entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Trustee to employ and retain Colliers Louisiana, LLC ("Colliers") as real estate broker to the Trustee, effective as of September 15, 2025. In support of the relief sought in the Application, the Trustee submits the declaration of Christopher Abadie, a Senior Vice President of Colliers (the "Abadie Declaration"), attached hereto as **Exhibit B**.

**Jurisdiction and Venue**

2.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

**Background**

5.     On June 12, 2024 (the "Petition Date"), creditors Edson Arneault, Kathleen and James Devlin, Emerson Partners, J. Steven Emerson as Successor to Steven Emerson Roth IRA, J. Steven Emerson, John Hawley as Servicing Agent for Argonaut 2000 Partners, L.P., Steven Rothstein, and Barry and Irene Stark filed an involuntary petition against the Debtor.

6.     On July 18, 2024, the Debtor filed the *Motion of the Alleged Debtor, Diamondhead Casino Corporation, to Dismiss the Involuntary Bankruptcy Petition or, in the Alternative, to Convert the Case to a Chapter 11* [Docket No. 9] (the "Motion to Dismiss").  On July 30, 2025, the Court entered an opinion [Docket No. 42] and order [Docket No. 43] denying the Motion to Dismiss.  On July 31, 2025, the Court entered the *Order for Relief in an Involuntary Case* [Docket No. 45].

7. The Trustee was appointed in this case on August 1, 2025 [Docket No. 46] and is so qualified and acting.

8. The Trustee has determined, subject to Court approval, to retain Colliers as real estate broker in connection with the sale of real property (the "Property") owned by the Debtor's wholly-owned subsidiary Mississippi Gaming Corporation ("MGC"). The Property consists of approximately 400 acres of undeveloped land located on Interstate 10 in Diamondhead, Mississippi. For the avoidance of doubt, the sale of the Property may be structured as transaction for a sale of substantially all of the Debtor's assets, including, but not limited to, a sale of equity of MGC, for purposes of effectuating the transfer of the Property to a purchaser.

## Basis for Relief

9. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ a professional to represent or assist the trustee in carrying out the trustee's duties only if that professional is disinterested as defined in section 101(14) of the Bankruptcy Code and does not hold or represent an interest adverse to the estate. 11 U.S.C. § 327(a).

10. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, a professional person to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. 11 U.S.C. § 328(a).

## Disinterestedness

11. Colliers has advised the Trustee that neither Colliers nor any partner or director of Colliers: (i) holds an adverse interest in connection with the Debtor's case; or (ii) represents any other entity having an adverse interest in connection with the Debtor's case, except as disclosed in the Abadie Declaration.

12. The Trustee has selected Colliers because of its experience and knowledge in commercial real estate transactions and believes that Colliers has no disqualifying conflicts of interest. The Trustee believes that Colliers is qualified to represent the Trustee in this case.

13. Colliers has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtor and this case, entities that are creditors of the Debtor or other parties in interest in this case.

14. To the best of the Trustee's knowledge, and except as disclosed in the Abadie Declaration, Colliers has had no other prior connection with the Debtor, the Debtor's creditors, or any other party in interest. Upon information and belief, Colliers does not hold or represent any interest adverse to the Debtor's estate.

### Services to Be Provided

15. The Trustee has retained Colliers as real estate broker to sell the Property pursuant to that certain *Exclusive Right Agreement (Sale)* (the "Agreement"), a copy of which is attached hereto as **Exhibit C**. The services Colliers will provide include the following:

   a. Use commercially reasonable efforts to procure a prospective purchaser at auction via a Ten-X auction for the Property.

   b. Investigate and develop all offers, inquiries or solicitations received.

   c. Canvas, solicit, and otherwise employ commercially reasonable efforts to complete the sale of the Property.

   d. Conduct all negotiations with assistance and input from the Trustee.

16. The Trustee intends to work closely with Colliers and any other retained professionals that may become involved in this case in the future to ensure that there is no unnecessary duplication of services performed or charged to the Debtor's estate.

**Compensation**

17. Under the Agreement, Colliers will be compensated in connection with a sale of the Property pursuant to the following the following terms and rates:

    a. The Trustee shall pay a commission to Colliers equal to three percent (3%) of the gross purchase price or other consideration (including without limitation any existing mortgage that is assumed) (the "Commission Fee"). The commission shall be earned, due, and payable in full on the earlier of the transfer of title, closing of the sale, or execution of contract, in the event of an installment sale or contribution of the Property to an individual partnership, joint venture, or other entity.

    b. In the event the Trustee conveys or contributes the Property or any interest therein to a joint venture, an individual partnership, or other business entity, the commission shall be calculated on the fair market value of the Property, less the value of the interest in the Property retained by the Trustee, and shall be paid at the time of the contribution or transfer.

    c. If the fee owner is a partnership, corporation, or other business entity, and an interest in the partnership, corporation, or other entity is transferred, whether by merger, outright purchase, or otherwise, in lieu of a sale of the Property, and applicable law does not prohibit the payment of a commission in connection with such a transfer or sale, the commission shall be calculated on the fair market value of the Property, rather than the gross sales price, multiplied by the percentage of interest so transferred, and shall be paid at the time of the transfer.

    d. In the event Trustee conveys or contributes the Property or any interest therein to a creditor of Diamondhead Casino Corporation via credit bid subsequent to full marketing of the Property by Colliers, then Trustee shall pay a commission to Colliers equal to one (1%) of the fair market value of the Property (the "Credit Bid Fee"). The commission shall be earned, due and payable in full on the earlier of the transfer of title, closing of the Sale or execution of contract, in the event of an installment Sale or contribution of the Property.

    e. In the event the Sale of the Property includes a mixed component of a gross purchase price or other consideration and a credit bid, Colliers shall be paid the greater of the Commission Fee or Credit Bid Fee, but not both.

    f.    In the event the Trustee fails to make payments within the time limits set forth in the Agreement, then from the date due until paid the delinquent amount shall bear interest at the lesser of the maximum rate permitted by law in Mississippi or the rate of fifteen percent (15%) per annum; provided, however, that Colliers must first file a final fee application with the Court and obtain approval of such fee application before the Trustee is obligated to pay any fees, compensation, or expenses under the Agreement

18.    Colliers has advised the Trustee that this type of compensation and payment arrangement is customary and reasonable for the work to be performed. The Trustee agrees and submits that Colliers's requested compensation and payment arrangement is customary and reasonable. Colliers will file a final fee application in this case.

### Notice

19.    The Trustee will provide notice of this Application to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee; (b) counsel to the Debtor; and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is required.

WHEREFORE, the Trustee respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: October 13, 2025

/s/ *[signature]*
George L. Miller, Chapter 7 Trustee