**Exhibit B**

**Abadie Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIAMONDHEAD CASINO CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11354 (JKS) |

**DECLARATION OF CHRISTOHER ABADIE IN SUPPORT OF APPLICATION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR AUTHORITY TO EMPLOY AND RETAIN COLLIERS LOUISIANA, LLC AS REAL ESTATE BROKER TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF SEPTEMBER 15, 2025**

I, Christopher Abadie, hereby declare as follows:

1. I am a Senior Vice President and Broker of Record of Colliers Louisiana, LLC ("Colliers"), which maintains an office at 205 Holiday Blvd. Suite 100, Covington, LA 70433.

2. I am authorized to submit this declaration (the "Declaration") in support of the *Application of George L. Miller, Chapter 7 Trustee, Pursuant to Sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, for Authority to Employ and Retain Colliers Louisiana, LLC as Real Estate Broker to the Chapter 7 Trustee, Effective as of September 15, 2025* (the "Application").[1]

3. Neither I, nor Colliers, nor any director or partner thereof, insofar as I have been able to ascertain, has any connection with the Debtor, the Debtor's creditors, any other parties in interest in this case, their respective attorneys and accountants, the Office of the United States Trustee (the "U.S. Trustee"), or any person employed with the U.S. Trustee, except as set forth herein.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4. Bankruptcy Rule 2014 requires that an application for employment under section 327 of the Bankruptcy Code disclose all connections with the Debtor, the Debtor's estate, the professionals, and the U.S. Trustee. Accordingly, Colliers discloses its known connections herein.

5. Colliers has investigated its disinterestedness in connection with this Declaration. Colliers conducted a thorough review of its clients and other interested parties in particular matters and compared those against the names of the parties attached as **Schedule 1** attached hereto (the "Potential Parties in Interest"). To the extent that this inquiry has revealed that certain Potential Parties in Interest were current or former clients of Colliers, these parties have been identified on a list (the "Client Match List") listed on **Schedule 2** attached hereto. Colliers has determined that representation of clients on the Client Match List, if any, concerned matters unrelated to the Debtor.

6. Based on this review, to the best of my knowledge, Colliers does not hold or represent any interest adverse to and has no connection, subject to the disclosures set forth below, with the Debtor, the Debtor's creditors, the U.S. Trustee, or any party in interest in this case in the matters upon which Colliers is to be retained, and Colliers is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

7. The Trustee has selected Colliers because of its experience and knowledge in commercial real estate transactions and believes that Colliers has no disqualifying conflicts of interest. Colliers has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtor and this case, entities that are creditors of the Debtor or other parties in interest in this case.

8. Prior to the Petition Date, Colliers previously served as real estate broker to the Debtor beginning as of December 20, 2023, but no amounts are due and owing by the Debtor to

Colliers under that prior engagement. Colliers is not aware of any other prior connection with the Debtor, the Debtor's creditors, or any other party in interest. Upon information and belief, Colliers does not hold or represent any interest adverse to the Debtor's estate.

9. To the best of my knowledge, Colliers is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code in that Colliers, and its partners and directors:

    a. are not creditors, equity security holders, or insiders of the Debtor;

    b. are not and were not, within two (2) years before the Petition Date, a director, officer, or employee of the Debtor; and

    c. do not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as disclosed herein.

10. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of the Court, compensation will be payable to Colliers on the terms set forth in the Agreement and <u>Schedule A</u> attached thereto. Colliers has advised the Trustee that this type of compensation and payment arrangement is customary and reasonable for the work to be performed. Colliers believes that the requested compensation and payment arrangement is customary and reasonable. Colliers will file a final fee application in this case.

11. Other than as set forth herein, there is no proposed arrangement between the Debtor and Colliers for compensation to be paid in this case. Colliers has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 13, 2025    /s/ _____
    Christopher Abadie

4906-9697-8026.4 57101.00001    3

## Schedule 1

**Potential Parties in Interest**

**Schedule 1**
**Listing of Parties for Conflict Check**
**Potential Parties in Interest**

**Debtor:**
Diamondhead Casino Corporation

**Debtor Counsel:**
Biggs & Battaglia

**Petitioners' Counsel**
Armstrong Teasdale LLP

**Directors, Officers and Equity Holders of the Debtor:**
Deborah A. Vitale
Martin Blount
Benjamin J. Harrell
Gregory A. Harrison
Robert S. Crow III
Daniel G. Burstyn

**Creditors/Interested Parties Known To Date:**
Edson Arneault
John Hawley as Servicing Agent for Argonaut Partner
Kathleen and James Devlin
J. Steven Emerson
Emerson Partners
J Steven Emerson, as Successor to Steven Emerson Roth IRA
Steven Rothstein
Barry and Irene Stark

## Office of the United States Trustee
### Region 3 - Wilmington DE - Staff Directory

| | |
|---|---|
| Andrew R. Vara | United States Trustee |
| Joseph McMahon | Assistant U.S. Trustee |
| Lauren Attix | Paralegal Specialist |
| Malcolm M. Bates | Trial Attorney |
| Linda Casey | Trial Attorney |
| Joseph Cudia | Trial Attorney |
| Holly Dice | Auditor |
| Shakima L. Dortch | Paralegal Specialist |
| Timothy J. Fox, Jr. | Trial Attorney |
| Michael Girello | Paralegal Specialist |
| Christine Green | Paralegal Specialist |
| Benjamin Hackman | Trial Attorney |
| Nyanquoi Jones | Auditor |
| Hawa Konde | Auditor |
| Jane Leamy | Trial Attorney |
| Jonathan Lipshie | Trial Attorney |
| Hannah M. McCollum | Trial Attorney |
| Jonathan Nyaku | Auditor |
| James R. O'Malley | Auditor |
| Linda Richenderfer | Trial Attorney |
| Richard Schepacarter | Trial Attorney |
| Edith A. Serrano | Paralegal Specialist |
| Elizabeth Thomas | Paralegal Specialist |
| Dion Wynn | Paralegal Specialist |

## Bankruptcy Judges
### United States Bankruptcy Court
### District of Delaware

The Honorable Karen B. Owens
The Honorable Laurie Selber Silverstein
The Honorable John T. Dorsey
The Honorable Craig T. Goldblatt
The Honorable Thomas M. Horan
The Honorable Brendan L. Shannon
The Honorable J. Kate Stickles
The Honorable Mary F. Walrath
The Honorable Ashely M. Chan

## Clerk of the United States Bankruptcy Court
### District of Delaware

Stephen L. Grant

4933-1861-5666.1 57101.00001

## Schedule 2

**Client Match List**

**[None].**

4906-9697-8026.5 57101.00001