**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

RECEIVED
2025 OCT 27 AM 10: 53
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | |
| DIAMONDHEAD CASINO CORPORATION, | ) | Case No. 24-11354 (JKS) |
| | ) | Ref. Docket No. 124, 131 |
| | ) | Hearing Date: November 3, 2025, at 3:00 p.m. |
| ALLEGED DEBTOR. | ) | Objection Deadline: October 27, 2025, at 4:00 p.m. |
| | ) | |

**OBJECTION OF DEBORAH A. VITALE TO NOTICE OF CREDITORS' MEETING SCHEDULED FOR NOVEMBER 7, 2025 AND TO MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ORDERS (A) ESTABLISHING BIDDING PROCEDURES IN CONNECTION WITH SALE OF DEBTOR'S ASSETS AND AUTHORIZING TRUSTEE'S ABILITY TO SELECT STALKING HORSE AND PROVIDE BID PROTECTIONS; (B) APPROVING THE FORM AND MANNER OF NOTICES; (C) SCHEDULING A SALE HEARING; (D) AUTHORIZING THE SALE OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; AND (E) GRANTING RELATED RELIEF AND OBJECTION TO NOTICE OF SECTION**

Deborah A. Vitale, the Debtor's largest creditor, and one of its largest equity security holders, sole Trustee of the Debtor's Employee Stock Ownership Plan, and President and a Director of the Debtor and its subsidiaries, respectfully submits this Objection to:

1. The Notice of Creditor's Meeting Scheduled for November 7, 2025; and
2. Motion of George L. Miller, Chapter 7 Trustee, for Orders (A) establishing bidding procedures in connection with sale of Debtor's assets and authorizing Trustee's ability to select stalking horse and provide bid protections; (B) approving the form and manner of notices; (C) scheduling a sale hearing; (D) authorizing the sale of the assets free and clear of all liens, claims, interests and encumbrances; and (E) granting related relief.

## I. NONCOMPLIANCE WITH NOTICE REQUIREMENTS FOR CREDITORS' MEETING

Rule 2002 of the Federal Rules of Bankruptcy Procedure governs "Notices to Creditors and Equity Security Holders" and others. It mandates "***at least*** 21 days' notice by mail" to "all creditors" of the meeting of creditors under §341. (Emphasis added.)(Fed. R. Bankr. P. 2002). The Notice mailed to creditors, including the movant, fails to comply with Fed. R. Bankr. P. 2002.

The Notice to creditors is dated October 20, 2025. The meeting of creditors is scheduled for November 7, 2025. The Notice is dated eighteen (18) days prior to the scheduled date of the meeting of creditors. Even assuming same day mailing, the notice failed to comply with Fed. R. Bankr. P. 2002, inasmuch as it was impossible to provide creditors "*at least* 21 days' notice by mail of the meeting of creditors under §341. Therefore, the meeting of creditors currently scheduled for November 7, 2025, must be rescheduled to ensure compliance with this important notice requirement.

## II. THE NOTICE SENT TO CREDITORS IS MISLEADING

The Notice mailed to creditors is misleading. The Notice appears to have been mailed by Robert D. Goldberg, Esquire, counsel to the Debtor. The envelope in which the Notice was sent shows Mr. Goldberg's name and address in the upper left-hand corner of the envelope as the purported addresser of the Notice. However, Mr. Goldberg did not send the Notice. The Notice was sent to creditors with his name as the sender, but without his knowledge or permission.

## III. THE ASSET DESIGNATION IN THE NOTICE WAS FALSE

The Notice falsely represents the estate's financial condition. The Notice states, in pertinent part, as follows:

> No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. (Notice, at p. 1, attached hereto as Exhibit A).

The above language, which appears to have originated from counsel for the Debtor, Robert D. Goldberg, Esquire, is false and misleading. The Diamondhead Property was last appraised in January 2024, at $55.2 million. The Debtor, counsel to the Debtor, and its officers and directors have repeatedly represented to this Court and to the Debtor's lenders and others, based on appraisals received from certified Members of the Appraisal Institute, that the Diamondhead Property is a valuable asset, due to Gaming Site Approval, with sufficient equity to pay all of its lienholders and other creditors. The representation contained in the Notice is false and exposes counsel for the Debtor and the undersigned and other officers and directors of the Debtor and its subsidiaries, to significant legal liability.

