IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DIAMONDHEAD CASINO CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11354 (JKS)<br><br>Ref. Docket No. 133 |

**ORDER GRANTING APPLICATION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014(a) AND 2016, AND LOCAL RULE 2014-1, FOR AUTHORITY TO EMPLOY AND RETAIN COLLIERS LOUISIANA, LLC AS REAL ESTATE BROKER TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF SEPTEMBER 15, 2025**

Upon consideration of the Application (the "Application")[1] of George L. Miller, the chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), for entry of an order (this "Order"), pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, authorizing the Trustee to employ and retain Colliers Louisiana, LLC ("Colliers") as real estate broker to the Trustee, effective as of September 15, 2025, as more fully set forth in the Application; and the Court having reviewed the Application and the Abadie Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Application in this district is proper pursuant

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

4906-9697-8026.7 57101.00001

to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Trustee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor;

      **IT IS HEREBY ORDERED THAT:**

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to employ and retain Colliers as real estate broker pursuant to sections 327 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of September 15, 2025.

3. Colliers is authorized to render professional services to the Trustee as described in the Application and in accordance with the terms of the Agreement.

4. The Exclusive Listing Agreement attached to the Application is approved as modified herein. Pursuant to the terms therein, any extensions thereof shall not require additional Court approval.

5. Colliers may apply for professional services rendered and reimbursement of expenses in connection with the Chapter 7 Cases pursuant to the Exclusive Listing Agreement, subject to the provisions of sections 330 and 331 of the Bankruptcy Code governing professional compensation and reimbursement, the Bankruptcy Rules, and the Local Rules.

6. Notwithstanding anything to the contrary in the Application, Colliers shall not seek reimbursement of any fees or costs arising from the defense of any of Colliers' fee applications in this case.

7. The limitations of liability provisions contained in the last sentence of paragraph 11 of the Exclusive Rights Agreement shall have no force or effect for services rendered pursuant to this Order.

8. The indemnification provisions included at paragraph 11 of the Exclusive Rights Agreement are approved, subject to the following:

   a. No party entitled to indemnification (an "Indemnified Party") shall be entitled to indemnification, contribution or reimbursement pursuant to the Exclusive Rights Agreement for services, unless such services and the indemnification, contribution or reimbursement therefore are approved by this Court.

   b. The Trustee shall have no obligation to indemnify any Indemnified Agent, or provide contribution or reimbursement to any Indemnified Agent, for any claim or expense to the extent it is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from any Indemnified Agent's gross negligence, willful misconduct or bad faith; (ii) for a contractual dispute in which the Trustee alleges breach of Colliers' contractual obligations, unless this Court determines that indemnification, contribution or reimbursement would be permissible pursuant to *In re United Artists Theatre Company*, 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by this Court, after notice and a hearing pursuant to subparagraph (c) hereof to be a claim or expense for which the Indemnified Agent should not receive indemnity, contribution or reimbursement under the terms of the Exclusive Rights Agreement, as modified by this Order.

      c. If, before the earlier of the entry of an order closing the case, an Indemnified Agent believes that it is entitled to the payment of any amounts by the Trustee on account of the Trustee's indemnification, contribution and/or reimbursement obligations under the Agreement (as modified by this Order), including without limitation, the advancement of defense costs, the Indemnified Agent must file an application therefor in this Court, and the Trustee may not pay any such amounts to the Indemnified Agent before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by any Indemnified Agent for indemnification, contribution and/or reimbursement, and not a provision limiting the duration of the Trustee's obligation to indemnify, or make contributions or reimbursements to, the Indemnified Agents. All parties in interest shall retain the right to object to any demand by any Indemnified Agent for indemnification, contribution and/or reimbursement.

9.     The Trustee is authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: November 3rd, 2025
Wilmington, Delaware

J. KATE STICKLES
UNITED STATES BANKRUPTCY JUDGE

4906-9697-8026.7 57101.00001