**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DIAMONDHEAD CASINO CORPORATION,<br><br>　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 24-11354 (JKS)<br><br>**Re: Docket No. 124** |

**ORDER (A) ESTABLISHING BID PROCEDURES IN CONNECTION WITH SALE OF DEBTOR'S ASSETS AND AUTHORIZING TRUSTEE'S ABILITY TO DESIGNATE A STALKING HORSE AND PROVIDE BID PROTECTIONS, SUBJECT TO FILING A STALKING HORSE SUPPLEMENT; (B) APPROVING THE FORM AND MANNER OF NOTICES; (C) SCHEDULING A SALE HEARING; AND (D) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of George L. Miller, chapter 7 trustee (the "Trustee" or "Seller") to the estate of the above-captioned debtor (the "Debtor") for entry of an order: (a) establishing bidding procedures (the "Bid Procedures") in connection with a sale (the "Sale") of substantially all of the Debtor's assets (the "Assets"), free and clear of all liens, claims, interests, and encumbrances, and authorizing the Trustee's ability to select a stalking horse bidder and provide bid protections; (b) approving the form and manner of notices of the Sale and Bid Procedures; (c) scheduling a hearing to consider the approval of the Sale (the "Sale Hearing"); and (d) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, creditors, and other parties in interest; and the Court having found that notice of and opportunity for a hearing on the Motion were appropriate; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Bid Procedures, attached hereto as **Exhibit 1**, are hereby approved in all respects. The following deadlines in connection with the Bid Procedures are approved:

| Date | Event |
| --- | --- |
| **November 3, 2025, at 3:00 p.m. (ET)** | Hearing on Motion |
| **December 15, 2025 at 4:00 p.m. (ET)** | Deadline for Selection of Stalking Horse Bidder |
| **December 22, 2025 at 4:00 p.m. (ET)** | Objection Deadline for Selection of Stalking Horse Bidder |
| **January 9, 2026 at 4:00 p.m. (ET)** | Bid Deadline for Qualified Bids |
| **January 13, 2026 at 4:00 p.m. (ET)** | Notification of Qualified Bidders |
| **January 22, 2026 at 10:00 a.m. (ET)** | Auction |
| **January 29, 2026 at 4:00 p.m. (ET)** | Deadline to file any objections to Sale |
| **February 5, 2026 at 10:00 a.m. (ET)** | Sale Hearing |

3. Any person who wishes to participate in the Bidding Process must be a Potential Bidder, and any person who wishes to participate in the Auction must be a Qualified Bidder. To be a Potential Bidder, a person must deliver the Potential Bid Documents via email to the Trustee and the Trustee's counsel. All Qualified Bidders must deliver to the Trustee and his counsel the required bid documents in accordance with the Bid Procedures by **January 9, 2026 at 4:00 p.m. (ET)** (the "Bid Deadline").

4.  Subject to further Court approval through entry of an order approving the Sale, the Trustee is authorized, but not directed, to structure the Sale of the Assets in his business judgment to maximize the value for the Debtor's estate. The Trustee may, in his reasonable business judgment, vary the Bid Procedures prior to or after the Auction has commenced.

**Auction**

5.  If, as of the Bid Deadline, the Trustee has received one or more Qualified Bids, the Auction shall take place either in person at offices of Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, telephonically and/or via Zoom videoconference, on **January 22, 2026 at 10:00 a.m. (ET)** or such later time or other place as the Trustee may determine. In the event that the Trustee designates a later time or place for the Auction, the Trustee shall: (i) notify all Qualified Bidders (as defined in the Bid Procedures); and (ii) file a notice of such change with the Court. If the Trustee receives only a Stalking Horse Bid or one Qualified Bid with regard to the Assets: (a) the Trustee may, in his discretion, not hold an Auction with respect to the Assets; (b) the Stalking Horse Bid or the Qualified Bid, as applicable, may be named the Successful Bid with respect to the Assets; and (c) the Stalking Horse Bidder or the Qualified Bidder, as applicable, may be named the Successful Bidder with respect to the Assets.

6.  Each Qualified Bidder participating in the Auction will be required to confirm, in writing, that: (a) it has not engaged in any collusion with respect to the Bidding Process or on the record at the Auction; (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder; and (c) the Potential Bidder agrees to serve as a backup bidder if the Potential Bidder's Qualified Bid is the next highest and best bid after the Successful Bid with respect to the Assets.

**Sale Notice**

7.      Promptly upon entry of this Order, the Trustee will commence service of the Sale Notice by mailing the Sale Notice and this Order via first class mail to the Notice Parties and/or via email on the Notice Parties who have actually consented or deemed to have consented to email service under the Local Rules.  The Sale Notice is hereby approved.

**Sale Objection Deadline**

8.      Objections, if any, to the Sale shall be filed with this Court and served in accordance with the Sale Notice and this Order so as to be received by **January 29, 2026 at 4:00 p.m. (ET)**.

**Sale Hearing**

9.      The Sale Hearing shall be held before this Court on **February 5, 2026 at 10:00 a.m. (ET)** before the Honorable J. Kate Stickles, United States Bankruptcy Judge for the District of Delaware, at 824 North Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801 (or virtually via Zoom videoconference).  The Trustee shall file a form of Sale Order no later than two (2) business days before the Sale Hearing.  At the Sale Hearing, the Trustee will seek entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s).  The Sale Hearing (or any portion thereof) may be adjourned by this Court or the Trustee from time to time without further notice other than by announcement in open court, on this Court's calendar, or through the filing of a notice or other document on this Court's docket.

