**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | |

Sale Objection Deadline: January 29, 2026, at 4:00 p.m. (ET)
Sale Hearing Date: February 5, 2026, at 10:00 a.m. (ET)

**NOTICE OF (I) PROPOSED SALE OF DEBTOR'S ASSETS,**
**(II) AUCTION, AND (III) SALE HEARING**

      **PLEASE TAKE NOTICE** that George L. Miller, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor") filed a motion [Docket No. 124] (the "Motion")[1] for entry of an order: (a) establishing bidding procedures (the "Bid Procedures") in connection with the sale (the "Sale") of the Debtor's assets (the "Assets"), free and clear of all liens, claims, and encumbrances, and authorizing the Trustee's ability to designate a stalking horse bidder and provide bid protections, subject to filing a Stalking Horse Supplement; (b) approving the form and manner of notices of the Sale and the Bid Procedures; (c) scheduling a hearing to consider the approval of the Sale (the "Sale Hearing"), and (d) granting related relief, with the United States Bankruptcy Court for the District of Delaware (the "Court").

      **PLEASE TAKE FURTHER NOTICE** that on November 5, 2025, the Court entered an order (the "Bid Procedures Order") approving the Bid Procedures [Docket No. 154].

      **PLEASE TAKE FURTHER NOTICE** that the Sale Hearing to consider, among other things, the approval of the Sale of the Asset and the APA (as defined in the Motion) with the party or parties submitting the highest or otherwise best bid at the Auction (as defined in the Motion), **will be held on February 5, 2026 at 10:00 a.m. (ET)** before The Honorable J. Kate Stickles, United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of Delaware, 824 Market Street, 5th Floor, Courtroom No. 6, Wilmington, DE 19801, or as soon thereafter as the Trustee may be heard. This hearing may be adjourned from time to time, without further notice to parties in interest other than by announcement of the adjournment in open Court.

      **PLEASE TAKE FURTHER NOTICE** that if, as of the Bid Deadline, the Trustee has received one or more Qualified Bids, **an Auction will be conducted** either in person at Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, telephonically and/or via Zoom videoconference on **January 22, 2026, at 10:00 a.m. (ET)** or such

---

[1] Capitalized terms used, but not defined, herein shall have the meaning ascribed to them in the Motion or Bid Procedures Order, as applicable.

later time or other place as the Trustee may determine, in accordance with the Bid Procedures set forth in the Bid Procedures Order.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Motion, the Trustee seeks, among other things, to sell the Assets to a prevailing bidder at an auction (the "Prevailing Bidder"), free and clear of all liens, claims, encumbrances and other interests pursuant to section 363 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that objections to the Motion must be in writing, conform to the Federal Rules of Bankruptcy Procedure and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, and be filed with the Court and served upon:  (i) counsel for the Trustee, (a) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE  19801 (Attn: Bradford J. Sandler and Peter J. Keane) bsandler@pszjlaw.com, pkeane@pszjlaw.com; and (ii) the Office of the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, so as to be actually received no later than **January 29, 2026 at 4:00 p.m. (ET).**

**PLEASE TAKE FURTHER NOTICE** that this Sale Notice and the Sale Hearing are subject to the full terms and conditions of the Sale Motion, the Bid Procedures Order, and the Bid Procedures, which shall control in the event of any conflict.  A copy of the Sale Motion, Bid Procedures, or Bid Procedures Order may be obtained by request made to counsel to the Trustee, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19801, Attn:  Bradford J. Sandler and Peter J. Keane, Telephone:  (302) 652-4100, Facsimile:  (302) 652-4400, E-mail: bsandler@pszjlaw.com and pkeane@pszjlaw.com.

