UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) <br> ) <br> DIAMONDHEAD CASINO ) <br> CORPORATION, ) <br> ) <br>         ALLEGED DEBTOR. ) <br> ) | <br><br><br>C. A. No. 24-11354-JKS<br><br>Chapter 7 |

**MOTION OF DEBORAH A. VITALE
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES
UNDER 11 U.S.C. §503(b)(1)(A)**

Deborah A. Vitale, ("Movant"), respectfully moves for allowance of an administrative expense under 11 U.S.C. §503(b)(1)(A), for actual and necessary services rendered to the estate, during the period after the petition date and before appointment of the Chapter 7 Trustee and, as grounds therefore, states as follows.

**Background**

1. On June 12, 2024, the Petitioners filed an Involuntary Petition Against Diamondhead Casino Corporation ("the Company"). [D.I. 1]

2. On July 30, 2025, the Court issued its Opinion. [D.I. 42].

3. On July 31, 2025, the Court entered its Order denying the Company's Motion to Dismiss the Petition or, Alternatively, to Convert to Chapter 11. [D.I. 43]

1

4. On August 1, 2025, the Court appointed George L. Miller as Interim Trustee/Trustee. [D.I. 46].

5. During the period from June 12, 2024 through August 1, 2025, ("the Administrative Period"), the Company was required to comply with its reporting obligations under the Securities Exchange Act of 1934, including the filing of periodic reports and bankruptcy-related disclosures with the Securities and Exchange Commission.

6. On August 3, 2025, after the Court appointed a Chapter 7 Interim Trustee/Trustee but before he accepted his appointment, I prepared, signed, and filed the Company's required Form 8-K with the Securities and Exchange Commission disclosing the Court's Opinion, the Order for Relief granting the Chapter 7 Involuntary Petition, and the appointment of a Chapter 7 Interim Trustee/Trustee. (See Exhibit A, Form 8-K, to Declaration of Deborah A. Vitale).

7. During the Administrative Period, Movant prepared, signed and filed the Company's following periodic reports required to be filed with the Securities and Exchange Commission:

    (i)    Form 10-Q for the period ending June 30, 2024
    (ii)   Form 10-Q for the period ending September 30, 2024
    (iii)  Form 10-K for the period ending December 31, 2024
    (iv)  Form 10-Q for the period ending March 31, 2025

8. The Form 10-Q for the period ending June 30, 2025 was prepared during the Administrative Period, but was not filed after the Trustee was appointed.

9. During the Administrative Period, Movant continued to seek prospects to purchase the Estate's assets, including the Diamondhead Property. Movant referred three prospects to the Trustee or the Trustee's representatives after the Trustee's appointment, including one which, upon information and belief, provided proof of funds in the amount of $25 million and expressed interest at that price. Movant also continued to communicate with shareholders, creditors, lawyers, accountants, government authorities, and others in the ordinary course of performing her duties.

10. On February 20, 2025, during the Administrative Period, Movant obtained full forgiveness of a Company obligation, resulting in a reduction of $2,392,929 in liabilities, as reflected in the Company's Form 10-Q for the period ending March 31, 2025. A relevant excerpt of the Form 10-Q is attached to the Declaration of Deborah A. Vitale as Exhibit B.

11. Movant continued to perform all other duties of President, CEO and Treasurer during the Administrative Period.

12. Movant's annual salary was $300,000. The salary attributable to the Administrative Period (414 days) is $340,274.

**Basis for Relief**

3

Section 503(b)(1)(A) allows administrative expenses for "the actual, necessary costs and expenses of preserving the estate." Movant's services preserved the estate by (i) maintaining regulatory compliance, (ii) preparing and filing required Securities and Exchange Commission reports, (iii) reducing liabilities by $2,392,929, (iv) identifying potential purchasers for the estate's assets, (v) maintaining necessary communications with stakeholders and others; and (vi) performing routine duties associated with her position. These services were actual and necessary, and provided a direct benefit to the estate.

