# DEBORAH A. VITALE

1013 Princess Street
Alexandria, VA 22314
Tel: (727) 510-1412
Email: vitaledav@aol.com

RECEIVED

2026 MAY 18   A 10: 37

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

May 15, 2026

**Via FEDERAL EXPRESS**
Clerk of the Court
United States Bankruptcy Court
   for the District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801

Re: In re: *Diamondhead Casino Corporation*, Civil Action No. 24-11354 (JKS)

Dear Sir or Madam:

Enclosed for filing please find the following:

1) Appellant's Designation of Items to be Included in the Record on Appeal with Certificate of Service; and

2) Statement of Issues on Appeal with Certificate of Service.

I thank you, in advance, for your assistance in this matter.

Very truly yours,

/s/ Deborah A. Vitale
Deborah A. Vitale
Appellant, Pro Se

Enclosures: 2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

RECEIVED

2026 MAY 18  A 10: 36

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                              )
                                                    )
DIAMONDHEAD CASINO                                  )
  CORPORATION                                       )          Chapter 7
                                                    )          Case No. 24-11354 (JKS)
            Debtor.                                 )
_____               )
                                                    )
DEBORAH A. VITALE                                   )
                                                    )
            Appellant,                              )
                                                    )          Case No. 1:26-cv-00524 (UNA)
                                                    )
v.                                                  )
                                                    )
EDSON ARNEAULT, et al.,                             )
                                                    )
            Appellees.                              )
_____               )

## APPELLANT'S
## DESIGNATION OF THE ITEMS TO BE INCLUDED
## IN THE RECORD ON APPEAL

Appellant/Creditor, Deborah A. Vitale, pursuant to Federal Rule of Bankruptcy

Procedure 8009 and Local Rule 8009-1, hereby submits this Designation of the Items to be

Included in the Record on Appeal in the above-captioned appeal from the United States

Bankruptcy Court's April 23, 2026 Order and bench ruling denying the Motion to Strike the

Testimony of a Paid Fact Witness and to Vacate the Order for Relief Under Rule 60.

1

| | Bankruptcy Docket Number | Date Filed | TITLE OF DOCUMENT |
|---|---|---|---|
| 1 | D.I. 206 | 04/23/2026 | ORDER (Denying Motion of Deborah A. Vitale to Strike the Testimony of a Paid Fact Witness and to Vacate the Order for Relief Under Rule 60 (D.I. 192) |
| 2 | D.I. 208 | 04/24/2026 | Transcript of Bench Ruling on 4-23-26 re: Motion to Strike the Testimony of a Paid Fact Witness and to Vacate Order for Relief Under Rule 60 |
| 3 | D.I. 36 | 01/23/2025 | Transcript of 01/16/2025 Hearing Held (testimony of Petitioners' witnesses: Wurst and Arneault) |
| 4 | D.I. 176 and exhibits 176-1 to 176-6 | 02/02/2026 | Petitioning Creditors' First Motion for Payment of Administrative Expenses Pursuant to 11 U.S.C. §503(b)(3)(A) and 503 (b)(4) and Exhibits 176-1 to 176-6 |
| 5 | D.I. 179 | 02/19/2026 | Objection of Creditor, Deborah A. Vitale, to Petitioning Creditors First Motion for Payment of Administrative Expenses Pursuant to 11 U.S.C. §§503(b)(3)(A) and 503(b)(4) |
| 6 | D.I.192 | 03/16/2026 | Motion to Strike the Testimony of a Paid Fact Witness and to Vacate the Order for Relief Under Rule 60 |
| 7 | D.I. 193 | 03/30/2026 | Notice of Motion and Hearing on Creditor's Motion to Strike the Testimony of a Paid Fact Witness and to Vacate the Order for Relief Under Rule 60 |
| 8 | D.I. 195 | 04/14/2026 | Petitioning Creditors' Objection to Creditor Deborah A. Vitale's Motion to Strike Testimony of Paid Fact Witness and to Vacate the Order for Relief Under Rule 60 |
| 9 | D.I. 197 | 04/17/2026 | Notice of Agenda of Matters Scheduled for Hearing on April 21, 2026, at 3:00 P.M. (Eastern Time) Before the Honorable J. Kate Stickles at the United States Bankruptcy Court for the District of Delaware, located at 824 North |

