**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | |

**URBANA INVESTMENTS, LLC'S NOTICE OF CONTINUED
INTEREST IN ACQUISITION OF THE ESTATE'S PROPERTY**

Urbana Investments, LLC ("Urbana"), by and through undersigned counsel, hereby gives notice to the Court, the Trustee, creditors, and parties-in-interest of its continued interest in acquiring property of the bankruptcy estate of Diamondhead Casino Corporation (the "Debtor"), and hereby states as follows:

**CASE BACKGROUND**

A.       On October 7, 2025, George L. Miller, chapter 7 trustee (the "Trustee") filed a motion [Docket No. 124] for entry of an order: (a) establishing bidding procedures (the "Bid Procedures") in connection with the sale (the "Sale") of the Debtor's assets (the "Assets"), free and clear of all liens, claims, and encumbrances, and authorizing the Trustee's ability to designate a stalking horse bidder and provide bid protections, subject to filing a Stalking Horse Supplement; (b) approving the form and manner of notices of the Sale and the Bid Procedures; (c) scheduling a hearing to consider the approval of the Sale, and (d) granting related relief, with the United States Bankruptcy Court for the District of Delaware (the "Court").

B.       On November 5, 2025, the Court entered an order (the "Bid Procedures Order") approving the Bid Procedures [Docket No. 154].  The Bid Procedures Order established certain dates and deadlines in connection with the Sale.

URBANA INVESTMENTS, LLC'S NOTICE OF CONTINUED
INTEREST IN ACQUISITION OF THE ESTATE'S PROPERTY

C.      In connection with its bid, Urbana submitted a deposit in the amount of $500,000.00 to the Trustee on January 16, 2026 (the "Sale Deposit").

D.      The Trustee held an auction with respect to the Sale approximately three and one half months ago on March 4, 2026 (the "Auction"), and the Trustee has held the Auction open.

E.      Urbana was the only bidder who posted the requested $500,000 deposit for the Auction.  Urbana was the highest bidder, and in fact the only bidder, that attended the open bidding that provided a bid at the Auction.

F.      Urbana's legal counsel, Munsch Hardt, prepared and forwarded the Trustee a proposed Asset Purchase Agreement ("APA") for the transaction three months ago on March 19, 2020, along with requests for the legal descriptions of the lots in Diamondhead and in MGC.

G.      On April 14, 2026, a conference call was held between the Trustee's counsel and Urbana and its counsel to discuss the best manner to comply with the terms of the APA, including sale of all requested land to Urbana, by a possible substantive consolidation. At the conclusion of the call, counsel for the Trustee indicated that the proposed APA would be further reviewed and Trustee's counsel would get back to Urbana shortly, and would provide info on the two lots.

H.      Information on the two lots was forwarded to Urbana by the Trustee.  After review of the information on the two lots, the initial title run on the Diamondhead lot appeared to show a different owner (or set of owners), not Diamondhead, so a follow up request for clarifying information was sent by Urbana.

I.      No further response on the lots was received by Urbana, and no comments at all were ever received on the APA draft sent on March 19, 2026.

**URBANA INVESTMENTS, LLC'S NOTICE OF CONTINUED**
**INTEREST IN ACQUISITION OF THE ESTATE'S PROPERTY**

J.      Urbana previously requested that the Trustee formally close the auction and either move forward with Urbana on the APA as the only bidder or designate Urbana as the stalking horse with reimbursement rights.

K.      While waiting for a response to the APA and other open questions, Urbana was blindsided to discover that the Trustee was continuing to market the property for sale despite prior requests for closure of the sale process or naming Urbana as stalking horse or winning bidder.

L.      The Trustee has declined to close the auction, and has determined that he will not name Urbana as stalking horse or as winning bidder.  As a result of the Trustee's decisions (a) to not respond with any comments to the APA forwarded 3 months earlier to Trustee's counsel; (b) to not respond with a method to allow the parties proceed on with the APA; and (c) to not name Urbana as stalking horse or winning bidder, despite it being the only party to make the required deposit and to bid at the Auction, Urbana provided three options to the Trustee by May 8, 2026: name it the winning bidder; name it stalking horse; or immediately return the Sale Deposit.

M.      Following discussions with Urbana and, at Urbana's request, the Trustee agreed to return the Sale Deposit to Urbana, but originally forwarded and asked Urbana to sign an abbreviated proposed factual Stipulation[1] without all of the detail listed above.  A true and correct copy of same is attached hereto as Exhibit "A."

N.      A modified form of proposed factual Stipulation was prepared by Urbana and submitted to the Trustee, but the Trustee declined to sign or submit same.  A true and correct copy of same is attached hereto as Exhibit "B."

---

[1] Along with a proposed Certification of Counsel and proposed Order (collectively "Stipulation").

**URBANA INVESTMENTS, LLC'S NOTICE OF CONTINUED**
**INTEREST IN ACQUISITION OF THE ESTATE'S PROPERTY**

O.      Urbana has incurred $103,697.20 of legal fees to comply with the Trustee's bidding procedures to become the winning bidder, including legal fees of $19,792.00 incurred to have the Sale Deposit released.   On June 15, 2026, the Trustee finally returned the Sale Deposit to Urbana without the submission of any form of Stipulation.

P.      Urbana hereby gives notice to the Court, the Trustee, creditors, and parties that, despite finally receiving back the Sale Deposit, it remains interested in acquiring the Assets.

**NOW, THEREFORE**, Urbana asks that the Court take notice of its continued interest in acquisition of the Assets, and for any other relief to which it may show itself entitled.

Dated:  June 24, 2026

**MUNSCH HARDT KOPF & HARR, P.C.**

*/s/ Marc W. Taubenfeld*
Marc W. Taubenfeld
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone:  (214) 855-7523
Email: mtaubenfeld@munsch.com

*Counsel to Urbana Realty Advisors, LLC*

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 24, 2026, a true and correct copy of the foregoing Notice, was served on the following in the manner indicated below:

*Served via Electronic Mail*
Bradford J. Sandler, Esquire
Peter J. Keane, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17" Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw.com
Email: pkeane@pszjlaw.com
Counsel for the Trustee

*Served via Electronic Mail*
Robert D. Goldberg, Esquire
Biggs & Battaglia
921 N. Orange Street
Wilmington, DE 19899
Email: goldberg@batlaw.com
Former counsel to Debtor

*Served via Electronic Mail*
George L. Miller, Trustee
26 Miller Coffey Tate LLP
8 Penn Center
1628 John F Kennedy Blvd, Suite #950
Philadelphia, PA 19103
Email: gmiller@mctllp.com

*Served via Electronic Mail*
U.S. Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Email: USTPRegion03.WL.ECF@USDOJ.GOV

**URBANA INVESTMENTS, LLC'S NOTICE OF CONTINUED
INTEREST IN ACQUISITION OF THE ESTATE'S PROPERTY**

*Served via Electronic Mail*
Office of the United States Trustee
U.S. Trustee for Region 3
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Attn. John Lipshie
Email: jon.lipshie@usdoj.gov

                        */s/ Marc W. Taubenfeld*_____
                        Marc W. Taubenfeld

**URBANA INVESTMENTS, LLC'S NOTICE OF CONTINUED
INTEREST IN ACQUISITION OF THE ESTATE'S PROPERTY**