**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | |

**CERTIFICATION OF COUNSEL REQUESTING ENTRY OF**
**ORDER APPROVING STIPULATION REGARDING RETURN**
**OF DEPOSIT TO URBANA REALTY ADVISORS, LLC**

The undersigned hereby certifies as follows:

1.      On October 7, 2025, George L. Miller, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor") filed a motion [Docket No. 124] for entry of an order: (a) establishing bidding procedures (the "Bid Procedures") in connection with the sale (the "Sale") of the Debtor's assets (the "Assets"), free and clear of all liens, claims, and encumbrances, and authorizing the Trustee's ability to designate a stalking horse bidder and provide bid protections, subject to filing a Stalking Horse Supplement; (b) approving the form and manner of notices of the Sale and the Bid Procedures; (c) scheduling a hearing to consider the approval of the Sale, and (d) granting related relief.

2.      On November 5, 2025, the Court entered an order (the "Bid Procedures Order") approving the Bid Procedures [Docket No. 154].  The Bid Procedures Order established certain dates and deadlines in connection with the Sale.

3.      In connection its bid, Urbana Realty Advisors, LLC ("Urbana") submitted a deposit in the amount of $500,000.00 (the "Sale Deposit").

4.      The Trustee held an auction with respect to the Sale more than three months ago on March 4, 2026 (the "Auction"), and the Trustee has held the Auction open.

v.

5.    Urbana was the only bidder who posted the requested $500,000 deposit for the Auction same.  Urbana was the highest bidder, and in fact the only bidder, that attended the open bidding that provided a bid at the Auction.

6.    Urbana's legal counsel, Munsch Hardt, prepared and forwarded the Trustee a proposed Asset Purchase Agreement ("APA")for the transaction on March 19, 2020, along with requests for the legal descriptions of the lots in Diamondhead and in MGC.

7.    On April 14, 2026, a conference call was held between the Trustee's counsel and Urbana and its counsel to discuss the best manner to comply with the terms of the APA, including sale of all requested land to Urbana, by a possible substantive consolidation. At the conclusion of the call, counsel for the Trustee indicated that the proposed APA would be further reviewed and Trustee's counsel would get back to Urbana shortly, and would provide info on the two lots.

8.    Information on the two lots was forwarded to Urbana by the Trustee.  After review of the information on the two lots, the initial title run on the Diamondhead lot appeared to show a different owner (or set of owners), not Diamondhead, so a follow up request for clarifying information was sent by Urbana.

9.    No further response on the lots was received by Urbana, and no comments at all have been received on the APA draft sent on March 19, 20206.

10.    Urbana previously requested that the Trustee formally close the auction and either move forward with Urbana on the APA as the only bidder or designate Urbana as the stalking horse with reimbursement rights.

11.    While waiting for a response to the APA and other open questions, Urbana became aware the Trustee was continuing to market the property for sale despite prior requests for closure of the sale process or naming Urbana as stalking horse.

12.     The Trustee has declined to close the auction, and has determined that he will not name Urbana as stalking horse.  As a result, of the Trustee's decisions to not respond with any comments to the APA forwarded to Trustee's counsel almost 3 months ago, to respond with a method to allow the parties proceed on with the APA, and to not to name Urbana as stalking horse despite it being the only party to make the required deposit and to bid at the Auction, Urbana provided three options: name it the winning bidder; name it stalking horse; or immediately return the Sale Deposit.

13.     Following discussions with Urbana and, at Urbana's request, the Trustee has agreed to return the Sale Deposit to Urbana, but originally forwarded an abbreviated Stipulation without all of the detail listed above.

14.     The Trustee and Urbana have agreed and entered into a stipulation, subject to the Court's approval, regarding the return of the Sale Deposit.  Attached hereto as **Exhibit A** is a proposed form of order approving the stipulation.  The stipulation is attached as Exhibit 1 to the proposed form of order.  Nothing in the stipulation is intended to modify the Bid Procedures or Bid Procedures Order.

15.     Accordingly, the Trustee requests that the proposed form of order be entered at the Court's earliest convenience.

Dated:  June __, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ [DRAFT]*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
Edward A. Corma (DE Bar No. 6718)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Email: bsandler@pszjlaw.com
        pkeane@pszjlaw.com
        ecorma@pszjlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*

4937-7967-7357.4 57101.00001

**<u>Exhibit A</u>**

**Proposed Order**

V.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | |

**ORDER APPROVING STIPULATION REGARDING RETURN**
**OF DEPOSIT TO URBANA REALTY ADVISORS, LLC**

Upon consideration of the *Stipulation Regarding Return of Deposit to Urbana Realty Advisors, LLC* (the "Stipulation") filed by George L. Miller, chapter 7 trustee to the estate of the above-captioned debtor, and Urbana Realty Advisors, LLC; and the Court having reviewed the Stipulation, a copy of which is attached hereto as **Exhibit 1**; and good cause appearing for the relief requested therein;

IT IS HEREBY ORDERED THAT:

1.      The Stipulation, attached hereto as **Exhibit 1**, is approved in its entirety.

2.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

**Exhibit 1**

**Stipulation**

V.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | |

**STIPULATION REGARDING RETURN OF
DEPOSIT TO URBANA REALTY ADVISORS, LLC**

George L. Miller, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), and Urbana Realty Advisors, LLC ("Urbana" and together with the Trustee, the "Parties"), by and through undersigned counsel, hereby enter into this stipulation (the "Stipulation") and hereby stipulate and agree as follows:

**RECITALS**

A.    On October 7, 2025, the Trustee filed a motion [Docket No. 124] for entry of an order:  (a) establishing bidding procedures (the "Bid Procedures") in connection with the sale (the "Sale") of the Debtor's assets (the "Assets"), free and clear of all liens, claims, and encumbrances, and authorizing the Trustee's ability to designate a stalking horse bidder and provide bid protections, subject to filing a Stalking Horse Supplement; (b) approving the form and manner of notices of the Sale and the Bid Procedures; (c) scheduling a hearing to consider the approval of the Sale, and (d) granting related relief, with the United States Bankruptcy Court for the District of Delaware (the "Court").

