# **Exhibit B**

## **Redline Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DIAMONDHEAD CASINO CORPORATION,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11354 (JKS)<br><br>**Re: Docket No. 218** |

**ORDER (I) APPROVING STOCK PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF DEBTOR'S ASSETS TO MISSISSIPPI GULF DEVELOPMENT LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), 363(f) AND 363(m); AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Sale Motion") filed by George L. Miller, chapter 7 trustee (the "Trustee" or "Seller") to the estate of the above-captioned debtor (the "Debtor") pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Order") authorizing and approving: (i) the sale (the "Sale") of substantially all of the Debtor's assets (the "Assets") to Mississippi Gulf Development LLC (or its designee) ("Buyer") free and clear of all liens, claims, and encumbrances, pursuant to the Stock Purchase Agreement ("SPA") attached to this Order as **Exhibit 1**; and (ii) granting related relief, all as more fully described in the Motion; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the hearing on the Motion (the "Sale Hearing") have been provided; and upon consideration of the: (i) *Declaration of George L. Miller in Support of Motion of George L. Miller, Chapter 7 Trustee, for Entry of an Order (I) Approving the Private Sale of Debtor's Assets to Mississippi Gulf Development LLC Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (II) Granting Related Relief* [Docket No. 229], (ii) *Declaration of Patrick Slagle in Support of Motion of George L. Miller, Chapter 7 Trustee, for Entry of an Order (I) Approving the Private Sale of Debtor's Assets to Mississippi Gulf Development LLC Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (II) Granting Related Relief* [Docket No. 230], and (iii) *Declaration of Brett Pastrick on Behalf of Mississippi Gulf Development LLC in Support of Motion of George L. Miller, Chapter 7 Trustee, for Entry of an Order (I) Approving the Private Sale of Debtor's Assets to Mississippi Gulf Development LLC Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (II) Granting Related Relief* [Docket No. 231]; and the relief requested in the Motion being in the best interests of the Debtor, its estate, and creditors; and the Court having reviewed the Motion; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor; it is hereby **FOUND AND DETERMINED THAT**:

**A. Findings and Conclusions**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

**B.** **Jurisdiction and Venue**. The Court has jurisdiction over the Sale Motion and the Sale pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and the Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

**C.** **Statutory Predicates**. The statutory predicates for the relief requested in the Sale Motion are Bankruptcy Code sections 105 and 363 and Bankruptcy Rules 2002 and 6004.

**D.** **Notice**. Proper, timely, adequate, and sufficient notice of the Sale Motion, including, without limitation, the sale contemplated under the SPA (the "Sale"), the Sale Hearing, or of the entry of this Order have been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 9006 and 9007, and Local Rule 6004-1. Such notice was good and sufficient and appropriate under the particular circumstances. No other or further notice of the Sale Motion, including, without limitation, the Sale, the Sale Hearing, or of the entry of this Order is necessary or shall be required.

**E.** **Opportunity to Object**. A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities.

**F.** **Title to the Assets**. The Assets constitute property of the Debtor's estate and title thereto is vested in the Debtor's estate within the meaning of section 541(a) of the Bankruptcy Code. The Sale of the Assets is a sale "as is," "where is," and with all faults.

**G.** **Business Justification**. The Trustee has demonstrated a sufficient basis and compelling circumstances requiring him to enter into the SPA and sell the Assets under section 363 of the Bankruptcy Code. Such action is an appropriate exercise of the Trustee's business judgment and in the best interests of the Debtor, its estate, their creditors, and all other parties in interest.

**H.** **Good Faith Purchaser**. The SPA and the Sale contemplated thereby have been negotiated by the Trustee and the Buyer in good faith, at arm's length, and without collusion or fraud. The terms and conditions of the SPA and the Sale, including the total consideration to be realized by the Trustee pursuant to the SPA, are fair and reasonable, and the Sale are in the best interest of the Debtor, its creditors, and its estate. The Buyer is a "good faith purchaser" of the Assets, entitled to the full benefits and protections of section 363(m) of the Bankruptcy Code with respect to the Sale and assignment of the Assets. The Trustee and the Buyer have not engaged in any conduct that would cause or permit the SPA to be avoided, or costs or damages to be imposed, under section 363(n) of the Bankruptcy Code. The Buyer is entitled to all the protections and immunities of section 363(n) of the Bankruptcy Code. The Buyer is not an "insider" as that term is defined in section 101(31) of the Bankruptcy Code.

