**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DIAMONDHEAD CASINO CORPORATION, | Case No. 24-11354 (JKS) |
| Debtor. | **Re: Docket No. 218** |

**DECLARATION OF JACK DAVIDSON WITH RESPECT TO MOTION OF GEORGE L. MILLER, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER (I) APPROVING THE PRIVATE SALE OF DEBTOR'S ASSETS TO MISSISSIPPI GULF DEVELOPMENT LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF**

I, Jack Davidson, declare as follows:

1. I am a Manager of Mississippi Gulf Development LLC, a Wyoming limited liability company (the "Buyer"). I am authorized to submit this declaration (this "Declaration") on the Buyer's behalf. I was personally involved in the Buyer's evaluation of the Assets (defined below), its due diligence, and the negotiation of the SPA (defined below) with the Trustee.

2. I submit this Declaration in support of the *Motion of George L. Miller, Chapter 7 Trustee, for Entry of an Order (I) Approving the Private Sale of Debtor's Assets to Mississippi Gulf Development LLC Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (II) Granting Related Relief* [Docket No. 218] (the "Motion")[1] filed by George L. Miller, the chapter 7 trustee (the "Trustee") of the estate of Diamondhead Casino Corporation (the "Debtor").

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion or the SPA, as applicable.

7. I own 56,368 shares of common stock of the Debtor. I am informed that according to the Debtor's last filed Form 10-Q for the quarterly period ended 3/31/2025, the total number of common shares outstanding as of 5/14/2025 is 36,297,576. This stock ownership is immaterial in amount, was acquired independently of, and unrelated to, the Sale, and does not give me, or the Buyer, the ability to control, direct, or influence the affairs of the Debtor.

8. Other than the immaterial stock ownership disclosed in the preceding paragraph, neither I nor, to my knowledge, the Buyer or any of its other members, managers, officers, or affiliates (a) holds or has held any other equity interest in, or claim against, the Debtor or MGC; (b) is or has been an officer, director, employee, or agent of the Debtor or MGC; or (c) has any familial, business, or financial relationship with the Debtor's current or former officers, directors, or controlling equity holders.

9. Neither I nor the Buyer nor any of its principals has any relationship with the Trustee, Miller Coffey Tate LLP, Pachulski Stang Ziehl & Jones LLP, or Colliers, other than the arm's-length dealings described in the Declaration of Brett Pastrick submitted in support of the Motion.

10. Based on the foregoing, I do not believe that my immaterial stock ownership in the Debtor renders me, or the Buyer, an "insider" of the Debtor within the meaning of section 101(31) of the Bankruptcy Code, or renders the Buyer an "affiliate" of the Debtor within the meaning of section 101(2) of the Bankruptcy Code.

11. I have not offered or agreed to provide any employment, consulting arrangement, compensation, equity, or other benefit to the Trustee, any of the Trustee's professionals, or any current or former officer, director, or equity holder of the Debtor or MGC in connection with the Sale, other than as disclosed herein.

3. Except as otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or information provided to me by the Buyer's members, representatives, or advisors. If called upon to testify, I could and would testify competently to the facts set forth herein.

**The Buyer and the Assets**

4. The Buyer is a privately held development company formed for the purpose of acquiring and developing the Gaming Property. Neither the Buyer nor any of its principals has any prior relationship with the Debtor, Mississippi Gaming Corporation, or the Trustee other than as described herein. I have talked with Ms. Deborah Vitale on numerous occasions years back in an attempt to help market the Gaming Property (defined below) but have not had any contractual agreement with Ms. Vitale or the Debtor.

5. Under the SPA, the Buyer will acquire all of the issued and outstanding shares of capital stock (the "Shares" or the "Assets") of Mississippi Gaming Corporation, a Delaware corporation and the Debtor's wholly-owned non-debtor subsidiary ("MGC"). MGC owns an approximately 400-acre undeveloped parcel located at 7051 Interstate 10, Diamondhead, Mississippi 39525 (the "Gaming Property") and holds certain rights granted by the Mississippi Gaming Commission to develop the Gaming Property for gaming use. The Buyer intends to develop the Gaming Property (the "Project"), is in the process of obtaining the necessary approvals for the Project from the City of Diamondhead, Mississippi, and expects the Project to be funded through bond financing of not less than $268,500,000.

**Disclosure Regarding Stock Ownership and Good Faith Purchaser Status**

6. At the request of the Court at the September 18, 2026 hearing on the Motion, I submit this disclosure regarding my ownership of certain common stock in the Debtor.

12. I join in and adopt the statements set forth in the Declaration of Brett Pastrick submitted in support of the Motion regarding the Buyer's good faith, the arm's-length negotiation of the SPA, the Buyer's financial capability and authority to consummate the Sale, and the Buyer's reliance on the Court's findings under sections 363(f), 363(m), and 363(n) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 2nd day of October 2026.

/s/
Jack Davidson
Manager, Mississippi Gulf Development LLC