**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

RECEIVED
2026 OCT -7 A 10: 44
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 7 |
| DIAMONDHEAD CASINO | ) | |
| CORPORATION, | ) | C. A. No. 24-11354-JKS |
| | ) | |
| | ) | Re: Docket No. 218 |
| Debtor. | ) | |
| | ) | |

**CREDITOR DEBORAH A. VITALE'S *LIMITED OBJECTION ONLY TO CERTAIN LANGUAGE* APPEARING IN THE TRUSTEE'S REVISED PROPOSED ORDER (I) APPROVING STOCK PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF DEBTOR'S ASSETS TO MISSISSIPPI GULF DEVELOPMENT LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), 363(f) AND 363(m); AND (II) GRANTING RELATED RELIEF**

The Creditor, Deborah A. Vitale, has a *limited objection only to certain language* appearing in the revised proposed Order filed by the Trustee on or about October 5, 2026, relating to the sale of all of the stock of Mississippi Gaming Corporation, an asset of the Debtor, Diamondhead Casino Corporation. The Creditor, Deborah A. Vitale, does not object to the transaction for the sale of all of the stock of Mississippi Gaming Corporation as described in the Trustee's motion appearing at Docket 218 and in the attached Stock Purchase Agreement appearing at Docket 218-2.

This Creditor objects only to certain language in the revised proposed Order filed by the Trustee on or about October 5, 2026, as follows:

**1) <u>Paragraph F, at page 4</u>**

The words "***except to the extent provided herein***" at the end of the sentence should be deleted. As this Court noted at the hearing held on September 18, 2026, the Bankruptcy Court does not have jurisdiction over the property of Mississippi Gaming Corporation, a subsidiary of the Debtor, which has not filed for bankruptcy. These words make it appear that the Bankruptcy Court is, in fact, *to some extent*, asserting jurisdiction over property of a non-debtor.

**2) <u>Paragraph G, at page 4 and Paragraph 13 at page 9</u>**

The words "Gaming Property" should be deleted. The "Gaming Property" is a 50-acre site on the southeast end of the approximate 400-acre property owned by Mississippi Gaming Corporation. The words "Gaming Property" should not be used when referring to the approximate 400 acres since these words wrongly imply that the entire approximate 400-acre property is a gaming site approved by the Mississippi Gaming Commission. It is not. Thus, the words "Gaming Property" should be removed.

The Order should refer to the approximate 400-acres as "the MGC Property" or the "the Mississippi Gaming Corporation Property" or "the Diamondhead Property" so as to distinguish the 400 acres from the 50-acre gaming site ("the Gaming Property") approved by the Mississippi Gaming Commission.

In addition, the Court should not include the term "related" or "contiguous parcels" in the Order. Mississippi law defines "contiguous" parcels. This language is factually confusing and unnecessary. There are both "contiguous" and "related" parcels that are **not** property of Mississippi Gaming Corporation.

**3) <u>Paragraph 18 at page 10. Amendments</u>**

Any amendment must not change the material terms and conditions of the Stock Purchase Agreement. Thus, the last words of this section: "provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtor's **estate"** are entirely insufficient and too broad.

The Order should say: "provided that any such modification, amendment, or supplement does not have a **material effect on the terms or conditions of the Stock Purchase Agreement**."

**4) <u>There are no Disclosure Schedules or Exhibits</u>**

There are no "disclosure schedules" or "exhibits" in the Stock Purchase Agreement or attached to the Stock Purchase Agreement as erroneously stated in the Stock Purchase Agreement. This Court did, in fact, notice this omission of schedules at the hearing held on September 18, 2026. This omission should be noted in the Order. The Order should simply state: "The parties acknowledge that there are no Disclosure Schedules or Exhibits in the Stock Purchase Agreement or attached to the Stock Purchase Agreement as erroneously stated in the Stock Purchase Agreement.