Not only were the creditors incorrectly informed that "no property appears to be available to pay creditors," they were also informed that they should not even bother to file a proof of claim. As a direct result, the undersigned has received threatening calls and emails from both creditors and shareholders who have been misinformed by the Notice, causing reputational harm to the undersigned and the other officers and directors of the Company and its subsidiaries. Several creditors have threatened legal action against the undersigned and the Debtor's officers and directors. It is impossible to unring this particular bell. There is no cure for the situation in which a creditor, already convinced that there are no assets to pay his claim, simply fails to even open the next communication he may receive relating to this bankruptcy proceeding.

At a minimum, the creditor's meeting must not only be rescheduled, but a notice must be forwarded with at least twenty-one days' notice to creditors by mail, as required. It must, at a minimum, affirmatively inform all creditors of the following:

1) That the original Notice was not sent by counsel to the Debtor, Robert D. Goldberg, Esquire;
2) That the original Notice was not prepared by counsel to the Debtor, Robert D. Goldberg, Esquire;
3) That the original Notice was not approved by counsel to the Debtor, Robert D. Goldberg, Esquire;
4) That contrary to the original Notice, there are assets to pay creditors of the Debtor;
5) That contrary to the original Notice, creditors should file proofs of claim;
6) It should identify the full name and contact information for the person who prepared the original Notice; making it clear who sent the original Notice, and inserting clear language to remove any suggestion that the original Notice was sent by Robert. Goldberg, Esquire, counsel to the Debtor; and
7) It should identify the person who is responsible for the content of the Notice and why it is being sent.

The original Notice has completely tainted the entire proceeding. There is simply no way of knowing how many creditors will fail to file proofs of claim based on the original Notice or how many will simply drop out of the process or sue the undersigned and the other officers and directors of the Company.

There is no excuse for designating this case as a no assets case. The Trustee has known, since at least August 8, 2025, that this was an assets case. On August 8, 2025, the Trustee and Movant had a nice chat about the Property. In fact, the Trustee informed the Movant that this case reminded him of the Mara Largo case in New York where Letisha James sued Donald Trump and the Judge found that Trump's Mara Lago property was only worth $18 million! The movant was

relieved that the Trustee was an accountant who understood the difference between the appraised value of the property and its book value. In addition, the Trustee sent his accountant to the movant's office on September 30, 2025, to pick up the Debtor's books and records. On September 30, 2025, the movant provided the Trustee's accountant with two boxes of appraisals, going back to 1994. (See Exhibit B, p. 2). These included the last three appraisals for the Property which the Debtor, lenders, the Petitioners and interested parties have relied on over the years. The Trustee is on notice of these appraisals.

| | | |
|---|---|---|
| 8-27-2015 | CB Richard Ellis | $ 39,350,000 |
| 3-19-2019 | Newmark Knight Frank | $ 54,860,000 |
| 1-5-2024 | Newmark Knight Frank | $ 55,200,000 |

The movant took great pains and time to explain to the Trustee's accountant why the Gaming Site Approval on land makes the Diamondhead Property such a valuable asset and that the Property was last appraised "as is" in January 2024 by Newmark Knight Frank Valuation and Advisory LLC, at $55.2 million. The movant gave the accountant a "Mississippi Gaming Commission Gaming Site Approval Box #1," to transport personally, because "this box is worth $50 million" with instructions it should be kept intact and that "no one should remove anything." (See Exhibit B, p. 1) The Accountant signed a receipt for this Box and agreed to keep this Box in its "original condition." (See Exhibit B, p. 1). The information given to the Trustee's accountant is imputed to the Trustee. Thus, the Trustee was on notice, at the latest, on September 30, 2025, of the value of the Debtor's primary asset and there is no excuse for claiming this was a "no asset" case.