**The Stalking Horse and Bid Protections**

10.     The Trustee is authorized, but not directed, in the exercise of his reasonable business judgment , to (i) designate a Stalking Horse Bidder, (ii) enter into a Stalking Horse asset purchase agreement (a "Stalking Horse APA") in accordance with the Bid Procedures, and (iii)

agree to any bid protections (the "Bid Protections") subject to further Court approval, in each case at any time prior to the Auction and in accordance with this Order and the Bidding Procedures annexed hereto; *provided, however*, that the Bid Protections in the aggregate shall be no more than 3% of the cash amount of the Purchase Price for the Assets.

11. In the event that the Trustee designates a Stalking Horse Bidder and enters into the Stalking Horse APA on or prior to **December 15, 2025 at 4:00 p.m. (ET)** (the "Stalking Horse Supplement Deadline"), the Trustee shall file a supplement to the Motion (the "Stalking Horse Supplement") seeking approval of the same, with an objection deadline of **December 22, 2025 at 4:00 p.m. (ET)** (the "Stalking Horse Objection Deadline") to the Objection Notice Parties (as defined below) with no further notice being required, provided that the Stalking Horse Supplement (i) sets forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, then the Stalking Horse Bidder's parent company or sponsor) and disclose the relationship – insider or otherwise – between the Debtor and the Stalking Horse Bidder; (ii) describes the Assets proposed to be sold under the Stalking Horse Bid; (iii) sets forth the amount of the Stalking Horse Bid and what portion (if any) is cash; (iv) states whether the Stalking Horse Bidder has any connection to the Debtor or the Trustee other than those that arise from the Stalking Horse Bid; (v) specifies any proposed Bid Protections; (vi) attaches the Stalking Horse APA, including all exhibits, schedules or attachments thereto; and (vii) sets forth the deadline to object to the Stalking Horse Bidder designation and any Bid Protections. The Stalking Horse Supplement shall also include any evidence, such as a supporting declaration, that the Trustee would like the Court to consider in connection with any request to approve any breakup fee and/or expense reimbursement and/or any other Bid Protections as an administrative expense under section 503(b) of the Bankruptcy Code.

12. For purposes of the preceding paragraph, the Objection Notice Parties shall be: (a) the Office of the United States Trustee; and (b) all parties that have filed a notice of appearance and request for service pursuant to Bankruptcy Rule 2002.

13. If the Stalking Horse Bidder and the Stalking Horse APA are designated after the occurrence of the Stalking Horse Supplement Deadline, but prior to the Auction, the Trustee reserves the right to file a motion with the Court seeking approval, on an expedited basis, of the Stalking Horse Bidder and Stalking Horse APA. The Stalking Horse Supplement or motion, as applicable, shall set forth the reasons the Trustee believes any Bid Protections satisfy the requirements of section 503(b) of the Bankruptcy Code. For the avoidance of doubt, nothing in this Order is shifting the Trustee's burden of proof that the Bid Protections are actually necessary to preserve the value of the estate pursuant to section 503(b) of the Bankruptcy Code. Nothing in this Order shall be deemed to award any Bid Protections (i) related to a credit bid or (ii) in favor of an insider or affiliate of the Debtor.

14. Objections to the designation of a Stalking Horse Bidder or any of the terms of a Stalking Horse Bid (the "<u>Stalking Horse Objection</u>") shall (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, and (d) be filed with the Court and served on the Trustee's counsel and the Objection Notice Parties no later than **December 22, 2025, at 4:00 p.m. (ET)** or such other date as ordered by the Court (the "<u>Stalking Horse Objection Deadline</u>").

15. If a timely Stalking Horse Objection is filed, the Trustee will schedule a hearing regarding such Stalking Horse Objection as soon as reasonably practicable seeking approval of such Stalking Horse Bid, which hearing may be on an expedited basis but subject to the Court's calendar. If no timely Stalking Horse Objection is filed and served with respect to the

Stalking Horse Bid, upon the expiration of the Stalking Horse Objection Deadline, the Trustee is authorized submit to the Court an order under certification of counsel approving the designation of the Stalking Horse Bidder and Stalking Horse APA (the "Stalking Horse Approval Order"), which may be entered by the Court without a hearing, including with respect to any Bid Protections set forth in the Stalking Horse Supplement. For the avoidance of doubt, no determination is made in this Order regarding the authorization of any Bid Protections.

16. Upon entry of an order approving the Stalking Horse Bidder and the Bid Protections, the Trustee's obligations to pay the Bid Protections shall constitute, pursuant to section 503(b) of the Bankruptcy Code, an administrative expense claim against the Debtor's bankruptcy estate.

**Other Provisions**

17. Notwithstanding the possible applicability of Rules 7062 or 9014 of the Federal Rules of Bankruptcy Procedure or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of effectiveness or execution of this Order.

18. In the event of any conflict between this Order and the Bid Procedures, this Order shall govern in all respects.

19. The requirements set forth in Rules 9006-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are hereby satisfied or waived.

20. This Court shall retain exclusive jurisdiction over any matters related to or arising from the interpretation, enforcement, and implementation of this Order.

**Dated: November 5th, 2025**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

4927-2614-9984.7 57101.00001