**THE TRUSTEE ENCOURAGES ALL PARTIES TO CAREFULLY REVIEW THE BID PROCEDURES ATTACHED HERETO AS EXHIBIT A, AS WELL AS ALL TERMS AND CONDITIONS OF THE MOTION, THE APA, AND THE BID PROCEDURES ORDER.**

Dated:  November 5, 2025          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*

Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: bsandler@pszjlaw.com
        pkeane@pszjlaw.com
        ecorma@pszjlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | **Re: Docket No. 124** |

**ORDER (A) ESTABLISHING BID PROCEDURES IN CONNECTION WITH SALE OF
DEBTOR'S ASSETS AND AUTHORIZING TRUSTEE'S ABILITY TO DESIGNATE A
STALKING HORSE AND PROVIDE BID PROTECTIONS, SUBJECT TO FILING A
STALKING HORSE SUPPLEMENT; (B) APPROVING THE FORM AND MANNER OF
NOTICES; (C) SCHEDULING A SALE HEARING;
AND (D) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion") of George L. Miller, chapter 7

trustee (the "Trustee" or "Seller") to the estate of the above-captioned debtor (the "Debtor") for

entry of an order:  (a) establishing bidding procedures (the "Bid Procedures") in connection with

a sale (the "Sale") of substantially all of the Debtor's assets (the "Assets"), free and clear of all

liens, claims, interests, and encumbrances, and authorizing the Trustee's ability to select a stalking

horse bidder and provide bid protections; (b) approving the form and manner of notices of the Sale

and Bid Procedures; (c) scheduling a hearing to consider the approval of the Sale (the "Sale

Hearing"); and (d) granting related relief, all as more fully set forth in the Motion; and the United

States District Court for the District of Delaware having jurisdiction over this matter pursuant to

28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended

Standing Order of Reference from the United States District Court for the District of Delaware*,

dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28

U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with

Article III of the United States Constitution; and the Court having found that venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

the Court having found that the relief requested in the Motion is in the best interests of the Debtor's

estate, creditors, and other parties in interest; and the Court having found that notice of and

opportunity for a hearing on the Motion were appropriate; and the Court having determined that

the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

and after due deliberation and sufficient cause appearing therefor;

### IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The Bid Procedures, attached hereto as **Exhibit 1**, are hereby approved in

all respects.  The following deadlines in connection with the Bid Procedures are approved:

| Date | Event |
|---|---|
| **November 3, 2025, at 3:00 p.m. (ET)** | Hearing on Motion |
| **December 15, 2025 at 4:00 p.m. (ET)** | Deadline for Selection of Stalking Horse Bidder |
| **December 22, 2025 at 4:00 p.m. (ET)** | Objection Deadline for Selection of Stalking Horse Bidder |
| **January 9, 2026 at 4:00 p.m. (ET)** | Bid Deadline for Qualified Bids |
| **January 13, 2026 at 4:00 p.m. (ET)** | Notification of Qualified Bidders |
| **January 22, 2026 at 10:00 a.m. (ET)** | Auction |
| **January 29, 2026 at 4:00 p.m. (ET)** | Deadline to file any objections to Sale |
| **February 5, 2026 at 10:00 a.m. (ET)** | Sale Hearing |

3.      Any person who wishes to participate in the Bidding Process must be a

Potential Bidder, and any person who wishes to participate in the Auction must be a Qualified

Bidder.  To be a Potential Bidder, a person must deliver the Potential Bid Documents via email to

the Trustee and the Trustee's counsel.  All Qualified Bidders must deliver to the Trustee and his

counsel the required bid documents in accordance with the Bid Procedures by **January 9, 2026 at**

**4:00 p.m. (ET)** (the "Bid Deadline").

4.      Subject to further Court approval through entry of an order approving the Sale, the Trustee is authorized, but not directed, to structure the Sale of the Assets in his business judgment to maximize the value for the Debtor's estate.  The Trustee may, in his reasonable business judgment, vary the Bid Procedures prior to or after the Auction has commenced.

**Auction**

5.      If, as of the Bid Deadline, the Trustee has received one or more Qualified Bids, the Auction shall take place either in person at offices of Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, telephonically and/or via Zoom videoconference, on **January 22, 2026 at 10:00 a.m. (ET)** or such later time or other place as the Trustee may determine.  In the event that the Trustee designates a later time or place for the Auction, the Trustee shall:  (i) notify all Qualified Bidders (as defined in the Bid Procedures); and (ii) file a notice of such change with the Court.  If the Trustee receives only a Stalking Horse Bid or one Qualified Bid with regard to the Assets:  (a) the Trustee may, in his discretion, not hold an Auction with respect to the Assets; (b) the Stalking Horse Bid or the Qualified Bid, as applicable, may be named the Successful Bid with respect to the Assets; and (c) the Stalking Horse Bidder or the Qualified Bidder, as applicable, may be named the Successful Bidder with respect to the Assets.