**Relief Requested**

Movant requests allowance of an administrative expense in the amount of $340,274 under 11 U.S.C. §503(b)(1)(A).

**Conclusion**

WHEREFORE, Movant respectfully requests that the Court enter an Order:

(a) Allowing an administrative expense in the amount of $340,274; and

(b) granting such other relief as the Court deems just.


Dated: January 26, 2026

                                        Respectfully submitted,
                                        /s/ Deborah A. Vitale
                                        Deborah A. Vitale
                                        Movant, Pro Se

1013 Princess Street
Alexandria, Virginia 22314
Telephone: (727) 510-1412
Email: <u>vitaledav@aol.com</u>

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2026, a true and correct copy of the foregoing, Motion of Deborah A. Vitale for Allowance of an Administrative Expense under 11 U.S.C. §503(b)(1)(A), was served on the following in the manner indicated below:

Served via Electronic Mail
Jonathan M. Stemerman, Esquire
Armstrong Teasdale, LLP
1007 N. Market Street, 3rd Floor
Wilmington, DE 19801
Email: jstemerman@atllp.com

Served via Electronic Mail
Bradford J. Sandler, Esquire
Peter J. Keane, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw.com
Email: pkeane@pszjlaw.com
Counsel for the Trustee

Served via Electronic Mail
Robert D. Goldberg, Esquire
Biggs & Battaglia
921 N. Orange Street
Wilmington, DE 19899
Email: goldberg@batlaw.com
Former counsel to Debtor

Served via Electronic Mail
George L. Miller, Trustee
Miller Coffey Tate LLP

8 Penn Center
1628 John F Kennedy Blvd, Suite #950
Philadelphia, PA 19103
Email: gmiller@mctllp.com

<u>Served via Electronic Mail</u>
Office of the United States Trustee
U.S. Trustee for Region 3
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Email: USTPRegion03.WL.ECF@USDOJ.GOV

/s/ Deborah A. Vitale
DEBORAH A. VITALE
1013 Princess Street
Alexandria, Virginia 22314
Telephone: (727) 510-1412
Email: vitaledav@aol.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) <br> ) <br> DIAMONDHEAD CASINO ) <br> CORPORATION, ) <br> ) <br> ALLEGED DEBTOR. ) <br> ) | C. A. No. 24-11354-JKS <br><br> Chapter 7 |

## ORDER GRANTING MOTION OF DEBORAH A. VITALE FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE UNDER 11 U.S.C. §503(b)(1)(A)

Upon consideration of the Motion of Deborah A. Vitale for Allowance of an Administrative Expense under 11 U.S.C. §503(b)(1)(A) (the "Motion"), and good cause appearing;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED.

2.  Deborah A. Vitale is allowed an administrative expense in the amount of $340,274 under 11 U.S.C. §503(b)(1)(A).

3.  This Order is without prejudice to any further request for compensation or reimbursement permitted under the Bankruptcy Code.

IT IS SO ORDERED.

Dated: _____

_____
The Honorable J. Kate Stickles
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In Re: ) | |
| ) | |
| DIAMONDHEAD CASINO ) | |
| CORPORATION, ) | C. A. No. 24-11354-JKS |
| ) | |
| ALLEGED DEBTOR. ) | Chapter 7 |

**DECLARATION OF DEBORAH A. VITALE**
**FOR ALLOWANCE OF ADMINISTRATIVE EXPENSES**
**UNDER 11 U.S.C. §503(b)(1)(A)**

I, Deborah A. Vitale, pursuant to 28 U.S.C. §1746, declare as follows:

1. I am the Movant in the above-captioned matter. I submit this Declaration in support of my Motion for Allowance of Administrative Expenses under 11 U.S.C. §503(b)(1)(A). I have personal knowledge of the facts stated herein unless otherwise indicated.