| | | | Market Street, 5th Floor, Courtroom No. 6, Wilmington, Delaware 19801 (filed by counsel to Trustee) |
|---|---|---|---|
| 10 | D.I. 198 | 04/20/2026 | Notice of Agenda of Matters Scheduled for Hearing on April 21, 2026 at 3:00 P.M. (Eastern Time)(filed by Creditor Vitale) |
| 11 | D.I. 199 | 04/21/2026 | 04/21/2026 PDF File with Audio File Attachment |
| 12 | D.I. 202 | 04/22/2026 | Notice of Zoom Hearing on April 23, 2026, At 3:00 P.M. (Eastern Time) |
| 13 | D.I. 207 | 04/24/2026 | Transcript regarding Hearing Held 04/21/2026 re: Motion to Strike Testimony |
| 14 | D.I. 205 | 04/23/2026 | 04/23/2026 PDF File with Audio File Attachment |
| 15 | D.I. 209 | 05/05/2026 | Notice of Appeal |
| 16 | | | Designation of the Items to be Included in the Record on Appeal (filed herewith) |
| 17 | | | Statement of the Issues to be Presented (filed herewith) |

Dated: May 15, 2026

/s/ Deborah A. Vitale
Deborah A. Vitale
1013 Princess Street
Alexandria, VA 22314
Telephone: (727) 510-1412
email: vitaledav@aol.com
*Appellant/Creditor Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, a true and correct copy of the foregoing, Appellant's Designation of the Items to be Included in the Record on Appeal, was served on the following in the manner indicated below:

Served via Electronic Mail
Jonathan M. Stemerman, Esquire
Armstrong Teasdale, LLP
1007 N. Market Street, 3rd Floor
Wilmington, DE 19801
Email: jstemerman@atllp.com

Served via Electronic Mail
Bradford J. Sandler, Esquire
Peter J. Keane, Esquire
Edward A. Corma
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw.com
Email: pkeane@pszjlaw.com
Email: ecorma@pszjlaw.com
Counsel for the Trustee

Served via Electronic Mail
Robert D. Goldberg, Esquire
Biggs & Battaglia
921 N. Orange Street
Wilmington, DE  19899
Email: goldberg@batlaw.com
Former counsel to Debtor

Served via Electronic Mail
George L. Miller, Trustee
Miller Coffey Tate LLP
8 Penn Center

1628 John F Kennedy Blvd, Suite #950
Philadelphia, PA 19103
Email: gmiller@mctllp.com

Served via Electronic Mail
U.S. Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Email: USTPRegion03.WL.ECF@USDOJ.GOV

Served via Electronic Mail
Office of the United States Trustee
U.S. Trustee for Region 3
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Attn. John Lipshie
Email: jon.lipshie@usdoj.gov

RECEIVED

2026 MAY 18  A 10: 36

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

/s/ Deborah A. Vitale
DEBORAH A. VITALE
1013 Princess Street
Alexandria, Virginia 22314
Telephone: (727) 510-1412
Email: vitaledav@aol.com
*Appellant/Creditor Pro Se*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) |
| DIAMONDHEAD CASINO | ) |
| CORPORATION | ) |
| | ) Chapter 7 |
| | ) Case No. 24-11354 (JKS) |
| Debtor. | ) |
| | ) |
| | ) |
| DEBORAH A. VITALE | ) |
| | ) |
| Appellant, | ) |
| | ) Case No. 1:26-cv-00524 (UNA) |
| | ) |
| v. | ) |
| | ) |
| EDSON ARNEAULT, et al., | ) |
| | ) |
| Appellees. | ) |
| | ) |

**APPELLANT'S STATEMENT OF THE ISSUES TO BE PRESENTED**

Appellant/Creditor, Deborah A. Vitale, pursuant to Federal Rule of Bankruptcy

Procedure 8009 and Local Rule 8009-1, hereby submits this Statement of the Issues to be

Presented in the above-captioned appeal from the United States Bankruptcy Court's April

23, 2026 Order and bench ruling denying the Motion to Strike the Testimony of a Paid Fact

Witness and to Vacate the Order for Relief Under Rule 60.