B.    On November 5, 2025, the Court entered an order (the "Bid Procedures Order") approving the Bid Procedures [Docket No. 154].  The Bid Procedures Order established certain dates and deadlines in connection with the Sale.

v.

C.    In connection its bid, Urbana submitted a deposit in the amount of $500,000.00 (the "Sale Deposit").

D.    The Trustee held an auction with respect to the Sale more than three months ago on March 4, 2026 (the "Auction"), and the Trustee has held the Auction open.

E.    Urbana was the only bidder who posted the requested $500,000 deposit for the Auction same.  Urbana was the highest bidder, and in fact the only bidder, that attended the open bidding that provided a bid at the Auction.

F.    Urbana's legal counsel, Munsch Hardt, prepared and forwarded the Trustee a proposed Asset Purchase Agreement ("APA") for the transaction on March 19, 2020, along with requests for the legal descriptions of the lots in Diamondhead and in MGC.

G.    On April 14, 2026, a conference call was held between the Trustee's counsel and Urbana and its counsel to discuss the best manner to comply with the terms of the APA, including sale of all requested land to Urbana, by a possible substantive consolidation. At the conclusion of the call, counsel for the Trustee indicated that the proposed APA would be further reviewed and Trustee's counsel would get back to Urbana shortly, and would provide info on the two lots.

H.    Information on the two lots was forwarded to Urbana by the Trustee.  After review of the information on the two lots, the initial title run on the Diamondhead lot appeared to show a different owner (or set of owners), not Diamondhead, so a follow up request for clarifying information was sent by Urbana.

I.    No further response on the lots was received by Urbana, and no comments at all have been received on the APA draft sent on March 19, 20206.

4937-7967-7357.4 57101.00001                2

J. Urbana previously requested that the Trustee formally close the auction and either move forward with Urbana on the APA as the only bidder or designate Urbana as the stalking horse with reimbursement rights.

K. While waiting for a response to the APA and other open questions, Urbana became aware the Trustee was continuing to market the property for sale despite prior requests for closure of the sale process or naming Urbana as stalking horse.

L. The Trustee has declined to close the auction, and has determined that he will not name Urbana as stalking horse.  As a result, of the Trustee's decisions to not respond with any comments to the APA forwarded to Trustee's counsel almost 3 months ago, to respond with a method to allow the parties proceed on with the APA, and to not to name Urbana as stalking horse despite it being the only party to make the required deposit and to bid at the Auction, Urbana provided three options: name it the winning bidder; name it stalking horse; or immediately return the Sale Deposit.

M. Following discussions with Urbana and, at Urbana's request, the Trustee has agreed to return the Sale Deposit to Urbana, but originally forwarded an abbreviated Stipulation without all of the detail listed above.

N. The Trustee and Urbana have agreed and entered into a stipulation, subject to the Court's approval, regarding the return of the Sale Deposit.  Attached hereto as Exhibit A is a proposed form of order approving the stipulation.  The stipulation is attached as Exhibit 1 to the proposed form of order.  Nothing in the stipulation is intended to modify the Bid Procedures or Bid Procedures Order.

O. Accordingly, the Trustee requests that the proposed form of order be entered at the Court's earliest convenience.

4937-7967-7357.4 57101.00001     3

**<u>STIPULATION</u>**

**NOW, THEREFORE**, it is hereby stipulated and agreed to by and among the Parties as follows:

1.      The foregoing recitals are hereby incorporated into and made a part of this Stipulation.

2.      This Stipulation shall be effective upon entry by the Court of an order approving this Stipulation (the "<u>Effective Date</u>").

3.      The Trustee shall remit the Sale Deposit, in the amount of $500,000.00, to Urbana no later than three (3) business days after the Effective Date via check or bank wire pursuant to payment instructions to be provided by Urbana.

4.      Nothing herein is intended to modify the Bid Procedures or Bid Procedures Order.

5.      Except as specifically set forth herein, the Parties reserve all of their respective rights in this matter

6.      This Stipulation and any order approving this Stipulation shall be binding on the Parties and their successors and assigns.

7.      The Parties participated collectively in the drafting of this Stipulation, and accordingly the drafting of this Stipulation shall not to be attributed solely to any one Party.

8.      The Court shall retain jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Stipulation.

Dated:  June __, 2026

PACHULSKI STANG ZIEHL & JONES LLP

*/s/*_____
Bradford J. Sandler (DE Bar No. 4142)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email: bsandler@pszjlaw.com

*Counsel to George L. Miller, Chapter 7 Trustee*

Dated:  June __, 2026

MUNSCH HARDT KOPF & HARR, P.C.

*/s/*_____
Marc W. Taubenfeld
500 N. Akard Street, Suite 4000
Dallas, Texas 75201
Telephone:  (214) 855-7523
Email: mtaubenfeld@munsch.com

*Counsel to Urbana Realty Advisors, LLC*

4937-7967-7357.4 57101.00001

5