**I.** **Free and Clear**. The Sale and assignment of the Assets to the Buyer will be, as of the Closing, a legal, valid and effective transfer of such asset, and each such transfer and assignment vests or will vest the Buyer with all right, title, and interest of the Debtor to the Assets free and clear of all liens, "claims" (as defined in section 101(5) of the Bankruptcy Code),

interests, and encumbrances (collectively, "Liens, Claims and Encumbrance")) with any Liens, Claims, and Encumbrances to attach to the consideration to be received by the Trustee in the same priority and subject to the same defenses and avoidability, if any, as of the Closing. A sale of the Assets other than one free and clear of all Liens, Claims, and Encumbrances would adversely impact the Debtor's estate and would likely yield substantially less value for the Debtor's estate, with less certainty than the Sale. Therefore, the Sale contemplated by the SPA is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest.

**J. Satisfaction of 363(f) Standards**. The Trustee may sell and assign the Assets free and clear of all Liens, Claims, and Encumbrances, because, with respect to each creditor asserting a Lien, Claim, and Encumbrance one or more of the standards set forth in Bankruptcy Code sections 363(f)(1)–(5) has been satisfied.

**K. Compliance with Bankruptcy Code.** The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including without limitation Bankruptcy Code sections 105(a), 363(b), 363(f), and 363(m) and all of the applicable requirements of such sections have been or will be complied with in respect of the Sale as of the effective date of assignment. The Sale contemplated by the SPA (as it relates to the Debtor and the Assets) are in the best interests of the Debtor and its estate, creditors, interest holders and all other parties in interest herein; and it is therefor,

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. **Relief Granted**. The relief requested in the Sale Motion is granted as set forth herein.

2. **Objections Overruled**. All objections and responses to the Sale Motion, this Order, or the relief granted herein that have not been overruled, withdrawn, waived, settled, or otherwise resolved, are hereby overruled and denied on the merits with prejudice.

3. **Notice**. The form and manner of notice of the Motion and the proposed Sale under the SPA is hereby approved as providing good and sufficient notice to all creditors and parties in interest pursuant to the Bankruptcy Rules and the Local Rules.

4. **Approval**. The Sale and the SPA, in substantially the form attached hereto as **Exhibit 1**, and all of the terms and conditions thereof, are approved. The Trustee is hereby authorized and empowered to enter into, and to perform the obligations under, the SPA and to execute and perform such agreements or documents, and take such other actions as are necessary or desirable to effectuate the terms of the SPA.

5. **Business Justification**. The relief requested in the Sale Motion is in the best interests of the Debtor, its estate, creditors, and other parties in interest. Upon the record made at the Sale Hearing, the Trustee has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion. The Trustee's decision to enter into the SPA and perform thereunder is a reasonable exercise of his business judgment.

6. **Good Faith Purchaser**. The Buyer is a good faith purchaser of the Assets and is hereby granted and is entitled to all of the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code. Pursuant to section 363(m) of the Bankruptcy Code, if any or all of the provisions of this Order are hereafter reversed, modified, or vacated by a subsequent order of the Court or any other court, such reversal, modification, or vacatur shall not affect the validity and enforceability of any sale, transfer or assignment under the SPA or obligation or right granted pursuant to the terms of this Order (unless stayed pending appeal),

and notwithstanding any reversal, modification or vacatur, any sale, transfer or assignment shall be governed in all respects by the original provisions of this Order or the SPA, as the case may be.

7. **Section 363(n) of the Bankruptcy Code**. The Sale approved by this Order is not subject to avoidance or any recovery or damages pursuant to section 363(n) of the Bankruptcy Code.

8. **Valid Transfer**. Effective as of the Closing (a) the sale and assignment of the Asset by the Trustee to the Buyer shall constitute a legal, valid and effective transfer of the Assets and vests the Buyer with all right, title, and interest of the Debtor in and to the Assets, free and clear of all Liens, Claims, and Encumbrances, pursuant to section 363(f) of the Bankruptcy Code.

9. **No Bulk Sale**. No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the Sale and the transactions contemplated by the SPA.

10. **Free and Clear**. Upon the Closing, the Trustee is authorized and empowered, pursuant to sections 105, 363(b) and 363(f) of the Bankruptcy Code, to sell and assign the Assets to the Buyer. Following the Closing, no holder of any Lien, Claim, or Encumbrance on the Assets may interfere with the Buyer's use and enjoyment of the Assets based on or related to such Lien, Claim, or Encumbrance, and no interested party may take any action to prevent, interfere with, or otherwise enjoin consummation of the Sale.

11. **Transfer of Title and Interests**. All of the Debtor's interests in the Assets to be acquired by the Buyer under the SPA shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Buyer. Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general

assignment, conveyance, and transfer of the Assets acquired by the Buyer under the SPA and/or a bill of sale or assignment transferring indefeasible title and interest in the Assets to the Buyer.