5) **<u>Paragraph 13 at page 9: Cooperative Energy Easement</u>**

This paragraph should be removed. It is factually incorrect, totally unnecessary, and relates solely to property of Mississippi Gaming Corporation. The proposed Order makes it appear as if the Bankruptcy Court is exercising eminent domain jurisdiction over the MGC property. Eminent domain over the MGC property is a creature of and is governed by Mississippi state law. The Special Court of Eminent Domain has jurisdiction over the matter.

WHEREFORE, the undersigned Creditor requests that the foregoing changes or substantially similar changes be made to the Trustee's revised, proposed Order.

Dated: October 5, 2026

Respectfully submitted,

Deborah A. Vitale, Creditor
1013 Princess Street
Alexandria, Virginia 22314
Telephone: (727) 510-1412
Email: vitaledav@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 5, 2026, a true and correct copy of the foregoing, CREDITOR, DEBORAH A. VITALE'S *LIMITED OBJECTION ONLY TO CERTAIN LANGUAGE* APPEARING IN THE TRUSTEE'S REVISED PROPOSED ORDER (I) APPROVING STOCK PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF DEBTOR'S ASSETS TO MISSISSIPPI GULF DEVELOPMENT LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), 363(f) AND 363(m); AND (II) GRANTING RELATED RELIEF was served on the following in the manner indicated below:

RECEIVED
2026 OCT -7 A 10: 44
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Served via Electronic Mail
Jonathan M. Stemerman, Esquire
Armstrong Teasdale, LLP
1007 N. Market Street, 3rd Floor
Wilmington, DE 19801
Email: jstemerman@atllp.com

Served via Electronic Mail
Bradford J. Sandler, Esquire
Peter J. Keane, Esquire
Pachulski Stang Ziehl & Jones LLP
919 North Market Street, 17th Floor
Wilmington, DE 19801
Email: bsandler@pszjlaw.com
Email: pkeane@pszjlaw.com
Counsel for the Trustee

Served via Electronic Mail
Robert D. Goldberg, Esquire
Biggs & Battaglia
921 N. Orange Street
Wilmington, DE 19801
Email: goldberg@batlaw.com
Former counsel to Debtor

Served via Electronic Mail
George L. Miller, Trustee

Miller Coffey Tate LLP
8 Penn Center
1628 John F Kennedy Blvd, Suite #950
Philadelphia, PA 19103
Email: gmiller@mctllp.com

Served via Electronic Mail
U.S. Trustee
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Email: USTPRegion03.WL.ECF@USDOJ.GOV

Served via Electronic Mail
Office of the United States Trustee
U.S. Trustee for Region 3
844 King Street, Suite 2207
Lockbox 35
Wilmington, DE 19801
Attn. John Lipshie
Email: jon.lipshie@usdoj.gov

Deborah A. Vitale, Creditor
1013 Princess Street
Alexandria, Virginia 22314
Telephone: (727) 510-1412
Email: vitaledav@aol.com

**DEBORAH A. VITALE**
1013 Princess Street
Alexandria, VA 22314
Tel: (727) 510-1412
Email: vitaledav@aol.com

RECEIVED
2026 OCT -7 A 10:44
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

October 5, 2026

**Via FEDERAL EXPRESS**
Clerk of the Court
United States Bankruptcy Court
for the District of Delaware
824 N. Market Street, 3rd Floor
Wilmington, DE 19801

Re: In re: *Diamondhead Casino Corporation*, Civil Action No. 24-11354 (JKS)

Dear Sir or Madam:

Enclosed for filing please find an original and one copy of the following:

1) CREDITOR DEBORAH A. VITALE'S *LIMITED OBJECTION ONLY TO CERTAIN LANGUAGE* APPEARING IN THE TRUSTEE'S REVISED PROPOSED ORDER (I) APPROVING STOCK PURCHASE AGREEMENT AND AUTHORIZING THE SALE OF DEBTOR'S ASSETS TO MISSISSIPPI GULF DEVELOPMENT LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES, AND OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 363(b), 363(f) AND 363(m); AND (II) GRANTING RELATED RELIEF; and

2) Certificate of Service

I thank you, in advance, for your assistance in this matter.

Very truly yours,

Deborah A. Vitale
Creditor, Pro Se