Finally, the Trustee is retaining Colliers International, which is the same firm the President of the Company retained, and which had just started its marketing and sale of the Diamondhead

Property when the Petition herein was filed. After conducting its due diligence, as the unrebutted testimonial and documentary evidence established at trial, this Company listed the Diamondhead Property for sale at $60 million. (See Bankr, Trial Exhibit 25: Colliers Brochure: Land for Sale, at p. 3) The Debtor provided the Trustee's accountant with multiple, color copies of the Colliers brochures. Thus, the designation of this case as a "no assets" case, cannot be justified.

## IV. THE TRUSTEE'S MOTION FAILS TO COMPLY WITH RULE 6004(b)(i) AND LOCAL RULE 6004-1

The Trustee's motion fails to comply with Fed. R. Bankr. P. 6004 and Local Rule 6004-1. Local Rule 6004-1 expressly requires that all Sale Motions must attach or include the following:

> A copy of the proposed purchase agreement, or a form of such agreement substantially similar to the one the debtor reasonably believes it will execute in connection with the proposed sale (Local Rule 6004-1(b)(i)).

Counsel for the Trustee states in its motion that "[a] copy of the form APA is attached hereto as Exhibit A and is incorporated herein by reference. (Emphasis added.)[D.I. 124, p. 3, footnote 1]. The representation is unfounded since there is no document attached as Exhibit A.

It is impossible to review an asset purchase agreement that is not even attached to the pleading, as claimed. The Trustee has made no attempt to comply with this important rule. The omission precludes any review of the asset purchase agreement and violates basic procedural safeguards.

## V. UNJUSTIFIED WAIVER OF THE FOURTEEN-DAY STAY UNDER RULE 6004(h)

The Trustee is seeking a complete waiver of the fourteen-day stay under Fed. R. Bankr. P. 6004(h). However, there is no justification for such a waiver. Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration for 14 days after entry of the order, unless the court orders otherwise." The stay is

designed to afford aggrieved parties a right to appellate review. Otherwise put, the Trustee seeks to deprive aggrieved persons of *any* right to appellate review. This is especially troublesome since the Trustee has ordered counsel for Debtor, Robert D. Goldberg, Esquire, to withdraw the appeal and other pleadings he filed on behalf of the Debtor in the United States District Court for the District of Delaware.

The Trustee states, in his motion, as follows:

> The Trustee is seeking a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h) **for the reasons discussed below**." (Emphasis added.) [D.I. 124, p.4 par. 8]

Again, the representation is without foundation. Nowhere "below" or anywhere else in the motion does the Trustee identify a single justification for a waiver of the fourteen-day stay required under Rule 6004(h). A person aggrieved by the sale with standing to appeal would be unable to do so. The stay is the only protection an aggrieved person has to appeal a sale under applicable law. Immediate enforcement of the sale order would cause irreparable harm, including loss of appellate rights, irreversible transfer of assets, and irreversible fiduciary harm to officers and other stakeholders. There is simply no compelling reason for a departure from a stay in the case at bar. Nor has the Trustee offered <u>any</u> compelling reason to justify any such departure in his motion. Thus, the waiver must be denied.

**Conclusion**

For the foregoing reasons, the undersigned respectfully requests that the Court:

i) Require that the date of the Creditors' Meeting now scheduled for November 7, 2025, be rescheduled, with at least twenty-one days' mailed notice to creditors as required by Fed. R. Bankr. P. 2002;

ii) Require that the Trustee file a copy of the proposed Asset Purchase Agreement as an Exhibit to the Trustee's motion in compliance with Fed. R. Bankr. P. 6004(b)(i) and Local Rule 6004-1;

iii) Require that the asset designation be corrected; and

iv) Deny the Trustee's request to waive the fourteen-day stay under Fed. R. Bankr. P. 6004(h).