6.      Each Qualified Bidder participating in the Auction will be required to confirm, in writing, that:  (a) it has not engaged in any collusion with respect to the Bidding Process or on the record at the Auction; (b) its Qualified Bid is a good faith bona fide offer that it intends to consummate if selected as the Successful Bidder; and (c) the Potential Bidder agrees to serve as a backup bidder if the Potential Bidder's Qualified Bid is the next highest and best bid after the Successful Bid with respect to the Assets.

**Sale Notice**

7.      Promptly upon entry of this Order, the Trustee will commence service of the Sale Notice by mailing the Sale Notice and this Order via first class mail to the Notice Parties and/or via email on the Notice Parties who have actually consented or deemed to have consented to email service under the Local Rules.  The Sale Notice is hereby approved.

**Sale Objection Deadline**

8.      Objections, if any, to the Sale shall be filed with this Court and served in accordance with the Sale Notice and this Order so as to be received by **January 29, 2026 at 4:00 p.m. (ET)**.

**Sale Hearing**

9.      The Sale Hearing shall be held before this Court on **February 5, 2026 at 10:00 a.m. (ET)** before the Honorable J. Kate Stickles, United States Bankruptcy Judge for the District of Delaware, at 824 North Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801 (or virtually via Zoom videoconference).  The Trustee shall file a form of Sale Order no later than two (2) business days before the Sale Hearing.  At the Sale Hearing, the Trustee will seek entry of the Sale Order approving and authorizing the Sale to the Successful Bidder(s). The Sale Hearing (or any portion thereof) may be adjourned by this Court or the Trustee from time to time without further notice other than by announcement in open court, on this Court's calendar, or through the filing of a notice or other document on this Court's docket.

**The Stalking Horse and Bid Protections**

10.      The Trustee is authorized, but not directed, in the exercise of his reasonable business judgment , to (i) designate a Stalking Horse Bidder, (ii) enter into a Stalking Horse asset purchase agreement (a "Stalking Horse APA") in accordance with the Bid Procedures, and (iii)

agree to any bid protections (the "Bid Protections") subject to further Court approval, in each case at any time prior to the Auction and in accordance with this Order and the Bidding Procedures annexed hereto; *provided, however*, that the Bid Protections in the aggregate shall be no more than 3% of the cash amount of the Purchase Price for the Assets.

11.     In the event that the Trustee designates a Stalking Horse Bidder and enters into the Stalking Horse APA on or prior to **December 15, 2025 at 4:00 p.m. (ET)** (the "Stalking Horse Supplement Deadline"), the Trustee shall file a supplement to the Motion (the "Stalking Horse Supplement") seeking approval of the same, with an objection deadline of **December 22, 2025 at 4:00 p.m. (ET)** (the "Stalking Horse Objection Deadline") to the Objection Notice Parties (as defined below) with no further notice being required, provided that the Stalking Horse Supplement (i) sets forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, then the Stalking Horse Bidder's parent company or sponsor) and disclose the relationship – insider or otherwise – between the Debtor and the Stalking Horse Bidder; (ii) describes the Assets proposed to be sold under the Stalking Horse Bid; (iii) sets forth the amount of the Stalking Horse Bid and what portion (if any) is cash; (iv) states whether the Stalking Horse Bidder has any connection to the Debtor or the Trustee other than those that arise from the Stalking Horse Bid; (v) specifies any proposed Bid Protections; (vi) attaches the Stalking Horse APA, including all exhibits, schedules or attachments thereto; and (vii) sets forth the deadline to object to the Stalking Horse Bidder designation and any Bid Protections.  The Stalking Horse Supplement shall also include any evidence, such as a supporting declaration, that the Trustee would like the Court to consider in connection with any request to approve any breakup fee and/or expense reimbursement and/or any other Bid Protections as an administrative expense under section 503(b) of the Bankruptcy Code.