2. From June 12, 2024 through August 1, 2025 (the "Administrative Period"), I served as President, Chief Executive Officer, and Treasurer of Diamondhead Casino Corporation.

3. On August 3, 2025, after the Court appointed a Chapter 7 Interim Trustee/Trustee but before he accepted his appointment, I prepared, signed, and filed the Company's required Form 8-K with the Securities and Exchange Commission disclosing the Court's Opinion, the Order for Relief granting the

1

Chapter 7 Involuntary Petition, and the appointment of a Chapter 7 Interim Trustee/Trustee. A true and correct copy of the Form 8-K is attached as Exhibit A.

4. During the Administrative Period, I prepared, signed, and filed the Company's periodic reports on Forms 10-Q and 10-K for the periods ending June 30, 2024; September 30, 2024; December 31, 2024; and March 31, 2025. The Form 10-Q for the period ending June 30, 2025 was prepared during the Administrative Period but was not filed after the Trustee's appointment.

5. During the Administrative Period, I continued to seek prospects to purchase the Estate's assets, including the Diamondhead Property. I referred three prospects to the Trustee or his representatives after the Trustee's appointment, including one that, upon information and belief, provided proof of funds in the amount of $25 million and expressed interest at that price. I also continued to communicate with shareholders, lawyers, accountants, government authorities, and others in the ordinary course of performing my duties.

6. On February 20, 2025, during the Administrative Period, I obtained full forgiveness of a Company obligation, resulting in a reduction of $2,392,929 in liabilities, as reflected in the Company's Form 10-Q for the period ending March 31, 2025. (A true and correct copy of a relevant excerpt from the Form 10-Q for March 31, 2025 is attached hereto as Exhibit B).

2

7. I continued to perform all other duties of President, CEO, and Treasurer during the Administrative Period. My annual salary was $300,000, and the salary attributable to the Administrative Period (414 days) is $340,274.

8. The statements in the Motion for Allowance of Administrative Expenses are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 26, 2026

/s/ **Deborah A. Vitale**
Deborah A. Vitale
1013 Princess Street
Alexandria, VA 22314
Telephone: (727) 510-1412
Email: vitaledav@aol.com

# EXHIBIT A

Case 24-11354-JKS   Doc 174   Filed 01/30/26   Page 12 of 19

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION

Washington, D.C. 20549

# FORM 8-K

**CURRENT REPORT**
Pursuant to Section 13 OR 15(d) of the Securities Exchange Act of 1934

Date of Report (Date of earliest event reported): July 30, 2025

# DIAMONDHEAD CASINO CORPORATION

DELAWARE
COMMISSION FILE NUMBER: 0-17529
IRS EMPLOYER IDENTIFICATION NO. 59-2935476

1013 Princess Street
Alexandria, Virginia 22314
(703) 683-6800

Check the appropriate box below if the Form 8-K filing is intended to simultaneously satisfy the filing obligation of the registrant under any of the following provisions:

☐ Written communications pursuant to Rule 425 under the Securities Act.

☐ Soliciting material pursuant to Rule 14a-12 under the Securities Act.

☐ Pre-commencement communications pursuant to Rule 14d-2(b) under the Exchange Act.

☐ Pre-commencement communications pursuant to Rule 14e-4(c) under the Exchange Act.

Securities registered pursuant to Section 12(b) of the Act: None.

Indicate by check mark whether the registrant is an emerging growth company as defined in Rule 405 of the Securities Act of 1933 (§230.405 of this chapter) or Rule 12b-2 of the Securities Exchange Act of 1934 (§240.12b-2 of this chapter).

Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

**Item 1.03 Bankruptcy**

***Edson Arneault, John Hawley as Servicing Agent for Argonaut 2000 Partners, L.P., Kathleen and James Devlin, J. Steven Emerson, Emerson Partners, J. Steven Emerson, as Successor to Steven Emerson Roth IRA, Steven Rothstein, and Barry and Irene Stark v. Diamondhead Casino Corporation*** (In the United States Bankruptcy Court for the District of Delaware)(C.A. No. 24-11354-JKS)

On June 12, 2024, the parties in the above-referenced case filed a Chapter 7 Involuntary Petition against a Non-Individual (Diamondhead Casino Corporation). The foregoing parties sought a total of $2,422,500. The Petition was served on June 13, 2024. On July 18, 2024, the Company filed a Motion of the Alleged Debtor, Diamondhead Casino Corporation, to Dismiss the Involuntary Bankruptcy Petition or, in the Alternative, to Convert the Case to Chapter 11 (hereinafter "Diamondhead's Motion to Dismiss").

On September 3, 2024, the Petitioners' filed an Answering Brief in Opposition to Diamondhead's Motion to Dismiss. On September 25, 2024, the Court held a status hearing in the matter. On December 4, 2024 and January 16, 2025, the Court held an evidentiary hearing on Diamondhead's Motion to Dismiss. On February 11, 2025, the Company filed a post-hearing brief in support of its Motion to Dismiss. On March 4, 2025, the Petitioners filed their Answering Brief in opposition to the Motion to Dismiss. On March 14, 2025, the Company filed its Reply Brief.

On July 30, 2025, the Court issued its Opinion in the case and an Order **denying** the Company's Motion to Dismiss the Involuntary Bankruptcy Petition, or in the Alternative, to Convert the Case to Chapter 11.

On July 31, 2025, the Court entered an Order for Relief in an Involuntary Case under Chapter 7 of the Bankruptcy Code **granting** the Chapter 7 Involuntary Petition.

On August 1, 2025, a Notice to Interim Trustee/Trustee of Selection in an Asset Case was filed, notifying the Interim Trustee/Trustee of his appointment in an asset case of the estate of the Debtor (Diamondhead Casino Corporation). The appointee has five days after receipt of the notice to notify the Assistant United States Trustee, in writing, if he rejects this case.

## SIGNATURES

Pursuant to the requirement of the Securities Exchange Act of 1934, the Registrant has duly caused this report to be signed on its behalf by the undersigned hereunto duly authorized.

                          DIAMONDHEAD CASINO CORPORATION

                          By: */s/ Deborah A. Vitale*
                                Deborah A. Vitale
                                President

Dated: August 4, 2025

# EXHIBIT B

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

# FORM 10-Q

☒ QUARTERLY REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the quarterly period ended March 31, 2025

or

☐ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the transition period from _____ to _____

Commission File No: 0-17529

# DIAMONDHEAD CASINO CORPORATION
*(Exact name of registrant as specified in charter)*

| **Delaware** | **59-2935476** |
|---|---|
| *(State of Incorporation)* | *(I.R.S. EIN)* |

**1013 Princess Street, Alexandria, Virginia 22314**
*(Address of principal executive offices)*

**Registrant's telephone number, including area code: 703-683-6800**

Securities registered pursuant to Section 12(b)-2 of the Exchange Act.:

| Title of each class | Trading Symbol | Name of each exchange on which registered |
|---|---|---|
| None | | |

Indicate by check mark whether the Registrant (1) filed all reports required to be filed by Section 13 or 15(d) of the Exchange Act during the preceding 12 months (or for such shorter period that the Registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. Yes ☒ No ☐

Indicate by check mark whether the Registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T (232.405 of this chapter) during the preceding 12 months (or for such shorter period that the Registrant was required to submit and post such files). Yes ☐ No ☒

Indicate by check mark whether the Registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company, or an emerging growth company. See definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

Large accelerated filer ☐             Accelerated filer ☐
Non-accelerated filer ☒              Smaller reporting company ☒
                                     Emerging growth company ☐

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the Registrant is a shell company (as defined by Rule 12b-2 of the Exchange Act). Yes ☐ No ☒

Indicate the number of shares outstanding of each of the Issuer's classes of common equity as of the latest practicable date: Number of shares outstanding as of May 14, 2025: 36,297,576.