1

### 1. Standing

Whether the Bankruptcy Court erred, as a matter of law, in holding that Appellant lacked standing to seek relief under Rule 60(b)(3), 60(b)(6) and/or 60(d)(3), where the motion alleged attorney-implicated fraud on the court and attorney-implicated misconduct.

Whether the Bankruptcy Court erred, as a matter of law, in equating Appellant's motion for relief under Rule 60 with a challenge to an Involuntary Petition under 11 U.S.C. §301 and Federal Rule of Bankruptcy Procedure 1011 and by concluding, on that basis, that Appellant lacked standing to seek Rule 60 relief.

### 2. The Fact Witness Was a Salaried Employee

Whether the Bankruptcy Court clearly erred in finding that "no evidence was submitted concerning whether the fact witness was a salaried employee" where Petitioners' expressly admitted that the fact witness "received a salary from his then-employer, Armstrong Teasdale."

### 3. Improper Payment to a Fact Witness in Violation of Delaware Common Law

Whether the Bankruptcy Court erred, as a matter of law, in concluding that a salaried fact witness, an attorney and partner in the law firm representing Petitioners, could bill substantial hourly legal fees for time spent preparing for and testifying in Delaware, billings that his law firm accepted and submitted to Petitioners, even

though Delaware follows the common law rule that it is improper to pay an occurrence witness any fee for testifying.

### 4. Improper Payment to a Fact Witness in Violation of 18 U.S.C. §201(c)

Whether the Bankruptcy Court erred, as a matter of law, in concluding that a salaried fact witness, an attorney and partner in the law firm representing Petitioners, could bill substantial hourly legal fees for time spent preparing for and testifying in Delaware, billings that his law firm accepted and submitted to Petitioners, despite 18 U.S.C. § 201(c)(2), which makes it unlawful to give, "directly or indirectly," anything of value for testimony.

Whether the Bankruptcy Court erred, as a matter of law, in concluding that a salaried fact witness, an attorney and partner in the law firm representing Petitioners, could bill substantial hourly legal fees for time spent preparing for and testifying in Delaware, billings that his law firm accepted and submitted to Petitioners, despite 18 U.S.C. §201(c)(3), which makes it unlawful "directly or indirectly," to receive, accept, or agree to receive or accept anything of value for testimony given.

### 5. Improper Payment to a Fact Witness in Violation of Delaware Rule of Professional Conduct 3.4(b)

Whether the Bankruptcy Court erred, as a matter of law, in concluding that a salaried fact witness, an attorney and partner in the law firm representing Petitioners, could bill substantial hourly legal fees for time spent preparing for and testifying in Delaware, billings that his law firm accepted and submitted to Petitioners, under

3

Delaware Rule of Professional Conduct 3.4(b), which prohibits offering "an inducement to a witness that is prohibited by law."

Whether the Bankruptcy Court erred, as a matter of law, in concluding that a salaried fact witness, an attorney and partner in the law firm representing Petitioners, could bill substantial hourly legal fees for time spent preparing for and testifying in Delaware, billings that his law firm accepted and submitted to Petitioners, in disregard of Comment 3 to Rule 3.4(b), which expressly states that "it is not improper to pay a witness's <u>expenses</u> or to compensate an expert witness on terms permitted by law. The common law rule in most jurisdictions is that it is <u>improper to pay an occurrence witness any fee for testifying</u> and that it is improper to pay an expert witness a contingent fee." (Emphasis added.)

### 6. Improper Payment to a Fact Witness in Violation of ABA Formal Opinion 96-402

Whether the Bankruptcy Court erred, as a matter of law, in concluding that a salaried fact witness, an attorney and partner in the law firm representing Petitioners, could bill substantial hourly legal fees for time spent preparing for and testifying in Delaware, billings that his law firm accepted and submitted to Petitioners, under ABA Formal Opinion 96-402, which expressly provides that "payment not violate the law of the jurisdiction."