12. **Cooperative Energy Easement**. The Trustee is authorized to execute any necessary documentation to complete the granting of an easement (the "Easement") in favor of Cooperative Energy on the property owned by Mississippi Gaming Corporation, consisting of certain real property consisting of an approximate 400-acre undeveloped property known as and located at 7051 Interstate 10, Diamondhead, Mississippi 39525 (including any related or contiguous parcels, all improvements now or hereafter made, and all appurtenances thereto, the "Gaming Property"), pursuant to orders entered by the Special Court of Eminent Domain of Hancock County, Mississippi, Case No. 23CO1:23-cv-00153, captioned *Cooperative Energy, a Mississippi Electric Cooperative v. Mississippi Gaming Corporation, et al.* The Buyer acknowledges it has had the chance to review documents regarding the Easement in conducting due diligence in preparing for the Sale, and the Buyer agrees that the Assets, including the Gaming Property, are being purchased subject to the Easement, notwithstanding any other findings or provisions of this Order.

13. **No Successor Liability**. The Buyer shall not have any liability for any obligation of the Debtor arising under or related to any of the Assets prior to the date of Closing. Without limiting the generality of the foregoing, the Buyer shall not be liable for any claims against the Debtor or any of its predecessors or affiliates solely by virtue of its acquisition of the Assets. By virtue of the Sale, the Buyer and its affiliates, successors, and assigns shall not be deemed or considered to (a) be a legal successor, or otherwise be deemed a successor to the Debtor; (b) have, *de facto* or otherwise, merged with or into the Debtor; or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of the Debtor or its

estate, business, or operation, or any enterprise of the Debtor, in each case by any law or equity, and the Buyer has not assumed nor is it in any way responsible for any liability or obligation of the Debtor or the Debtor's estate. The Buyer shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor, or transferee liability, labor law, *de facto* merger, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtor or any obligations of the Debtor arising prior to the Closing Date.

14. If any person or entity that has filed statements (including UCC-1 financing statements) or other documents or agreements evidencing encumbrances on, or interests in, all or any portion of the Assets shall not have delivered to the Trustee, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of encumbrances, or any other documents necessary for the purpose of documenting the release of all encumbrances or interests that the person or entity has or may assert, the Trustee is hereby authorized, and the Buyer is hereby authorized on behalf of the Debtor's estate and the Trustee, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Assets.

15. This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title to or interest in any of the Assets.

16. The failure specifically to include any particular provision of the SPA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that that SPA be authorized and approved in its entirety; *provided, however*, that this Order shall govern if there is any inconsistency between the SPA and this Order.

17. **Buyer Standing**. The Buyer is a party in interest and shall have standing to appear and be heard on all issues related to or otherwise connected with this Order, the Sale, or the SPA.

18. **Immediate Effect**. Notwithstanding any applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

19. **Amendments**. The SPA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's estate.

20. **Time Periods**. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

21. **Governing Terms**. To the extent this Order is inconsistent with any prior order these cases, the terms of this Order shall govern. To the extent there is any inconsistency with between the terms of this Order and the terms of the SPA (including all ancillary documents executed in connection therewith), the terms of the Order shall govern.

22. **Retention of Jurisdiction**. The Court shall retain jurisdiction to: (a) interpret, implement and enforce the terms and provisions of this Order and the SPA, including all

amendments thereto and any waivers and consents thereunder and each of the agreements executed in connection therewith, in all respects; and (b) to decide any disputes concerning this Order and the SPA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the SPA and this Order.

**<u>Exhibit 1</u>**

**SPA**

Document comparison by Workshare Compare on Friday, September 18, 2026 7:41:28 AM

| **Input:** | |
|---|---|
| Document 1 ID | netdocuments://4902-4706-4490/6 |
| Description | Diamondhead - Motion to Approve Sale (Mississippi Gulf Development LLC - Private Sale) |
| Document 2 ID | netdocuments://4902-4706-4490/7 |
| Description | Diamondhead - Motion to Approve Sale (Mississippi Gulf Development LLC - Private Sale) |
| Rendering set | Standard |

| **Legend:** | |
|---|---|
| Insertion | |
| ~~Deletion~~ | |
| ~~Moved from~~ | |
| Moved to | |
| Style change | |
| Format change | |
| ~~Moved deletion~~ | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| **Statistics:** | |
|---|---|
| | Count |
| Insertions | 4 |
| Deletions | 3 |
| Moved from | 0 |
| Moved to | 0 |
| Style changes | 0 |
| Format changes | 0 |
| Total changes | 7 |