Dated: October 27, 2025

Respectfully submitted,
/s/ Deborah A. Vitale

Deborah A. Vitale
1013 Princess Street
Alexandria, VA 22314
Telephone: (727) 510-1412
Email: vitaledav@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Objection was served, this 27th day of October, via United States mail, postage prepaid, on the following:

Jonathan M. Stemerman, Esquire
Armstrong Teasdale, LLP
1007 N. Market Street, 3rd Floor
Wilmington, DE 19801
Email: jstemerman@atllp.com

Robert D. Goldberg, Esquire
Biggs & Battaglia
921 N. Orange Street
Wilmington, DE 19899-1489
Email: goldberg@batlaw.com

Bradford J. Sandler, Esquire
Pacholski Stang Ziehl & Jones
919 North Market Street, 17th Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw; pkeane@pszjlaw.com

U.S. Trustee
Office of the United States Trustee
J/ Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Email: USTPRegion03.WL.ECF@USDOJ.GOV

/s/ Deborah Vitale
Deborah Vitale

# EXHIBIT A

Information to identify the case:

| | | | |
|---|---|---|---|
| Debtor | Diamondhead Casino Corporation<br>Name | EIN: | 59–2935476 |
| United States Bankruptcy Court | District of Delaware | Date case filed for chapter: | 7 6/12/24 |
| Case number: | 24–11354–JKS | | |

# Official Form 309C (For Corporations or Partnerships)

## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline

10/20

**For the debtor listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Valid picture ID is required for access to the J. Caleb Boggs Federal Building. Additionally, Debtor(s) must also present photo ID plus original verification of his/her social security number to the Bankruptcy Trustee. If you do not have a photo ID and/or original verification of your social security number, please contact the Office of the United States Trustee's (302–573–6491).**

| | | |
|---|---|---|
| **1. Debtor's full name** | Diamondhead Casino Corporation | |
| **2. All other names used in the last 8 years** | | |
| **3. Address** | 1013 Princess Street<br>Alexandria, VA 22314 | |
| **4. Debtor's attorney**<br>Name and address | Robert D. Goldberg<br>Biggs & Battaglia<br>921 North Orange Street<br>Wilmington, DE 19801 | Contact phone 302–655–9677<br><br>Email: goldberg@batlaw.com |
| **5. Bankruptcy trustee**<br>Name and address | George L. Miller<br>1628 John F. Kennedy Blvd.<br>Suite 950<br>Philadelphia, PA 19103–2110 | Contact phone 215–561–0950<br><br>Email: gmiller@mctllp.com |
| **6. Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | 824 Market Street, 3rd Floor<br>Wilmington, DE 19801 | Hours open: Monday – Friday 8:00 AM – 4:00 PM<br><br>Contact phone 302–252–2900<br><br>Date: 10/15/25 |
| **7. Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | **November 7, 2025 at 11:00 AM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. All times listed are in EST. | Location: **Zoom video meeting. Go to www.Zoom.us/join, Enter Meeting ID: 653 180 0746, Passcode: 7131311419, OR Call 1(267) 362–3487**<br><br>For additional information go to https://www.deb.uscourts.gov/virtual–§–341–meetings–creditors |
| **8. Proof of claim**<br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now.<br><br>If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| **9. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |

FRI-78909 0311-1 309C 24-11354
Robert D. Goldberg
921 North Orange Street
Wilmington, DE 19801



007362  7362 1 AB 0.636  22314  7 8  10568-1-7754

Deborah A. Vitale
1866 Carpenter Road
Alexandria, VA 22314-6244

FRI-78909 0311-1 309C 24-11354
Robert D. Goldberg
921 North Orange Street
Wilmington, DE 19801

PRES
FIRST-CLA
POSTAGE & FEES PAID
UNITED STATES COURTS
PERMIT NO. G-18

**OFFICIAL BUSINESS**
UNITED STATES BANKRUPTCY COURT
PENALTY FOR PRIVATE USE, $300
CONTAINS NOTICE of a PROCEEDING
in the
UNITED STATES BANKRUPTCY COURT

**FIRST-CLASS MAIL**

007362 7362 1 AB 0.636 22314 7 8 10568-1-7754
Deborah A. Vitale
1866 Carpenter Road
Alexandria, VA 22314-6244