12. For purposes of the preceding paragraph, the Objection Notice Parties shall be: (a) the Office of the United States Trustee; and (b) all parties that have filed a notice of appearance and request for service pursuant to Bankruptcy Rule 2002.

13. If the Stalking Horse Bidder and the Stalking Horse APA are designated after the occurrence of the Stalking Horse Supplement Deadline, but prior to the Auction, the Trustee reserves the right to file a motion with the Court seeking approval, on an expedited basis, of the Stalking Horse Bidder and Stalking Horse APA. The Stalking Horse Supplement or motion, as applicable, shall set forth the reasons the Trustee believes any Bid Protections satisfy the requirements of section 503(b) of the Bankruptcy Code. For the avoidance of doubt, nothing in this Order is shifting the Trustee's burden of proof that the Bid Protections are actually necessary to preserve the value of the estate pursuant to section 503(b) of the Bankruptcy Code. Nothing in this Order shall be deemed to award any Bid Protections (i) related to a credit bid or (ii) in favor of an insider or affiliate of the Debtor.

14. Objections to the designation of a Stalking Horse Bidder or any of the terms of a Stalking Horse Bid (the "Stalking Horse Objection") shall (a) be in writing, (b) comply with the Bankruptcy Code, Bankruptcy Rules, and Local Bankruptcy Rules, (c) state, with specificity, the legal and factual bases thereof, and (d) be filed with the Court and served on the Trustee's counsel and the Objection Notice Parties no later than **December 22, 2025, at 4:00 p.m. (ET)** or such other date as ordered by the Court (the "Stalking Horse Objection Deadline").

15. If a timely Stalking Horse Objection is filed, the Trustee will schedule a hearing regarding such Stalking Horse Objection as soon as reasonably practicable seeking approval of such Stalking Horse Bid, which hearing may be on an expedited basis but subject to the Court's calendar. If no timely Stalking Horse Objection is filed and served with respect to the

Stalking Horse Bid, upon the expiration of the Stalking Horse Objection Deadline, the Trustee is authorized submit to the Court an order under certification of counsel approving the designation of the Stalking Horse Bidder and Stalking Horse APA (the "<u>Stalking Horse Approval Order</u>"), which may be entered by the Court without a hearing, including with respect to any Bid Protections set forth in the Stalking Horse Supplement. For the avoidance of doubt, no determination is made in this Order regarding the authorization of any Bid Protections.

16.     Upon entry of an order approving the Stalking Horse Bidder and the Bid Protections, the Trustee's obligations to pay the Bid Protections shall constitute, pursuant to section 503(b) of the Bankruptcy Code, an administrative expense claim against the Debtor's bankruptcy estate.

### Other Provisions

17.     Notwithstanding the possible applicability of Rules 7062 or 9014 of the Federal Rules of Bankruptcy Procedure or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall be immediately effective and enforceable upon its entry, and there shall be no stay of effectiveness or execution of this Order.

18.     In the event of any conflict between this Order and the Bid Procedures, this Order shall govern in all respects.

19.     The requirements set forth in Rules 9006-1 and 9013-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware are hereby satisfied or waived.

20.     This Court shall retain exclusive jurisdiction over any matters related to or arising from the interpretation, enforcement, and implementation of this Order.

**Dated: November 5th, 2025**
**Wilmington, Delaware**

**J. KATE STICKLES**
**UNITED STATES BANKRUPTCY JUDGE**

4927-2614-9984.7 57101.00001

**Exhibit 1**

**Bid Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | |

**BID PROCEDURES IN CONNECTION WITH**
**SALE OF THE DEBTOR'S ASSETS**

These bidding procedures (the "Bid Procedures") shall govern the disposition of substantially all of the Debtor's assets (the "Assets") that are property of the estate of the above-captioned debtor (collectively, the "Debtor"), pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

**1.      Determining Potential Bidders**

To participate in the bidding process, each person or entity who wishes to receive non-public information concerning the Assets (a "Potential Bidder") must contact George L. Miller, the appointed chapter 7 trustee (the "Seller" or "Trustee") in the above-captioned cases and his counsel, Pachulski Stang Ziehl & Jones LLP, Attn: Bradford J. Sandler (bsandler@pszjlaw.com) and Peter J. Keane (pkeane@pszjlaw.com), to express an interest in receiving information about the Assets.