*Segment reporting*

Operating segments are defined as components of an entity for which separate discrete financial information is available and regularly reviewed by the Chief Operating Decision Maker ("CODM") in deciding how to allocate resources to an individual segment and in assessing performance. The Company's CODM is its Chief Executive Officer. Segment expenses that are routinely provided to the CODM include administrative and general expenses as well as interest expense. Assets are disclosed for the one operating segment, which encompasses all of the Company's assets. The Company reports consolidated net income as their required measure of segment profit/loss.

## Note 4. Accounts Payable and Accrued Expenses

The table below outlines the elements included in accounts payable and accrued expenses at March 31, 2025 and December 31, 2024:

|  | March 31, 2025 | December 31, 2024 |
|---|---|---|
| **Related parties:** | | |
| Accrued payroll due officers | $ 4,223,006 | $ 4,148,006 |
| Accrued interest due officers and directors | 3,519,002 | 3,343,502 |
| Accrued director fees | 1,041,250 | 1,018,750 |
| Base rents due to the President | 421,410 | 407,808 |
| Associated rental costs | 238,083 | 229,384 |
| Other | 21,707 | 21,705 |
| Total related parties | $ 9,464,458 | $ 9,169,155 |
| | | |
| **Non-related parties:** | | |
| Accrued interest | $ 2,114,889 | $ 3,445,728 |
| Accrued dividends | 1,382,000 | 1,356,600 |
| Accrued fines and penalties | 819,575 | 783,575 |
| Other | 460,097 | 419,435 |
| Total non-related parties | $ 4,776,561 | $ 6,005,338 |

## Note 5. Convertible Notes and Line of Credit

*Line of Credit*

On October 22, 2008, the Company entered into an agreement with an unrelated third party for an unsecured Line of Credit up to a maximum of $1,000,000. The Line of Credit carried an interest rate on amounts borrowed of 9% per annum. All funds originally advanced under the facility were due and payable by November 1, 2012. As an inducement to provide the facility, the lender was awarded an immediate option to purchase 50,000 shares of common stock of the Company at $1.75 per share. In addition, the lender received an option to purchase a maximum of 250,000 additional shares of common stock of the Company at $1.75 per share. The options would expire following repayment in full by the Company of the amount borrowed. The Company was in default under the repayment terms of this agreement. At December 31, 2024, the unpaid principal and accrued interest due on the obligation totaled $2,392,929.

On February 20, 2025, the Company received formal notice from this lender indicating full and unconditional forgiveness of the outstanding obligation under this unsecured line of credit. The amount forgiven included $1,000,000 in principal and $1,392,929 in accrued interest, for a total of $2,392,929. As a result, a gain on extinguishment of debt totaling $2,392,929 was recognized and is included in "Other income (expense)" in the unaudited condensed consolidated statements of operations for the three months ended March 31, 2025. In connection with the forgiveness, 300,000 fully vested common stock options previously issued to the lender were forfeited and cancelled during the three months ended March 31, 2025. The forfeiture did not result in the recognition of additional expense or liability.






PRIORITY® | UNITED STATES POSTAL SERVICE®

US POSTAGE IMI  9192601261507 48  2000392123
$11.95
SSK
PM
01/26/26   Mailed from 22314   028W2311539

PRIORITY MAIL®
5.00 oz
RDC 03

DEBORAH VITALE
1013 PRINCESS ST
ALEXANDRIA VA 22314-2246

EXPECTED DELIVERY DAY: 01/28/26

SHIP TO:
CLERK
CLERK OF THE COURT
824 N. MARKET ST 3RD FLOOR
U.S. BANKRUPTCY COURT
WILMINGTON DE 19801

USPS TRACKING® NUMBER

9505 5067 1381 6026 2318 71

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

ENVELOPE
INSURED

EP14F October 2023
OD: 12 1/2 x 9 1/2