4

### 7. Failure to Apply Fraud-on-the-Court Standards

Whether the Bankruptcy Court erred, as a matter of law, in failing to apply controlling Third Circuit and Supreme Court precedent where attorney-implicated fraud and/or attorney misconduct corrupts the judicial process.

### 8. Non-Waivable Conflict of Interest

Whether the Bankruptcy Court erred, as a matter of law, in failing to find that a salaried fact witness, an attorney and partner in the law firm representing Petitioners, who billed substantial hourly legal fees for time spent preparing for and testifying in Delaware, billings that his law firm accepted and submitted to Petitioners, created a serious, non-waivable conflict of interest among the witness, his law firm, attorneys representing Petitioners, and the firm's own clients (the Petitioners), by involving their clients in the payment of a fact witness in violation of Delaware common law, 18 U.S.C. §201(c), and/or ethical rules.

### 9. Failure to Strike Inadmissible Testimony

Whether the Bankruptcy Court committed reversible error in refusing to strike the testimony of a paid fact witness where the evidence of improper payments to the fact witness, involving officers of the court, was clear, unequivocal and convincing.

Whether the Bankruptcy Court committed reversible error in refusing to strike the testimony of a paid fact witness where the tainted testimony was central to the

5

Court's findings and where Petitioners called only two witnesses, including the paid fact witness.

Whether the Bankruptcy Court committed reversible error by declining to act *sua sponte*, regardless of the standing of the movant, to exercise its inherent authority to remedy attorney-implicated fraud on the court and/or attorney-implicated misconduct, despite undisputed evidence of payments to a fact witness and despite the court's independent obligation to safeguard the integrity of its proceedings.

## 10.  Failure to Vacate the Order for Relief

Whether the Bankruptcy Court erred, as a matter of law, in refusing to vacate the Order for Relief under Rule 60(b)(3), Rule 60(b)(6), and/or Rule 60(d)(3) where the evidentiary record was irreparably tainted by improper payments to a fact witness.

Dated: May 15, 2026

/s/ Deborah A. Vitale
Deborah A. Vitale
1013 Princess Street
Alexandria, VA 22314
Telephone: (727) 510-1412
email: vitaledav@aol.com
*Appellant/Creditor Pro Se*

6

# CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2026, a true and correct copy of the foregoing,

Appellant's Statement of the Issues to be Presented, was served on the following in

the manner indicated below:

Served via Electronic Mail
Jonathan M. Stemerman, Esquire
Armstrong Teasdale, LLP
1007 N. Market Street, 3rd Floor
Wilmington, DE 19801
Email: jstemerman@atllp.com

Served via Electronic Mail
Bradford J. Sandler, Esquire
Peter J. Keane, Esquire
Edward A. Corma
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw.com
Email: pkeane@pszjlaw.com
Email: ecorma@pszjlaw.com
Counsel for the Trustee

Served via Electronic Mail
Robert D. Goldberg, Esquire
Biggs & Battaglia
921 N. Orange Street
Wilmington, DE  19899
Email: goldberg@batlaw.com
Former counsel to Debtor

Served via Electronic Mail
George L. Miller, Trustee

7

Miller Coffey Tate LLP
8 Penn Center
1628 John F Kennedy Blvd, Suite #950
Philadelphia, PA 19103
Email: gmiller@mctllp.com

Served via Electronic Mail
U.S. Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Email: USTPRegion03.WL.ECF@USDOJ.GOV

Served via Electronic Mail
Office of the United States Trustee
U.S. Trustee for Region 3
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Attn. John Lipshie
Email: jon.lipshie@usdoj.gov

/s/ Deborah A. Vitale
DEBORAH A. VITALE
1013 Princess Street
Alexandria, Virginia 22314
Telephone: (727) 510-1412
Email: vitaledav@aol.com
*Appellant/Creditor Pro Se*

8