# EXHIBIT B

# BOXES DELIVERED ON 9-30-25

| BOX # | |
|---|---|
| | IMPORTANT |
| 1 | Mississippi Gaming Commission<br>Gaming Site Approval<br>THIS BOX IS WORTH $50 MILLION<br>Keep it intact.<br>Make sure no one removes anything. |
| 2 | EMINENT DOMAIN<br>IF THIS IS NOT HANDLED CORRECTLY, COOPERATIVE ENERGY WILL STEAL THE PROPERTY BY INSERTING LANGUAGE IN THE EASEMENT I WOULD NOT AGREE TO WHICH ALLOWS THEM TO STEAL LAND BY SIMPLY PAYING FOR THE VALUE OF THE TREES! |
| 3 | ORIGINAL NOTES AND DEBENTURES REGISTER<br>Do not change the order of these documents.<br>These are the original documents in the Notes and Debentures Register.<br>These documents have been marked.<br>They are evidence in a several cases, including a securities case. You can copy them, but do not disturb the order of the documents.<br>This binder will be subpoenaed.<br>You must keep it intact. |
| 4 | Check Registers and Current Checks |
| | I received the above boxes and agree to keep Box 1 and Box 3 in their original condition. |
| | Dated: 9-30-25 |
| | Signed: |
| | |
| | |
| | |
| | |

| | |
|---|---|
| | **GREEN** |
| 1 | **Payables** |
| 2 | **Payables** |
| 3 | **Payroll** |
| 4 | **Checks** |
| 5 | **Checks** |
| 6 | **Bank Statements/Check Approvals** |
| 7 | **Private Placement #1: 2010** |
| 8 | **Private Placement #2: 2010** |
| 9 | **Private Placement 1 & 2** |
| 10 | **Private Placement #3: 2012** |
| 11 | **Private Placement #4: 2014 Evidence** |
| 12 | **Private Placement #4: 2014 Evidence** |
| 13 | **Private Placement #4: 2014 Evidence** |
| | |
| | **WHITE BOXES** |
| 14 | **ESOP #1** |
| 15 | **ESOP #2** |
| 16 | **ESOP #3** |
| 17 | **ESOP #4** |
| 18 | **ESOP #5** |
| | |
| | |
| A | **Appraisals** |
| B | **Feasibility Studies** |
| C | **Feasibility Studies** |
| D | **Newmark Knight Appraisal** |
| | |
| | |
| | **ORANGE** |
| 1 | **Minutes** |
| 2 | **Minutes** |
| | |
| | |
| | |
| | |

| | |
|---|---|
| | |
| | MGC Files |
| 1 | |
| 2 | |
| 3 | |
| 4 | DMR |
| 5 | Design |
| 6 | Design |
| 7 | Design |
| 8 | Design |
| 9 | Engineering |
| 10 | US Army |
| 11 | Legal |
| 12 | Legal |
| 13 | Engineering |
| 14 | CWI |
| 15 | CWI |
| 16 | CWI |
| 17 | MGC |
| 18 | Engineering |
| 19 | “ |
| *20 | “ |
| *21 | “ |
| 22 | US Army Corps of Engineers |
| 23 | Friends Of Earth |
| 24 | Mississippi Gaming Corporation Loan |
| 25 | Site Assessment |
| 26 | DHCC General |
| 27 | |
| 28 | |
| 29 | |
| 30 | |
| 31 | |
| 32 | |
| 33 | |
| 34 | |
| 35 | |
| 36 | |

| 37 | Prospects |
|---|---|
| 38 | “ |
| 39 | “ |
| 40 | ‘ |
| 41 | “ |
| 42 | “ |
| 43 | “ |
| 44 | “ |
| 45 | “ |
| | STOPPED NUMBERING HERE |
| 50 | SEC |
| 51 | SEC |
| 52 | SEC |
| 53 | SEC |
| 54 | SEC |
| 55 | SEC |
| 56 | SEC |
| 57 | SEC |
| 58 | SEC |
| 59 | SEC |
| 60 | SEC |
| 61 | SEC |
| 62 | SEC |
| 63 | SEC |
| 64 | SEC |
| 65 | SEC |
| 66 | NASDAQ |
| 67 | NASDAQ |
| | |
| | |