**2.      Qualified Bids and Qualified Bidders**

To become a Qualified Bidder, each Potential Bidder must deliver to the Trustee and his counsel a "Qualified Bid" on or before **January 9, 2026 at 4:00 p.m. (ET)** (the "Bid Deadline").  To constitute a Qualified Bid, a bid must:

> a.      be in writing;
>
> b.      provide an irrevocable offer in the form of an asset purchase agreement ("APA") marked to show all changes requested by the Potential Bidder (including those related to purchase price) from the form of APA;
>
> c.      offer to pay a price equal to or greater than:  (i) the Stalking Horse Overbid in the event that a Stalking Horse Supplement (as defined below) has been filed prior to the Bid Deadline with respect to the relevant Assets; or (ii) an amount that the Trustee determines

constitutes a fair and adequate price, the acceptance of which would be in the best interests of the estate (the "<u>Minimum Bid</u>");

d.  provide a clean version of the APA containing all of the requested changes described above  executed by the Potential Bidder;

1.  The Trustee may conclude, in his reasonable business judgment that any such changes are detrimental to creditors or the Debtor's estate and, based on such determination, decline to designate the Potential Bidder and the Potential Bid as qualified to participate in the Auction, unless such requested changes are acceptably modified or are eliminated.

2.  The APA shall not include any financing, due diligence, or other contingencies and must, by its terms, remain open and binding on the Potential Bidder until the conclusion of the Auction.  If a Potential Bidder and a Potential Bid are deemed qualified to participate in the Auction, and the Auction concludes with such Qualified Bid being determined by the Trustee, in his reasonable business judgment, as the highest or otherwise best received at the Auction (the "<u>Prevailing Bid</u>"), the APA with respect to such Qualifying Bid, by its terms, shall remain binding upon the Prevailing Bidder submitting such Qualified Bid.

3.  If the Auction concludes with the Qualified Bid being determined by the Trustee, in his reasonable business judgment, to be the second highest or otherwise best, the APA, by its terms, shall remain binding as the backup bid (the "<u>Backup Bid</u>") until the closing of a transaction.  If the Prevailing Bidder fails timely to close the transaction pursuant to the terms of the Prevailing Bid APA, the Trustee may, in his reasonable business judgment, elect to deem the Backup Bid as the Prevailing Bid and the Backup Bidder as the Prevailing Bidder, and such bidder shall be obligated to close the transaction no later than five (5)  days following such election pursuant to the terms of its Backup Bid, or such later time as the Trustee and the Backup Bidder may agree. If a Qualified Bid is neither the Prevailing Bid nor the Backup Bid, the APA, by its terms, shall cease to be binding and any deposit shall be returned to the Qualified Bidder as soon as practicable following the conclusion of the Auction.

e.  provide a clean and redline version of the proposed sale order to approve the APA, marked to show all changes requested by the Potential Bidder from the form of sale order attached to the Debtor's bid procedures motion as <u>Exhibit D</u>;

f.      include a good faith deposit (the "<u>Deposit</u>") in an amount equal to ten percent (10%) of the Purchase Price offered to purchase the Assets, which Deposit must be submitted in the form of a certified or bank check (or other form acceptable to the Trustee) payable to the order of the Trustee. All Deposits will be held in a segregated account by the Trustee until no later than ten (10) days after the Auction and thereafter returned to the respective bidders in accordance with these Bid Procedures, unless the bidder has been selected as the successful bidder, or, in the case of the Backup Bidder, the Deposit shall be held by the Trustee until the Closing of the Sale to the Prevailing Bidder;

g.      fully disclose the identity of the Potential Bidder and the Potential Bidder's sponsors (the "<u>Sponsors</u>") (if any), and the representatives thereof who are authorized to appear and act on their behalf for all purposes regarding the contemplated transaction. A Qualified Bid also shall identify if any of the principals, investors, officers, or directors of the Potential Bidder are principals, investors, officers, directors, or employees of any of the Debtor or the Trustee;

h.      contain written evidence reasonably acceptable to the Trustee indicating that the Potential Bidder is authorized to submit a bid;

i.      not contain a request for any break-up fee, termination fee, expense reimbursement, or similar type of payment (unless the Trustee determines to select the potential Bid as a Stalking Horse Bid). Moreover, neither the tendering of a Potential Bid, nor the determination that a Potential Bid is a Qualified Bid, shall entitle the Potential Bidder to any break-up fee, termination fee, expense reimbursement, or similar type of payment. Notwithstanding the foregoing, the Trustee may award any stalking horse purchaser with bidding protections, including in the form of a breakup fee and/or expense reimbursement, which shall not exceed 3% of the Purchase Price, subject to the Stalking Horse Supplement and objection procedures below; and

j.      contain a written statement that the bidder: (a) has not and will not engage in any collusion with respect to the bidding process; and (b) has made its bid as a good faith bona fide offer that it intends to consummate if selected as the Prevailing Bidder.

The Trustee, in his reasonable discretion, may agree to waive some or all of the requirements set forth above. Each Potential Bidder shall comply with all reasonable requests for information and access by the Trustee or his advisors regarding the ability of such Potential Bidder, as applicable, to consummate a proposed Sale.

3.      **Notification of Qualified Bidders**

The Trustee shall identify and notify the Qualified Bidders of their selection on or before **January 13, 2026 at 4:00 p.m. (ET)**.

A "Qualified Bidder" under the Bid Procedures is a Potential Bidder who, no later than the Bid Deadline, delivers the Potential Bid Package to the Trustee and counsel that satisfies the requirements for a "Qualified Bid" under the Bid Procedures. The Trustee shall determine whether a Potential Bidder has submitted a bid that qualifies as a Qualified Bid.

4.      **Minimum Overbid**

The Minimum Overbid proposed by the Potential Bid, other than a credit bid, can include only cash, and the aggregate consideration of the Potential Bid must equal or exceed the Initial Bid plus the required Overbid increment of $250,000, plus, in the event a Stalking Horse Bidder is selected, the Stalking Horse Overbid or such other amount as the Trustee may determine in his business judgment.[1]

5.      **Due Diligence**

The Trustee shall provide access to due diligence materials for the Assets to each Potential Bidder. The Trustee may designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from such bidders. The Trustee shall not be obligated to furnish any due diligence information after the Bid Deadline. Potential Bidders acknowledge that the sale of the Assets is a sale "as is," "where is," and with all faults. Neither the Trustee nor any of his representatives will be obligated to furnish any information relating to the Assets to any person except to a Potential Bidder. Potential Bidders will be advised to exercise their own judgment and discretion before relying on any information regarding the Assets provided by anyone other than the Trustee or his representatives.

6.      **Stalking Horse Bidder**

The Trustee expressly reserves the right to designate a Stalking Horse Bidder in accordance with the exercise of his business judgment and will file the Stalking Horse Supplement on or before **December 15, 2025 at 4:00 p.m. (ET)**. The Stalking Horse Bid shall set the floor for all bids for the Assets at the Auction. Recognizing a Stalking Horse Bidder's expenditure of time, energy, and resources, and that a Stalking Horse Bid provides a floor bid with respect to the Assets, the Trustee may provide any Stalking Horse Bidder with customary bid protections (the "Bid Protections") as may be agreed between the Trustee and the Stalking Horse Bidder, in the event that the Stalking Horse Bid is contingent on such Bid Protections being awarded; *provided, however*, that the Bid Protections in the aggregate shall be no more than 3% of the Purchase Price for the Assets (collectively, the "Bid Protections"), subject to the Stalking Horse Supplement and

---

[1] The Trustee retains full discretion to determine a separate Minimum Overbid with the residential lot in Diamondhead, Mississippi owned by the Debtor.

objection procedures set forth in the Court's order approving these Bid Procedures and the requirements set forth below; and *provided, further* that any expense reimbursement portion of any Bid Protections shall be subject to review by the U.S. Trustee.   A Stalking Horse Supplement shall include the following information:

(i)     sets forth the identity of the Stalking Horse Bidder (and if the Stalking Horse Bidder is a newly formed entity, then the Stalking Horse Bidder's parent company or sponsor) and disclose the relationship – insider or otherwise – between the Debtor and the Stalking Horse Bidder;

(ii)    describes the Assets proposed to be sold under the Stalking Horse Bid;

(iii)   sets forth the amount of the Stalking Horse Bid and what portion (if any) is cash;

(iv)    states whether the Stalking Horse Bidder has any connection to the Debtor or the Trustee other than those that arise from the Stalking Horse Bid;

(v)     specifies any proposed Bid Protections;

(vi)    attaches an asset purchase agreement (the   "Stalking Horse APA"), including all exhibits, schedules or attachments thereto, memorializing the proposed transaction by and between the Stalking Horse Bidder and the Trustee for the Assets, with a redline highlighting any changes to the form APA, if applicable;

(vii)   sets forth the deadline to object to the Stalking Horse Bidder designation and any Bid Protections; and

(viii)  contain a statement setting forth the adjusted Minimum Bid, which amount shall equal the sum of:  (A) the value of the Stalking Horse Bid; (B) the Bid Protection Amount; and (C) a reasonable minimum overbid amount to be calculated in the Trustee's discretion based on, among other things, the aggregate price set forth in the Stalking Horse Bid (a "Stalking Horse Overbid").

## 7.     Notice of Auction or of Absence of Qualified Bids

To the extent that the Trustee selects Qualified Bids, an auction (the "Auction") will be conducted either in person at Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19899, telephonically and/or via Zoom videoconference on **January 22, 2026, at 10:00 a.m. (ET)** or such later time or other place as the Trustee may determine.  The Trustee or his counsel will distribute arrangements to participate in the Auction to all Qualified Bidders.

The Trustee may disregard any Potential Bids received after the Bid Deadline, and any such bids shall not be Qualified Bids.

8.      **The Auction**

The Auction shall be governed by the following procedures:

a.      Attendance at and Participation in the Auction.

> In addition to the Trustee and his representatives and advisors, the only parties (and their respective representatives and advisors) eligible to participate in the Auction shall be:  (i) those parties who have been selected as Qualified Bidders; (ii) the Office of the United States Trustee; and (iii) any creditor who requests to listen telephonically on or before two (2) business days before the Auction.

b.      The Auction Process.

> 1.      The Trustee Shall Conduct the Auction.

>> A.      The Trustee and his professionals shall direct and preside over the Auction.  At the commencement of the Auction, bidding shall commence with the highest or otherwise best Qualified Bid (the "Initial Bid"), as determined by the Trustee in his reasonable business judgment.  The foregoing determination shall take into account any factors the Trustee reasonably deems relevant to the value and benefit to the Debtor's estate of the Qualified Bid, including, inter alia, the following:  (A) the amount and nature of the consideration; (B) the ability of the Qualified Bidder timely to close the transaction; (C) the proposed closing date; and (D) the likelihood, extent, and impact of any potential delays in closing (collectively, the "Bid Criteria").  The Trustee or his representative will determine and announce the bidding order.  The Trustee or his representative will solicit an oral Bid from each Bidder in each round.  In the event that there are more than two Bidders, each Bidder must bid in its round of bidding or forfeit their standing in the Auction.  All Bids made following the Initial Bid shall be Overbids (as defined below) and shall be made and received on an open basis, and all material terms of each Bid shall be fully disclosed to all other Qualified Bidders.  The Trustee shall maintain a transcript of all Bids made and announced at the Auction, all Overbids, and the Prevailing Bid.

>> B.      Terms of Overbids.  An "Overbid" is any bid made at the Auction subsequent to the Trustee's announcement of the Initial Bid.  To submit an Overbid for purposes of this Auction, a Qualified Bidder must comply with the following conditions:

>>> i.      Minimum Overbid Increment.  Each Overbid after the Initial Bid shall be made in increments of at least

$250,000, plus, in the event a Stalking Horse Bidder is selected by the Trustee, the Stalking Horse Overbid or such other amount as the Trustee may determine in his business judgment.[2]

    ii.    Remaining Terms are the Same as for Qualified Bids. Except as modified below, an Overbid must comply with the conditions for a Qualified Bid set forth above; *provided, however*, that the Bid Deadline shall not apply. Any Overbid must remain open and binding on the Bidder until and unless the Trustee accepts a higher or better Qualified Bid as an Overbid.

C.    <u>Consideration of Overbids</u>. The Trustee reserves the right, in his reasonable business judgment, to vary the Bid Procedures prior to or after the Auction has commenced aimed at maximizing value to the Debtor's estate. By way of example, and not by way of limitation, the Trustee may take breaks during the Auction to facilitate discussions between the Trustee and his representatives and advisors, as well as with individual bidders and their respective representatives and advisors; allow individual Bidders to consider how they wish to proceed; and give Bidders the opportunity to provide the Trustee with such additional evidence as the Trustee, in his reasonable business judgment, may require that the Bidder has sufficient internal resources to consummate the proposed transaction at the prevailing Overbid amount.

D.    <u>Announcing Overbids</u>. The Trustee shall announce at the Auction the material terms of each Overbid, the basis for the calculation of the total consideration offered in each such Overbid, and the resulting benefit to the Debtor's estate based, among other things, on the Bid.

E.    <u>Conditions to, and the Closing of, the Auction</u>. The Auction shall continue until there is only one Qualified Bid that the Trustee determines, in his reasonable business judgment, is the highest or otherwise best Qualified Bid. In making this decision, the Trustee shall consider the Bid Criteria. The Auction shall not close unless and until all Qualified Bidders have been given a reasonable opportunity to submit an Overbid at the Auction to the then-existing Overbid. Thereafter, the Trustee shall identify which Qualified Bidder, in the Trustee's reasonable business judgment, has made the

---

[2] The Trustee retains full discretion to determine a separate Minimum Overbid with the residential lot in Diamondhead, Mississippi owned by the Debtor.

highest or otherwise best bid, as determined by, among other things, the Bid Criteria. The Auction shall then be closed. The Trustee retains the authority, in the exercise of his reasonable business judgment, not to move forward with any Prevailing Bid.

F.      <u>Additional Procedures</u>. The Trustee may announce at the Auction additional procedural rules that are reasonable under the circumstances (*e.g.*, and not by way of limitation, the amount of time to make subsequent overbids) for conducting the Auction.

G.      <u>Consent to Jurisdiction as Condition to Bidding</u>. All Bidders at the Auction shall be deemed to have consented to the core jurisdiction of the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") and waived any right to a jury trial in connection with any disputes relating to the Auction, the sale of the Assets, and the enforcement of the applicable APA.

## 9.      Bankruptcy Court Approval and Authorization of the Transaction

The Prevailing Bid and, if necessary, the Backup Bid will be presented to the Bankruptcy Court at the Sale Hearing, as defined in the Bid Procedures Order, scheduled for **February 5, 2026 at 10:00 a.m. (ET)**, and the Trustee will request the Bankruptcy Court's approval thereof and authorization for the Trustee to consummate the transaction pursuant to the terms of the Prevailing Bid (or the Backup Bid, if necessary).

## 11.      Reservation of Rights

These Bid Procedures and the Auction are solely for the benefit of the Debtor's estate. The Trustee reserves the right, in his reasonable business judgment, to vary these Bid Procedures prior to or after the Auction has commenced. Nothing contained herein, or in any order approving these Bid Procedures, shall create any rights in favor of any other person or bidder (including, without limitation, rights as third party beneficiaries or otherwise). The Bankruptcy Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of any Order approving these Bid Procedures.